UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD S. CROCKER, JR., Individually and on Behalf of Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | No. 4:09-CV-198 (CEJ) |
| HEATHER KNOLL, | ) ) | |
| Plaintiff-Intervenor, | ) ) ) | |
| vs. | ) ) | |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) | |
| Defendants. | ) | |
| ANNA BODNAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-222 (CEJ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |
| HEATHER KNOLL, on Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:09-CV-297 (CEJ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

These related matters are before the Court on the motions of (1) Harold S. Crocker, Jr., and Anna Bodnar (Crocker and Bodnar)[1] and (2) Heather Knoll (Knoll) to consolidate actions and for appointment of interim counsel.

I.  **Consolidation**

Rule 42(a), Fed. R. Civ. P., provides that a court may consolidate actions involving common questions of law or fact. Defendant KV Pharmaceutical Company (KV) develops, manufactures, and markets generic and branded prescription drug products. These class actions have been filed in this district by participants in and beneficiaries of the KV Pharmaceutical Company Fifth Restated Profit Sharing Plan and Trust (the Plan), alleging that each defendant, as a fiduciary of the Plan, violated the Employment Retirement Income Security Act of 1974 (ERISA) by acquiring and holding KV common stock when they knew that such stock was an imprudent investment. The plaintiffs in these ERISA actions allege they their individual Plan accounts were invested in KV common stock between: (1) March 31, 2006 and the present for the plaintiffs in Harold S. Crocker, Jr., v. KV Pharm. Co., et al., No. 4:09-CV-198 (CEJ); (2) May 31, 2007 and the present for the plaintiffs in Anna Bodnar v. KV Pharm. Co., et al., No. 4:09-CV-222 (CEJ); and (3) February 15, 2009 and the present for the plaintiffs in Heather Knoll v. KV Pharm. Co., et al., No. 4:09-CV-297 (CEJ). "The overlapping class periods do not defeat consolidation of the actions." Mas v. KV Pharm. Co., et al., 4:08-CV-1859 (CEJ), 2009 WL 1011506, *1 (E.D. Mo. Apr. 15, 2009) (citation omitted). The parties agree, and the Court finds, that these related actions involve common questions of law and fact, and that consolidation under Rule 42(a) is appropriate.

---

[1]Crocker and Bodnar filed a joint motion to consolidate these actions and appointment of interim counsel. See (Doc. #12 in Harold S. Crocker, Jr., v. KV Pharm. Co., et al., 4:09CV-198 (CEJ)).

## II. Appointment of Interim Lead and Liaison Counsel

The Federal Rules of Civil Procedure provide that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2). Rule 23(g)(3) provides no criteria for selecting interim counsel. However, Rule 23(g)(1)(A) mandates that:

> Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court must consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed.R.Civ.P. 23(g)(1)(A). This Court has held that these four factors also apply in the selection of interim class counsel. See Southeast Missouri Hosp. v. C.R. Brand, Inc., No. 1:07cv0031 TCM, 2007 WL 4191978, *1 (E.D. Mo. Nov. 21, 2007) (applying these factors to the appointment of interim class counsel), citing In re Air Cargo Shipping Services Antitrust Litig., 240 F.R.D. 56, 57 (E.D. N.Y. 2005) (same).[2] The Court may also "consider any other matter pertinent ability to fairly and adequately represent the interests of the class[.]" Fed.R.Civ.P. 23(g)(1)(B).

---

[2] In Southeast Missouri Hosp. v. C.R. Brand, Inc., No. 1:07cv0031 TCM, 2007 WL 4191978, and In re Air Cargo Shipping Services Antitrust Litig., 240 F.R.D. 56, the courts listed the factors enumerated in Fed.R.Civ.P. 23(g)(1)(A), but cited Fed.R.Civ.P. 23(g)(1)(C)(i). These factors now appear in Fed.R.Civ.P. 23(g)(1)(A); however, the wording remains the same.

Here, plaintiffs in Harold S. Crocker, Jr., v. KV Pharm. Co., et al., and Anna Bodnar v. KV Pharm. Co., et al., jointly request that the Court appoint the firms of Stember Feinstein Doyle & Payne, LLC (SFD&P) and Harwood Feffer LLP (HF) as interim lead counsel. However, plaintiff in Heather Knoll v. KV Pharm. Co., et al., urges the Court to appoint the firm of Gainey & McKenna (G&M) as interim lead counsel.

The first Rule 23(g)(1)(A) factor does not weigh in favor of either choice for interim lead counsel because each firm has diligently identified and/or investigated the potential claims involved in these ERISA actions. Plaintiffs' complaints were filed in close proximity to each other: SFD&P filed Crocker's original complaint on February 3, 2009; HF filed Bodnar's complaint on February 10, 2009;[3] and G&M filed Knoll's complaint on February 24, 2009. SFD&P and HF allegedly "have dedicated substantial resources to extensively investigate the Plan's investment in company stock and the defendant's fiduciaries' alleged wrong-doing[;] extensively reviewed financial statements, plan-related documents[,] and pleadings in related securities actions, and pertinent media and other reports[;] contacted and negotiated with defense counsel to identify Plan fiduciaries and obtain Plan documents[; and] have obtained information from several KV employees." (Doc. #48, at 5, in Harold S. Crocker, Jr., v. KV Pharm. Co., et al.). Similarly, G&M maintains that it has (1) spoken with proposed class members; (2) interviewed additional witnesses knowledgeable about the allegations contained in Knoll's complaint; (3) served requests for all Plan documents; (4) investigated additional claims against defendants; (5) consulted defense counsel regarding service and scheduling; (6) served notice of this action upon

---

[3]The firm of Major Khan, LLC also signed Bodnar's complaint as her counsel; however, this firm no longer represents Bodnar.

the United States Secretary of the Treasury and the Secretary of Labor; and (7) retained a forensic accountant to investigate the defendants' alleged violations of the General Accepted Accounting Practices.  (Doc. #49, at 5-6, in <u>Heather Knoll v. KV Pharm. Co., et al.</u>).

Similarly, the second factor does not weigh in favor of either proposed, interim lead counsel.  Upon careful review of the firms' resumes, the Court believes that each firm has extensive and broad experience litigating ERISA class actions as lead and co-lead counsel.  <u>See</u> (Doc. ##8-3, 8-4; 14, at 6-8; 49, at 7, in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>).

Unlike the first and second Rule 23(g)(1)(A) factors, the third factor weighs in favor of the firms of SFD&P and HF.  Although the evidence indicates that G&M has substantial experience in litigating ERISA actions, Knoll provides no information to demonstrate G&M's extensive knowledge of ERISA.  <u>See</u> (Doc. ##14, at 6-8; 49, at 7-10).  Crocker and Bodnar, however, offer ample evidence that demonstrates SFD&P and HF's "extensive knowledge of ERISA through speaking engagements, writing, and serving on the ERISA committees of various bar groups."  (Doc. #48, at 8, in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>).  For example, SFD&P attorney Ellen Doyle authored an April 2009 article in the <u>Trial</u> magazine on 401(k) litigation, and she speaks regularly on ERISA topics; and SFD&P attorney William Payne has spoken at the ABA's ERISA Basics, ERISA Litigation, and Annual Benefits Committee meetings, and served as both a contributing author and chapter editor of <u>Employee Benefits Law</u> (BNA Books).  (Doc. #48, at 8-12, in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>)

The fourth factor also weighs in favor of the firms of SFD&P and HF.  In her memorandum in opposition to Crocker and Bodnar's motion, Knoll offers the blanket statement that the firm of G&M "is a well-established and successful law firm that has

the resources and personnel necessary to pursue a case of this nature" without identifying the number of attorneys and/or staff that G&M would commit to this litigation. (Doc. ##48, at 12; 14, at 8, in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>). Moreover, "Gainey & McKenna's firm resume does not indicate the size of the firm or provide any information about any of their attorneys other than Thomas McKenna." <u>Id.</u> at 12. <u>See also</u> (Doc. #15-2 in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>). The firms of SFD&P and HF, however, maintain that they will commit eleven full-time SFD&P litigators and eleven HF litigators to these matters. Additionally, Professor Lawrence A. Frolik of the University of Pittsburgh School of Law, who specializes in employee benefits law, is of counsel at SFD&P. <u>See</u> (Doc. #48 in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>). Based on the foregoing, the Court believes that the firms of SFD&P and HF have more than adequate resources to manage the litigation.

Because the balance of the four Rule 23(g)(1)(A) factors weigh in favor of appointing SFD&P and HF as interim lead counsel, the Court will not address Crocker and Bodnar's remaining arguments. As such, the Court will grant their request for the appointment of the firms of SFD&P and HF as interim lead counsel. Crocker and Bodnar also request the appointment of the firms of Weinhaus & Potashnick and Wolf and D'Agrosa, LLC as interim liaison counsel. This request will be granted as well.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion of Harold S. Crocker, Jr., and Anna Bodnar in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ), to consolidate actions and for appointment of interim counsel [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the motion of plaintiff-intervenor Heather Knoll <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ), to consolidate actions and appointment of interim counsel [Doc. #13] is **granted in part** and **denied in part**.

**IT IS FURTHER ORDERED** that the request of plaintiff-intervenor Heather Knoll in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ), for an oral argument on her motion to consolidate actions and appointment of interim counsel [Doc. #16] is **denied as moot**.

**IT IS FURTHER ORDERED** that <u>Anna Bodnar v. KV Pharm. Co., et al.</u>, 4:09-CV-222 (CEJ), and <u>Heather v. Knoll v. KV Pharm. Co., et al.</u>, 4:09-CV-297 (CEJ), are consolidated with this action, <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ).

**IT IS FURTHER ORDERED** that the firms of Stember Feinstein Doyle & Payne, LLC and Harwood Feffer LLP are appointed as interim co-lead counsel, and the firms of Weinhaus & Potashnick and Wolff and D'Agrosa, LLC are appointed as interim co-liaison counsel.

**IT IS FURTHER ORDERED** that interim co-lead counsel shall have authority over the following matters on behalf of all plaintiffs in the consolidated actions: (1) convening meetings of counsel; (2) initiating, responding to, scheduling, briefing, and arguing of all motions; (3) determining the scope, order, and conduct of all discovery proceedings; (4) assigning such work assignments to other counsel as they may deem appropriate; (5) retaining plaintiffs' experts; (6) designating which attorneys may

appear at hearings and conferences with the Court; (7) conducting settlement negotiations with defendants; and (8) other matters concerning the prosecution of or resolution of the consolidated actions. Additionally, interim co-lead counsel is charged with administrative matters, such as receiving and distributing pleadings, notices, orders, motions, and briefs, and advising all parties of developments in the consolidated actions. Defendants may satisfy their service obligations as to all plaintiffs' counsel, pursuant to Fed.R.Civ.P. 5(a), by serving one of the interim co-lead counsel.

**IT IS FURTHER ORDERED** that henceforth all pleadings and other documents in this matter shall be filed in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ). <u>See</u> E.D.MO. L.R. 4.03 ("the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.").

**IT IS FURTHER ORDERED** that the motion of defendant Ronald J. Kanterman in <u>Anna Bodnar v. KV Pharm. Co., et al.</u>, 4:09-CV-222 (CEJ), to extend the deadline for filing responsive pleading until after the resolution of plaintiffs' motions for consolidation [Doc. #23] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **May 29, 2009**, interim co-lead counsel shall inform the Court whether it intends to proceed on the existing complaint or to file a consolidated amended complaint. A consolidated amended complaint shall be filed not later than **June 26, 2009**.

**IT IS FURTHER ORDERED** that each defendant in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ), <u>Anna Bodnar v. KV Pharm. Co., et al.</u>, 4:09-CV-222 (CEJ), and <u>Heather v. Knoll v. KV Pharm. Co., et al.</u>, 4:09-CV-297 (CEJ), shall have until **August 25, 2009**, to file an answer or other responsive pleading to the consolidated amended complaint.

**IT IS FURTHER ORDERED** that, in the event that any defendant files a motion to dismiss the consolidated amended complaint, interim co-lead counsel shall have until **September 24, 2009**, to file a response, and defendants shall have until **October 5, 2009**, to file a reply.

**IT IS FURTHER ORDERED** that, pursuant to his notice of withdrawal in <u>Harold S. Crocker, Jr., v. KV Pharm. Co., et al.</u>, 4:09-CV-198 (CEJ), (Doc. #66), the motion of plaintiff Harold S. Crocker, Jr., for entry of default against defendants Kevin S. Carlie, Terry B. Hatfield, Norman D. Schellenger, Jonathan E. Kilmer, and Gerald R. Mitchell [Doc. #65] is **withdrawn**.

**IT IS FURTHER ORDERED** that the consent motion of defendant David Hermelin in <u>Anna Bodnar v. KV Pharm. Co., et al.</u>, 4:09-CV-222 (CEJ), for an extension of time until **June 10, 2009**, to file an answer or other responsive pleading in response to plaintiff Anna Bodnar's complaint [Doc. #28] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2009.