**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No.:  4:09-cv-0198-CEJ |
| | ) | |
| v. | ) | Judge Carol E. Jackson |
| | ) | |
| KV PHARMACEUTICAL et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DAVID HERMELIN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

COMES NOW Defendant, David S. Hermelin, and respectfully submits this Memorandum in Support of His Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint").[1]

**INTRODUCTION**

Plaintiffs' four-count Complaint alleges that David Hermelin, KV Pharmaceutical Company ("KV"), and various other officers, employees, and directors of KV breached fiduciary duties owed to participants of KV's Fifth Restated Profit Sharing Plan and Trust ("Plan") by retaining the option to invest in KV stock in the Plan despite Defendants' purported knowledge of KV's allegedly deteriorating financial condition.  Conspicuously absent from the Complaint, however, are any factual allegations attributing any conduct to David Hermelin tied to the Plan.  Instead, all Plaintiffs allege is that David Hermelin (1) was an officer and director of KV and (2) signed documents that KV filed with the Securities and Exchange Commission ("SEC").

---

[1] Hermelin also joins in the Motion to Dismiss Plaintiffs' Consolidated Amended Complaint filed contemporaneously by Defendants KV Pharmaceutical Company, Melissa Hughes, Gerald Mitchell and Mary Ann Tickner.

1146469.6

Complaint at ¶¶ 12, 41. From these limited allegations, which, if sufficient, would impose vicarious liability on every corporate officer and director of every publicly traded corporation with a deferred compensation plan, Plaintiffs assert that David Hermelin is liable under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to every action taken by KV regarding the Plan.

ERISA does not, however, impose liability vicariously on all directors and officers solely due to their position; instead, liability turns on a person's status as a fiduciary and the specific actions or omissions taken regarding the Plan. *See, e.g.*, *Trs. of the Graphic Commc'ns Int'l. Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008); *Morrison v. MoneyGram Int'l., Inc.*, 607 F. Supp. 2d 1033, 1046 (D. Minn. 2009). Further, it is now settled that the obligation of corporate officers and directors of publicly traded companies to execute SEC disclosure documents does not alone make those officers ERISA fiduciaries. *See, e.g.*, *In re Bausch & Lomb Inc. ERISA Litig.*, No. 06-6297, 2008 WL 5234281, at *7 (W.D.N.Y. Dec. 12, 2008) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)). Because the Complaint fails to allege any facts tying David Hermelin's actions to the Plan other than in the most conclusory of terms, the claims against David Hermelin in his personal capacity should be dismissed under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

This is particularly true given that Plaintiffs have either dropped or chosen not to name other Directors of KV with no connection to the Plan with the exception of those whose last name is "Hermelin." The son of the Chief Executive Officer should not be held hostage for leverage or treated differently than other similarly situated directors who Plaintiffs have recognized should not be parties to the lawsuit. Where, as here, David Hermelin had no general

1146469.6                                    2

responsibilities for the Plan and took no actions regarding the Plan different from the other

Directors not named as Defendants, dismissal is particularly warranted.

## BACKGROUND

Plaintiffs in these consolidated cases are current or former participants in the Plan,

and a purported class of others similarly situated during a six and a half year period beginning

February 2, 2003 (the "Class Period").   Complaint at ¶¶ 21-24, 188.  Plaintiffs' and the classes'

investment portfolios in the Plan are alleged to have included KV stock during the Class Period.

Id.  Plaintiffs claim that David Hermelin and the other defendants breached their fiduciary duties

to the Plan by (1) offering KV common stock as a Plan investment option for participant

contributions and maintaining investments in KV securities (Count I); (2) failing to communicate

complete and accurate information to Plan participants  regarding the financial state of KV

(Count II); (3) failing to provide Plan fiduciaries with material information regarding the

prudence of investing in KV securities and failing to properly monitor and remove Plan

fiduciaries whose performance was deficient (Count III); and (4) having knowledge of breaches

by other fiduciaries resulting in co-fiduciary liability (Count IV).

David Hermelin was a member of KV's Board of Directors ("Board") for at least

a portion of the Class Period.  Complaint at ¶ 12.  Initially, Plaintiffs' counsel named all

members of the Board as defendants.  However, in amending the Complaint on June 26, 2009,

almost all of the original director defendants were dismissed and were replaced by a myriad of

KV employees who are alleged to be members "of a committee of KV executives and employees

that administered the Plan" (the "Plan Committee").  Complaint at ¶ 11.  David Hermelin,

however, is not alleged to be a member of the Plan Committee.  Nevertheless, Plaintiffs' counsel

elected to continue to name David Hermelin as a defendant in this case even though every other

individual defendant that remains in the case, other than David Hermelin's father, the former

Chief Executive Officer of KV, is alleged to be a member of or associated with the Plan

Committee.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) sets the standard by which all claims in

federal court are measured.  It "requires only a short and plain statement of the claim showing

that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations

omitted).  Rule 8 is not satisfied however, and thus dismissal pursuant to Rule 12(b)(6) is

required, if a claim does not contain factual allegations that plausibly suggest that the plaintiff

has a right to relief.  *Id.* at 556; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The Supreme

Court, through *Twombly* and *Iqbal*, has made clear that Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  No

longer are "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" enough to state a claim in federal court.  *Id.*

Rather, to satisfy Rule 8 and survive a Rule 12(b)(6) motion, a complaint must

contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Id.*  This "factual plausibility" requirement is satisfied when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.*  Legal conclusions couched as fact-pleadings are not entitled to the

presumption of truth, and "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949-50.  Instead, a claim's

"[f]actual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal

citations omitted).  This heightened standard has proved to be an insurmountable hurdle for

plaintiffs in several ERISA 401(k) stock drop cases.  *See, e.g.*, *Pugh v. Tribune*, 521 F.3d 686

(7th Cir. 2008) (dismissing ERISA 401(k) stock drop class action under new *Twombly* standard);

*In re Bausch & Lomb Inc. ERISA Litig.*, 2008 WL 5234281, at *1.

## ARGUMENT

### I.  The Allegations Of The Complaint Fail To Render David Hermelin A Fiduciary Under ERISA.

For a claim of breach of fiduciary duty under ERISA, it is well settled that

plaintiff  must  plead that a defendant (1) was a fiduciary of a plan who, (2) acting within his

capacity as a plan fiduciary, (3) engaged in conduct constituting a breach of an ERISA fiduciary

duty." *Pegram v. Herdrich,* 530 U.S. 211, 222-24 (2000).  David Hermelin is not alleged to be a

named Plan fiduciary.  As a result, he can only be liable:

> **to the extent** (i) he exercise[ed] any discretionary authority or
> discretionary control respecting management of such plan or
> exercise[ed] any authority or control respecting management or
> disposition of its assets, (ii) he render[ed] investment advice for a
> fee or other compensation, direct or indirect, with respect to any
> moneys or other property of such plan, or ha[d] any authority or
> responsibility to do so, or (iii) he ha[d] any discretionary authority
> or discretionary responsibility in the administration of such plan.

29 U.S.C.A. § 1002(21)(A) (emphasis added).

Thus, an individual is a fiduciary "only when the individual is performing a

fiduciary duty;" in other words, an individual's status as a fiduciary "is not an all-or-nothing

concept." *Bjorkedal*, 516 F.3d at 732.  Rather than rendering a person a fiduciary for all purposes

and all actions, ERISA "ties fiduciary responsibilities to a person's actual authority, and

therefore, [a] person is a fiduciary only 'to the extent' that he or she exercises control or

authority over the plan." *Keach v. U.S. Trust Co., N.A.*, 234 F. Supp. 2d 872, 882 (C.D. Ill. 2002).

ERISA permits fiduciaries to act in other capacities, including capacities that conflict with their fiduciary capacities. *Bjorkedal*, 516 F.3d at 732; *Morrison*, 607 F. Supp. 2d at 1046 (noting that "ERISA permits fiduciaries to take actions adverse to beneficiaries, as long as the fiduciary is not acting in his capacity as a fiduciary when he takes adverse action."). Thus, to demonstrate a breach of fiduciary duty, the plaintiff must allege and later prove that the culpable conduct occurred while the defendant was acting as a plan fiduciary. *Morrison*, 607 F. Supp. 2d at 1046. As a result, "the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to the complaint." *Bjorkedal*, 516 F.3d at 732.

Ignoring the conclusory allegations, the Complaint alleges with respect to David Hermelin that liability is to be imposed because (1) he was a member of the Board – KV being the named Plan administrator in Plan documents – which allegedly made Plan decisions on behalf of KV and purportedly had the ability to monitor, remove and appoint Plan fiduciaries; and (2) David Hermelin signed documents KV filed with the SEC. Complaint at ¶¶ 12, 41. As shown below, these allegations are patently insufficient to state a claim under ERISA against David Hermelin.

### A.   David Hermelin's Status As A Director Does Not Necessarily Render Him A Fiduciary Under ERISA.

Only a handful of allegations of the Complaint reference David Hermelin. *See* Complaint at ¶ 12, 14, 44, 124, 176. Of these allegations, only one addresses David Hermelin's actions at KV:

>David Hermelin served as a Director and Vice President until he resigned in December of 2008. He continues to serve on the Board of Directors. Mr. Hermelin served as a Director and Officer during the relevant Class Period.

Complaint at ¶ 12. This allegation does little more than identify David Hermelin as a Board member. Yet from there, Plaintiffs leap to the conclusion that David Hermelin has some fiduciary responsibility for the Plan.

Attempts to impose fiduciary responsibility under ERISA on directors who took no actions with the Plan have been repeatedly rejected. It is a bedrock principle of corporate law that officers and directors are not personally liable for the debts, liabilities or actions of a corporation. *Barker v. Sac Osage Elec. Co-op., Inc.*, 857 F.2d 486, 489 (8th Cir. 1988). Stemming from this principle, courts have repeatedly concluded that directors are not *per se* ERISA fiduciaries in all contexts. *E.g.*, *Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL 2263892, at *36-37 (S.D. Fla. Aug. 10, 2007) ("[A]n individual's status as officer or director of a corporate fiduciary-without more-cannot serve to establish fiduciary status."); *see*, *e.g.*, *Bjorkedal*, 516 F.3d at 732 (noting that "[i]n every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether [the defendant] was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint"); *Morrison*, 607 F. Supp. 2d at 1046 (to succeed on a claim alleging a breach of fiduciary duty, the plaintiff must prove that, "at the time that the person took the action, he was *acting* as a plan fiduciary").

Officers and directors are not liable under ERISA simply because they are officers and directors, but may be liable for discretionary acts taken in a fiduciary capacity. *Morrison,* 607 F. Supp. 2d at 1054-55; *Bell v. Executive Comm. of United Food & Commercial Workers Pension Plan for Employees,* 191 F. Supp. 2d 10, 13-14 (D.D.C. 2002). Simply put, "[a]n officer or director is only a fiduciary with respect to those aspects of a plan over which he or she was

allocated fiduciary responsibility in plan documents or exercised discretionary authority or control." *In re Pfizer Inc. ERISA Litig.*, No. 04-10071, 2009 WL 749545, at *6 (S.D.N.Y. Mar. 20, 2009). Thus, Plaintiffs' allegation that David Hermelin was a Board member during the Class Period is, without more, insufficient to establish that he was an ERISA fiduciary.

One of the leading cases on vicarious liability of a director is *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 36 (3d Cir. 1991). In *Confer*, the Third Circuit held that, when a corporation is the named fiduciary or there is no named fiduciary in the plan, the officers and directors who control the corporate actions are not fiduciaries without personal involvement:

> We thus hold that when an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of that corporation are not fiduciaries within the meaning of section 3(21)(A)(iii), unless it can be shown that these officers have individual discretionary roles as to plan administration. For example, if the plan designates an officer as plan administrator or if, pursuant to 29 U.S.C. § 1105(c)(1)(B), the corporation delegates some of its fiduciary responsibilities to an officer, then the designated individual would be a fiduciary under section 3(21)(A)(iii).

952 F.2d at 37. Because a corporation can only act through its officers and directors, more is required to transform a director and officer into a fiduciary under ERISA. Rather, officers and directors are only fiduciaries under ERISA if they have individual discretionary roles for plan administration. *Id.* Simply put, "officers of an ERISA plan's fiduciary are not fiduciaries by virtue of their offices." *Id.* at 35.

Not all courts have adopted *Confer*. However, even those courts that have not followed *Confer* have indicated that directors are only fiduciaries to the extent they "exercise discretionary authority or control" respecting plan management or administration. *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1459 (9th Cir. 1995); *see also*, *Briscoe v. Fine*, 444 F.3d 478, 487 (6th Cir. 2006) (noting that the only real difference between *Confer* and *Kayes* is that *Confer*

begins with a rebuttable presumption against director and officer fiduciary liability under

ERISA, whereas *Kayes* starts with no presumption).   No cases located by David Hermelin held

that directors are always ERISA fiduciaries as Plaintiffs' allegations suggest.   Indeed, if this were

true, it would have widespread ramifications for directors of all publicly traded corporations.

Taken to its logical conclusion, all directors of publicly traded companies would be ERISA

fiduciaries no matter what their involvement in the administration of a deferred compensation

plan.

Plaintiffs have failed to plead any facts indicating that David Hermelin was

exercising discretionary authority over the administration of the Plan.   In fact, just the opposite.

Plaintiffs allege that the Board, KV, and its officers "delegated management and investment

responsibilities for the Plan" to the Plan Committee of which David Hermelin is not alleged to

have been a member.   Complaint at ¶ 177.   Plaintiffs even go so far as to allege that the Plan

Committee, not David Hermelin, had "discretionary authority and control regarding the

administration and management of the Plan and/or Plan assets . . . [p]ossessed the full authority

in their absolute discretion to determine all questions of eligibility for entitlement to Plan

benefits," and had the responsibility for "selecting, evaluating, monitoring, and altering

investment alternatives offered by the Plan."   Complaint at ¶ 42.   The cornerstone of this case is

Plaintiff's contention that KV stock should have been eliminated, at some unidentified point in

time, as an investment option in the Plan.   But Plaintiffs' own allegations make it clear that

David Hermelin, who is not alleged to be a member of the Plan Committee, did not have this

authority.   Absent specific allegations tying David Hermelin to the Plan as a fiduciary, the

claims against David Hermelin must be dismissed.

**B.      David Hermelin Was Not An ERISA Fiduciary Simply Because He Is Alleged To Have Signed Documents KV Filed With The Securities And Exchange Commission.**

At various points in the Complaint, Plaintiffs also claim that David Hermelin is an ERISA fiduciary under 29 U.S.C. § 1002(21)(A) because he, along with some of his fellow KV directors, allegedly signed disclosure documents KV filed with the SEC.  Contrary to Plaintiffs' allegations, even if the statements in the SEC filings David Hermelin signed were false, such false statements cannot create fiduciary status under ERISA.  *Bendaoud v. Hodgson*, 578 F. Supp. 2d 257, 277 (D. Mass. 2008) ("Merely signing a securities filing, even one that the signer knows will be incorporated into an ERISA document, does not create ERISA fiduciary status; it is a solely corporate act.")

The rule as to SEC filings is the same as the general rule on assigning functional fiduciary status pursuant to 29 U.S.C. § 1002 -- "[s]tatements concerning a company's financial condition become subject to ERISA fiduciary duties only if they are made in an ERISA fiduciary capacity, which means that the statements are made by the plan administrator and are intentionally connected to statements regarding a plan's benefits." *In re Bausch & Lomb Inc. ERISA Litig.*, 2008 WL 5234281, at \*7 (W.D.N.Y. Dec. 12, 2008) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)).  After *Varity*, "courts have dismissed ERISA claims alleging breaches of fiduciary duty to disclose in the employer stock context where the challenged statements consisted of SEC filings and statements made to the market." *Id.*  These statements were found not actionable because they are "made in a corporate and not an ERISA fiduciary capacity." *Id.*; *Bendaoud v. Hodgson*, 578 F. Supp. 2d 257, 277 (D. Mass. 2008) ("Merely signing a securities filing, even one that the signer knows will be incorporated into and ERISA document, does not create ERISA fiduciary status; it is a solely corporate act."); *Morrison*, 607 F. Supp. 2d at 1054

(agreeing "with the decisions that have held that SEC filings are made in a company's corporate capacity – and not in its capacity as an ERISA fiduciary – and therefore do not, without more, constitute fiduciary communications").

Thus, a fiduciary duty claim based on executing SEC filings does not satisfy Rule 8 unless it contains allegations sufficient to demonstrate that the defendant was a fiduciary with respect to communications with Plan participants. *Bendaoud*, 578 F. Supp. 2d at 277. Here, the Complaint pleads no facts, or even legal conclusions, demonstrating that David Hermelin signed SEC filings in anything other than his corporate capacity. Without a specific allegation of how David Hermelin was a fiduciary with respect to these purported communications with Plan participants (e.g., the Plan documents specifically gave David Hermelin the responsibility to communicate these matters to Plan participants), the execution of SEC filings alone fails to provide a sufficient basis to state a claim upon which relief can be granted against David Hermelin.[2] *Id.*

### C.      Plaintiffs Failed To Plead Facts Sufficient To Establish That David Hermelin, An Individual Member Of The Board, Was A Fiduciary With Regard To Monitoring, Approving And/or Appointing Plan Fiduciaries.

Plaintiffs further contend that David Hermelin was a fiduciary because he was "charged with, responsible for, and otherwise assumed the duty of appointing, monitoring, and when necessary, removing, Plan fiduciaries." Complaint at ¶ 176. To state such a claim, Plaintiffs "must allege facts sufficient to demonstrate that (1) the entity charged with the breach

---

[2] To the extent that Plaintiffs allege Hermelin had a general duty to disclose because he was an alleged ERISA fiduciary, the contention should be rejected. *Shirk v. Fifth Third Bancorp.*, 2009 WL 692124, at *18 (S.D. Ohio 2009). A limited duty to disclose only arises in either of the following two situations: "(1) when the plan participant asked the ERISA fiduciary questions about the plan; or (2) when ERISA or its implementing regulations require the employer to forecast the future and the employer failed to do so." *Id.* (internal quotation marks and brackets omitted). Plaintiffs have made no allegations that satisfy these requirements.

was responsible for appointing and removing fiduciaries responsible for fiduciary conduct in question; and (2) the entity charged with this duty to monitor also had knowledge of or participated in fiduciary breaches by the appointees." *In re Bausch & Lomb Inc. ERISA Litig.*, 2008 WL 5234281, at \*10. In this regard, the duty to monitor is a form of derivative liability.[3] *In re Dell, Inc. ERISA Litig.*, 563 F. Supp. 2d 681, 695 (W.D. Tex. 2008).

Courts take a restrictive view of the scope of the duty to monitor. *Coyne & Delany Co. v. Selman,* 98 F.3d 1457, 1465-66 (4th Cir. 1996); *Leigh v. Engle,* 727 F.2d 113, 135 (7th Cir. 1984); *Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL 2263892, at \*36 (S.D. Fla. Aug. 10, 2007). "When a board only has the power to appoint, retain, or remove members of the committee charged with administering an ERISA plan, the board's fiduciary obligations can extend only to those acts." *In re Williams Cos. ERISA Litig.*, 271 F. Supp. 2d 1328, 1339 (N.D. Okla. 2003) (internal quotation marks omitted); *Crowley ex rel. Corning, Inc, Inv. Plan v. Corning, Inc.*, 234 F. Supp. 2d 222, 229 (W.D.N.Y. 2002). At its broadest, the duty to monitor only charges the fiduciaries subject to its terms to monitor appointed fiduciaries "at reasonable intervals . . . in such manner as may be reasonably expected to ensure that their performance has been in compliance with the terms of the plan and statutory standards, and satisfied the needs of the plan." *Shirk*, 2009 WL 692124, at \*19.

Here, Plaintiffs have not connected David Hermelin's alleged fiduciary duty to monitor to the action that purportedly triggers liability; i.e., the continued imprudent retention of the option to invest in KV stock. Complaint at ¶ 163. Further, the duty to monitor does not, in and of itself, give rise to a duty to make prudent investment decisions. *In re RCN Litig.,* 2006 WL 753149, at \*8 (D.N.J. 2006) (finding that a board's "power to appoint and remove members

---

[3] Like the duty to monitor claim, Plaintiffs' co-fiduciary duty claim is also derivative and must be predicated on the breach of a fiduciary responsibility of another fiduciary with respect to the same plan. *In re Huntington Bancshares Inc. ERISA Litig.*, 2009 WL 330308, at \*12 (S.D. Ohio Feb. 20, 2009).

of the" committee responsible for administering an ERISA plan does not demonstrate that the board "exercised the required control over the management of assets in the Plan" and that "[t]o permit such an inference . . . would vitiate the notion of limited fiduciary responsibility established by the language in ERISA § 3(21)(A)") (internal quotation marks and brackets omitted).  It follows that Plaintiffs have failed to plead facts sufficient to establish David Hermelin breached any duty to monitor Plan fiduciaries.

Even if Plaintiffs could somehow make this connection, their attempts to cherry-pick defendants destroys this claim.  In the Complaint, Plaintiffs fault David Hermelin, as a member of the Board, with failing to take action to remove the Plan Committee members from their positions or to otherwise preclude the Plan Committee members from allowing the option of continued investment in KV stock.  However, as an individual member of the Board, David Hermelin had neither the power nor the authority to take any action to change the composition of the purported Plan Committee or alter the investment options.  Only the Board as a whole, and not David Hermelin alone, could have removed, appointed and/or replaced the alleged Plan Committee members.  Simply stated, David Hermelin did not have the authority to satisfy the alleged fiduciary responsibilities Plaintiffs contend Hermelin was required to execute and, thus, Hermelin is not a fiduciary with respect to this component of Plaintiffs' claim.

D.      **Plaintiffs Fail To Allege Any Other Facts To Establish That David Hermelin Owed Broad Fiduciaries Duties To The Plan Or That He Breached Them.**

Given that David Hermelin's status as a director, and execution of SEC disclosure documents, are legally insufficient to render Hermelin a fiduciary, the Complaint must allege other facts rendering David Hermelin a fiduciary for the Plan.  However, there are none.  Instead, the Complaint is riddled with legal conclusions that simply recite the statutory text and

1146469.6                                       13

state, without support, that David Hermelin and the other defendants fall within a specific category of functional fiduciaries under 29 U.S.C. § 1002(21)(a). In fact, throughout the 54-page complaint, Plaintiffs fail to allege any facts to support these legal conclusions or otherwise establish that David Hermelin, himself, exercised any discretionary authority or control over the management or operation of the Plan or its assets. While Plaintiffs repeatedly recite in conclusory terms that the alleged fiduciaries breached their purported duties, there simply is no factual support tying David Hermelin to the alleged fiduciary duties to the Plan said to be breached.

For example, Plaintiffs repeatedly allege throughout the Complaint in various forms that "Defendants acted as 'fiduciaries' of the Plan within the meaning of ERISA . . . by exercising authority and control with respect to the management of the plan and the Plan's assets." Complaint at ¶¶ 40, 160. These conclusory allegations should be ignored as they are nothing more than recitations of 29 U.S.C. § 1002(21)(A) and other statutory provisions. *Igbal*, 129 S. Ct. at 1949-50. Additionally, because the allegations merely assert that David Hermelin "falls into one of ERISA's defined categories of fiduciaries[, it] is not sufficient to withstand a motion to dismiss." *Stein v. Smith*, 270 F. Supp. 2d 157, 170 (D. Mass. 2003); *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 204 (D. Del. 2000) ("[S]imply alleging fiduciary status is insufficient to conclude that [a defendant] is a fiduciary.").

After *Twombly*, Rule 8 is not satisfied when, in long, verbose complaints like the one here, a plaintiff makes allegations "so general that they fail to put each defendant on notice of the claims against them." *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200, at *10 (D. N.J. July 20, 2005). To survive a motion to dismiss, a claim can no longer lump defendants

1146469.6                                        14

together and allege that defendants as a whole breached a fiduciary duty by acting in a certain way; rather, Rule 8 requires the pleader to "differentiate [among] defendants." *Id.*

Here, the Complaint never differentiates among the officer defendants, the director defendants, the employee defendants, the Plan Committee defendants or KV itself. In fact, the Complaint only identifies David Hermelin by name five times. Complaint at ¶¶ 12, 14, 44, 124, 176. These limited references simply explain that David Hermelin is a current director of KV, that he left his position as a Vice President of KV last year, and that he is Defendant Marc Hermelin's son. At all other times, David Hermelin is either lumped in with his father, and Defendants Ronald Kanterman and Gerald Mitchell, or he is lumped in with the members of the Plan Committee, a committee to which he is not even alleged to belong. None of these allegations give any indication that David Hermelin had any knowledge of the allegedly undisclosed matters or that he in any way acted in a fiduciary capacity.

These allegations fail to give David Hermelin fair notice of the claims against him, particularly given the broad scope of the allegations and failure to identify anything David Hermelin (as opposed to the other defendants) actually did as a fiduciary.[4] *See Twombly*, 550 U.S. at 555-56. After *Twombly*, in complicated complaints like the one here, a claim must contain sufficient factual allegations demonstrating that each defendant was in a position to know or learn of information giving rise to a breach of fiduciary duty; conclusory allegations that all defendants should have known specific facts do not state a claim. *In re Huntington Bancshares Inc. Erisa Litig.*, 2009 WL 330308, at *8. Plaintiffs do not even come close to

---

[4] To prevail on their claim for co-fiduciary liability, Plaintiffs must not only establish that Hermelin was a fiduciary they must also establish that he had actual knowledge of his co-fiduciary's breach. *Harris v. Koenig*, 602 F. Supp. 2d 39, 62 (D.D.C. 2009); *Graden*, 574 F. Supp. 2d at 468. Plaintiffs allegations in this regard, once again, fall short as they fail to contain any details or actual facts establishing that Hermelin actually knew about any purported breaches by his alleged co-fiduciaries. Under *Twombly*, Plaintiffs' conclusory allegations that he generally had such knowledge are insufficient.

satisfying this standard with the allegations that currently exist in their Complaint.  As a result, Plaintiffs cannot establish that David Hermelin was an ERISA fiduciary, or that he breached any duty by his conduct as an alleged fiduciary and he should be dismissed.

**CONCLUSION**

For the foregoing reasons, Hermelin respectfully requests that this Court dismiss all claims asserted against him in the Complaint with prejudice, and grant such other and further relief as this Court deems just and proper.

Dated:  August 25, 2009                                    Respectfully submitted,

**GREENSFELDER, HEMKER & GALE, P.C.**

By  /s/ Richard Greenberg
     Richard Greenberg, (E.D. No. 3269)
     email:  reg@greensfelder.com
     Wendy Menghini, (E.D. No. 93686)
     Email:  wms@greensfelder.com
     10 S. Broadway, Suite 2000
     St. Louis, Missouri  63102
     ph: 314-241-9090
     fax: 314-345-5499

**Attorneys for Defendant David S. Hermelin**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of August, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following party:

**Paul J. D'Agrosa**
Law Offices of Wolff and D'Agrosa
7710 Carondelet Avenue,
Suite 200
Clayton, MO 63105

*Counsel for Plaintiff Bodnar*

**Ellen M. Doyle**
**John Stember**
STEMBER AND FEINSTEIN
729 Forbes Avenue
17th Floor
Pittsburgh, PA 15219

*Counsel for Plaintiff Crocker*

**Robert I. Harwood**
**Peter W. Overs, Jr.**
HARWOOD FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

*Counsel for Plaintiff Bodnar*

**Mark A. Potashnick**
**Stephen M. Pincus**
**William T. Payne**
**Pamina Ewing**
**S. Sheldon Weinhaus**
WEINHAUS AND POTASHNICK
11500 Olive Boulevard
Suite 133
St. Louis, MO 63141

*Counsel for Plaintiff Crocker*

**Don R. Lolli**
**Patrick J. Kaine**
DYSART AND TAYLOR
4420 Madison Avenue
Suite 200
Kansas City, MO 64111

*Counsel for Plaintiff Knoll*

**Robert P. Berry**
BERRY AND MAXSON, LLC
16150 Main Circle Drive,
Suite 120
St. Louis, MO 63017

*Counsel for KV Pharmaceutical Company,*
*Melissa Hughes, Mary Ann Tichner*

**Thomas J. McKenna**
GAINEY AND MCKENNA
295 Madison Avenue
4th Floor
New York, NY 10017

*Counsel for Plaintiff Knoll*

**Paul Blankenstein**
**William Kilberg**
GIBSON AND DUNN
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

*Counsel for KV Pharmaceutical*
*Company, Gerald R. Mitchell, Mary*
*Ann Tichner*

1146469.6

17

**Barry A. Short**
**Evan Z. Reid**
LEWIS AND RICE
500 No. Broadway
Suite 2000
St. Louis, MO 63102-2147

*Counsel for Richard H. Chibnail*

**Mark J. Hulkower**
**Patrick F. Linehan**
**Ryan T. Jenny**
**Shawn P. Davisson**
STEPTOE AND JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Counsel  for Mark S. Hermelin*

**Edward L. Dowd, Jr.**
**John D. Comerford**
DOWD BENNETT, LLP
7733 Forsyth
Suite 1410
Clayton, MO 63105

*Counsel for Ronald J. Kanterman*

/s/ Richard Greenberg