## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated,<br><br>               Plaintiffs,<br><br>               v.<br><br>KV PHARMACEUTICAL CO., MARC S. HERMELIN, RONALD J. KANTERMAN, DAVID S. HERMELIN, MELISSA HUGHES, RICHARD H. CHIBNALL, GERALD R. MITCHELL, MARY ANN TICKNER, THOMAS TOMARO, and DOES 1-20,<br><br>               Defendants. | Civil Action No. 4:09-CV-0198 (CEJ) |

## DEFENDANT RONALD J. KANTERMAN'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Ronald J. Kanterman ("Kanterman") and hereby submits this Memorandum in Support of his Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1]

### Introduction

The Plaintiffs in this action are one current and one former employee of KV Pharmaceutical Company ("KV"). Both allege they were participants in the KV Fifth Restated Profit Sharing Plan and Trust ("Plan") and both allege they held KV stock in the Plan. Plaintiffs

---

[1] Kanterman respectfully adopts and incorporates herein the arguments and authorities advanced in the *Memorandum of Points and Authorities in Support of Motion to Dismiss by KV Pharmaceutical Company, Melissa Hughes, Gerald R. Mitchell, and Mary Ann Tickner*.

allege that Kanterman was a fiduciary of the Plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA").  Plaintiffs allege that Kanterman breached his fiduciary duties under ERISA by failing to prudently and loyally manage the Plan and Plan assets, by failing to provide complete and accurate information to Plan participants and beneficiaries, and by failing to monitor other Plan fiduciaries.  Finally, Plaintiffs allege that Kanterman breached his "co-fiduciary" duties by enabling other Plan fiduciaries to violate their own fiduciary duties.  Plaintiffs also seek to certify a class consisting of Plan participants who owed KV company stock between February 2, 2003 and the present.

Each of the Complaint's claims against Kanterman is based on the fact that Kanterman served as Chief Financial Officer ("CFO") of KV since March 23, 2008 and served on KV's Board of Directors since March 26, 2008.  Comp. ¶ 11.  Plaintiffs also allege that Kanterman served as a member of a committee of KV executives and employees that administered and oversaw the Plan.  Id.

All counts of the Complaint against Kanterman should be dismissed.  At the threshold, the Complaint fails to allege facts which plausibly suggest that Kanterman was an ERISA fiduciary at all.  The Complaint fails to cite any evidence or any documents which support Plaintiffs' claim that Kanterman is a Plan fiduciary.  In fact, there are no company or Plan documents naming Kanterman as a Plan fiduciary.  Second, if he is found to have been an ERISA fiduciary, Kanterman is entitled to the protection offered by the "safe harbor" provision of ERISA § 404(c).  This provision provides that an ERISA fiduciary cannot be held liable for the losses suffered by participants in the Plan when, as in this case, such participants exercised control over their individual accounts.  These flaws provide grounds for dismissal of each count of the Complaint.

Each Count also suffers from individual fatal flaws. Count I fails to allege facts which plausibly suggest that Kanterman knew or should have known that KV stock was an imprudent investment or that a future decline in KV's stock was likely. Indeed, Kanterman is not alleged to have been involved with operational or regulatory activities of KV that underlie Plaintiffs' allegations, and Kanterman cannot be held liable for a breach of fiduciary duties under ERISA simply by virtue of the fact that he held a corporate title as Vice President and CFO. Count II fails to allege any misrepresentation or misstatement which can be attributed to Kanterman aside from public filings with the Securities and Exchange Commission ("SEC"). It is well established that such public filings do not constitute fiduciary communications within the meaning of ERISA, even when incorporated into the Plan documents. Count II also fails to plead facts supporting the fraud claim stated therein with the particularity required by the heightened pleading requirements of Rule 9(b).

Count III's claim of "failure to monitor other fiduciaries" and Count IV's claim of "co-fiduciary" liability must be dismissed as to Kanterman because such claims require the existence of a breach of fiduciary duty on the part of another fiduciary. The Complaint fails to demonstrate a plausible claim of such primary breach on the part of any defendant, and, as such, these claims also fail. Of course, Kanterman cannot be held liable for a breach by fiduciaries of a Plan where he has never been named as a fiduciary himself. Accordingly, each count of the Complaint against Kanterman should be dismissed with prejudice.

### **Legal Standard Governing a Rule 12(b)(6) Motion to Dismiss**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pleaded facts as true and must construe the complaint in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). However, the Court "is free to

ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002). Indeed, the Supreme Court has recently made clear that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (clarifying Twombly, 550 U.S. 544, 557 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. Taking all factual allegations as true, if the plaintiff is not entitled to relief under the relevant law, the claim must be dismissed with prejudice. Id.

Claims of fraud or fraudulent misrepresentation in the ERISA context are subject to the heightened pleading standards of Rule 9(b). To survive a motion to dismiss under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). This standard requires that the Complaint set forth "the who, what, when, where, and how" of the alleged fraud or fraudulent misrepresentation. Id.

## Argument

**I.   All Counts of the Complaint Should be Dismissed Because the Complaint Fails to Allege Facts Which Plausibly Suggest that Kanterman was an ERISA Fiduciary.**

In order to establish that Kanterman can be subject to any liability under ERISA, the first question that must be addressed is whether Kanterman is, in fact, an ERISA fiduciary. Pegram v. Herdrich, 530 U.S. 211, 226 ("In every case charging breach of ERISA fiduciary duty . . . . the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a

4

fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."). The Complaint fails to allege facts which plausibly suggest that Kanterman was an ERISA fiduciary at all, and all claims in the Complaint fail for that reason.

Because Kanterman is not named as a Plan fiduciary in the Plan documents, he may only become an ERISA fiduciary through the exercise of individual discretionary authority or control over management of the plan or its assets, or over the administration of the plan. 29 U.S.C. § 1002(21)(A); see also Ince v. Aetna Health Mgmt., Inc., 173 F.3d 672, 674-75 (8th Cir. 1999); Confer v. Custom Eng'g Co., 952 F.2d 34, 37 (3d. Cir. 1991) ("when an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of that corporation are not fiduciaries within the meaning of [ERISA], unless it can be shown that these officers have *individual* discretionary roles as to plan administration.").

In this case, Plaintiffs allege that "the Company has made no formal delegations of ERISA fiduciary responsibilities as Plan Administrator". Comp. ¶ 41. As such, Kanterman's alleged role as a member of a committee tasked to oversee the Plan only served to implement the Company's duties as designated Plan Administrator. Kanterman is not alleged to have possessed his own individual discretionary authority or control over management of the Plan or its assets, or over the administration of the Plan, and he is not formally designated as an ERISA fiduciary by the Plan.

The allegation that Kanterman signed SEC filings does not make him an ERISA fiduciary either. See In re WorldCom, Inc. ERISA Litig., 263 F. Supp. 2d 745, 766 (S.D.N.Y. 2003) ("[t]hose who prepare and sign SEC filings do not become ERISA fiduciaries through those acts."). Likewise, the allegation that Kanterman served as a Vice President and CFO of KV fails to establish that he is an ERISA fiduciary. Id. at 757 (an individual does not become an ERISA

5

fiduciary "solely by virtue of his role as officer, shareholder or manager."); see also Sasso v. Cervoni, 985 F.2d 49, 50 (2d Cir. 1993) (same). Thus, the Complaint fails to allege facts which plausibly show that Kanterman is a fiduciary of the Plan within the meaning of ERISA. Accordingly, each Count of the Complaint fails as a matter of law on that basis and must be dismissed.

## II. All Counts of the Complaint Should be Dismissed Because Kanterman Falls Within the ERISA § 404(c) Safe Harbor Provision if he is Found to be an ERISA Fiduciary.

If he is found to have been a fiduciary of the Plan under ERISA, Kanterman is entitled to the protection offered by the "safe harbor" provision of ERISA § 404(c). This provision provides that an ERISA fiduciary cannot be held liable for the losses suffered by participants in the Plan when those participants exercised control over their individual accounts. KV's Plan is alleged to meet this description. Section 404(c) provides that:

> "In the case of a pension plan which provides for individual accounts and permits a participant or beneficiary to exercise control over assets in his account, if a participant or beneficiary exercises control over the assets in his account . . . (A) such participant or beneficiary shall not be deemed to be a fiduciary by reason of such exercise, and (B) *no person who is otherwise a fiduciary shall be liable under this part for any loss, or by reason of any breach, which results from such participant's or beneficiary's exercise of control*."

29 U.S.C. § 1104(c) (emphasis added).

Section 404(c) "places responsibility for the success or failure of a participant's investments on his own choices among the portfolio offered in the plan." Langbecker v. Elec. Data Sys. Corp., 476 F.3d 299, 309 (5th Cir. 2007). Courts have construed this provision as providing a true "safe harbor" which negates an ERISA fiduciary's liability for a participant's losses even in the presence of a clear breach of fiduciary duty. See, e.g., In re Unisys Sav. Plan

6

Litig., 74 F.3d 420, 445 (3d Cir. 1996) (holding that section 404(c) "allows a fiduciary, who is shown to have committed a breach of duty in making an investment decision, to argue that despite the breach, it may not be held liable because the alleged loss resulted from a participant's exercise of control."); see also Langbecker, 476 F.3d at 309; Hecker v. Deere & Co., 556 F.3d 575, 587-89 (7th Cir. 2009). But see  v. U.S. Airways, Inc., 497 F.3d 410, 418 n. 3 (4th Cir. 2007).

Courts have established three criteria which must be satisfied before the section 404(c) safe harbor will apply, and each criteria is satisfied in this case. "First, the participant must have the right to exercise independent control over the assets in her account and in fact exercise such control. Next, the participant must be able to choose 'from a broad range of investment alternatives' . . . . Third, the participant must be given or have the opportunity to obtain 'sufficient information to make informed decisions with regard to investment alternatives under the plan.'" Hecker, 556 F.3d at 587 (quoting 29 C.F.R. § 2550.404c-1).

The Complaint alleges facts which show that the KV Plan satisfies each of these criteria. See Comp. ¶ 28 ("[t]hese contributions are allocated as directed by the participant."); Comp. ¶ 29 (same); Comp. ¶ 30 ("[t]hese contributions are 100% participant directed."); Comp. ¶31 ("there are approximately 27 investment options under the Plan, one of which is the KV A Stock Fund."). According to the Complaint, the KV Plan fits squarely within the section 404(c) criteria, and an ERISA fiduciary of the Plan is thus shielded from liability.

The Complaint attempts to sidestep the section 404(c) safe harbor by alleging that the safe harbor protection is unavailable where a "plan fiduciary has concealed material non-public facts regarding the investment from the participant." Compl. ¶ 158. However, the Complaint is devoid of any plausible allegation that Kanterman withheld material *non-public* information

7

from Plan participants.  Instead, the Complaint focuses entirely on the various *public* statements made by KV in SEC filings and press releases.  As such, the Complaint fails to allege facts which show any reason why Kanterman should not be entitled to the protection offered by the safe harbor provision of ERISA § 404(c).  There is no allegation that Kanterman himself specifically withheld non-public information from Plan participants.  The Complaint should be dismissed in its entirety as to Kanterman on this basis, pursuant to Rule 12(b)(6).

### III. Count I Should be Dismissed Because the Complaint Fails to Allege Facts Which Plausibly Suggest Kanterman Knew or Should Have Known that KV Stock was an Imprudent Investment.

The Complaint fails to allege facts which plausibly suggest that Kanterman knew or should have known that KV stock was an imprudent investment or that a future decline in KV's stock was likely.  Count I thus fails to state a claim against Kanterman and should be dismissed.  Generally, an ERISA fiduciary's decision to continue offering company stock to Plan participants is presumed to have been a prudent decision.  Moench v. Robertson, 62 F.3d 553, 571 (3d. Cir. 1995).  Indeed, an ERISA fiduciary's decision to divest the Plan of the option to purchase company stock may expose the fiduciary to liability for that caution if the company's stock thrives.  Id. at 571-72.  The presumption of an ERISA fiduciary's prudence in allowing company stock to remain as an investment option in the Plan "is rebutted only when a company's overall viability appear to be in jeopardy."  In re Bausch & Lomb Inc. ERISA Litigation, 2008 WL 5234281, at * 6 (W.D.N.Y. Dec. 12, 2008); see also id. (ERISA "does not require fiduciaries to diversify their [Plan] holdings before or after each major corporate development."); Kirschbaum v. Reliant Energy, Inc., 526 F.3d 243, 256 (5th Cir. 2008) (there must be "persuasive and analytically rigorous facts demonstrating that reasonable fiduciaries would have

8

considered themselves *bound* to divest.") (emphasis added).  Short of these circumstances, the presumption in favor of the ERISA fiduciary's prudence is given deference.

Further, the Complaint does not allege that Kanterman was involved with the operational or regulatory activities of KV that underlie Plaintiffs' allegations, and he is not alleged to have possessed knowledge of KV's regulatory or operational difficulties.  Kanterman became the CFO of KV in March of 2008.  The company's standing within the FDA regulatory framework and its manufacturing issues were not within Kanterman's area of responsibility.  The Complaint's conclusory allegations that Kanterman should have known specific facts about KV's status in these areas are insufficient to state a claim that he knew or should have known that continuing to allow Plan participants to buy or hold KV stock was so imprudent that it warranted action.  See Pugh v. Tribune Co., 521 F.3d 686, 701 (7th Cir. 2008).  For the Complaint to pass muster, "it must be alleged that each defendant was in a position to know or learn of the information."  Id.  And while Kanterman is alleged to have been a member of KV's investment plan committee, that bare fact is insufficient to plausibly allege that he had reason to know of or discover nonpublic information regarding KV's difficulties in FDA regulatory compliance or manufacturing processes.  Howell v. Motorola, Inc., 337 F. Supp. 2d 1079, 1089-92 (N.D. Ill. 2004).  Count I fails to allege sufficient facts to state a plausible claim against Kanterman and it must therefore be dismissed pursuant to Rule 12(b)(6).

## IV. Count II Should be Dismissed Because the Complaint Fails to Allege Breach of Any Duty to Inform Under ERISA.

Count II fails to state a claim against Kanterman for breach of the fiduciary "duty to inform" under ERISA and must be dismissed.  First, the Complaint does not allege any misrepresentation or misstatement by Kanterman aside from the signing of public S.E.C. filings.

Such public filings are not "fiduciary communications" within the meaning of ERISA.  Second, while Count II alleges fraud or fraudulent misrepresentation against Kanterman, the allegations are not pled with sufficient particularity to satisfy the heightened pleading requirements of Rule 9(b), and should be dismissed on that basis as well.

### A.  Public S.E.C. Filings are Not "Fiduciary Communications" Under ERISA.

To state a claim for breach of an ERISA fiduciary's duty based on a misrepresentation made to Plan participants, "a plaintiff must establish each of the following elements: (1) the defendant's status as an ERISA fiduciary *acting as a fiduciary*; (2) a misrepresentation on the part of the defendant; (3) the materiality of that misrepresentation; and (4) detrimental reliance by the plaintiff on the misrepresentation."  Daniels v. Thomas & Betts Corp., 263 F.3d 66, 73 (3d Cir. 2001) (emphasis added).

In this case, the Complaint fails to allege any misrepresentation or misstatement which can be attributed to Kanterman aside from the fact that he signed public filings made with the S.E.C.  It is well established that such public filings do not constitute fiduciary communications within the meaning of ERISA, even when incorporated into the Plan documents.  See Stein v. Smith, 270 F. Supp. 2d 157, 173 (D. Mass. 2003) (holding that "no fiduciary liability can be implicated" from "press releases and periodic filings with the Securities and Exchange Commission" because these are "statements made to the market in general, not to Plan participants specifically."); see also In re Bausch & Lomb Inc. ERISA Litig., 2008 WL 5234281, at *7 ("courts have dismissed ERISA claims alleging breaches of fiduciary duty to disclose in the employer stock context where the challenged statements consisted of SEC filings and statements made to the market.  This is so because the filings and statements were made in a corporate and not ERISA fiduciary capacity."); see also id. ("the duties of disclosure owed to the Plan by the

10

defendants are not based on the duties owed by an ERISA fiduciary to a Plan and its participants, but the general duties of disclosure owed by a corporation and its officers to the corporation's shareholders.").

### B. Count II is Not Pled with Sufficient Particularity Under Rule 9(b).

The basis of Count II is that Kanterman and others failed "to provide complete and accurate information" regarding Company Stock and the condition of the Company generally. Comp. ¶ 172. These claims sound in fraud, and must therefore be pled with the specificity required by the heightened pleading requirements of Rule 9(b). See Johnson v. Radian Group, Inc., 2009 WL 2137241, at *12 (E.D.Pa. Jul. 16, 2009) ("Although Rule 8's pleading requirements apply generally to ERISA claims for breach of fiduciary duty . . . to the extent that any claims sound in fraud, they are subjected to the heightened pleading requirements of Rule 9(b)."); see also Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001) (noting that claims of fiduciary misrepresentations in the ERISA context merit application of Rule 9(b)'s heightened particularity requirement).

In order for a fraud claim to survive a motion to dismiss under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997). This standard requires that the Complaint set forth "the who, what, when, where, and how" of the alleged misrepresentation or fraudulent conduct. Id. The Complaint fails to provide the required particularity. The Complaint does set forth a litany of KV's public S.E.C. filings and press releases which Plaintiffs allege add up to a "scheme to misrepresent." Comp. ¶¶ 57 – 108. However, there is no plausible allegation that Kanterman had personal knowledge of the problems that KV was allegedly experiencing with its operational or manufacturing processes, and there is no plausible allegation

11

that Kanterman made any false or misleading statement in his capacity as an alleged ERISA fiduciary.

Alternatively, the Complaint's allegations against Kanterman also fail to satisfy even the "notice" pleading standard of Rule 8(a). Under Rule 8(a), a complaint alleging breach of fiduciary duties in the ERISA context must allege "specifically each of the alleged breaches of fiduciary duty, identify each defendant who is alleged to be liable for such breach, allege facts to support the assertion that the duty was breached, and allege what harm resulted from each specific breach." In re McKesson HBOC, Inc. ERISA Litig., 2002 WL 31431588, at *16 (N.D. Cal. Sep. 30, 2002). The Complaint's allegations against Kanterman fail under this standard.

Count II fails to allege a plausible claim for relief under the Supreme Court's guidance in Twombly and Iqbal, and certainly fails under the heightened pleading standard of Rule 9(b). Accordingly, Count II should be dismissed against Kanterman.

**V.      Counts III and IV Should be Dismissed Because Claims of "Co-Fiduciary" Liability and "Failure to Monitor Other Fiduciaries" Require the Presence of a Primary Breach of Fiduciary Duty, Which is Lacking in this Case.**

The Complaint's "failure to monitor" and "breach of co-fiduciary duties" claims must be dismissed as to Kanterman because such claims require the presence of a breach of fiduciary duty on the part of another fiduciary. The Complaint fails to demonstrate a plausible claim of such primary breach on the part of any defendant or other Plan fiduciary, and, as such, these claims fail to plausibly set forth a cause of action against Kanterman.

**A. Count III, Alleging "Failure to Monitor the Plan's Fiduciaries", Must Be Dismissed in the Absence of a Primary Breach of Fiduciary Duty or Any Delegation of Fiduciary Duties.**

Count III alleges that Kanterman and others failed "to adequately monitor the investment fiduciaries, Does 1 – 40, to whom they delegated management and investment responsibilities

12

for the Plan." Comp. ¶ 177. "Under ERISA, fiduciaries who have appointed other fiduciaries have a continuing duty to monitor the actions of the appointed fiduciaries." In re Bausch & Lomb Inc. ERISA Litig., 2008 WL 5234281, at *10 (W.D.N.Y. Dec. 12, 2008). "[T]he duty to monitor carries with it . . . . the duty to take action upon discovery that the appointed fiduciaries are not performing properly." Id. However, where a Complaint "fails to state a claim for breach of fiduciary duty by any of the Plan's fiduciaries, the plaintiffs' claims for failing to adequately monitor these fiduciaries must also be dismissed." Id.

Moreover, a claim of breach of the duty to monitor other Plan fiduciaries requires a showing that "(1) [the] entity charged with the breach was responsible for appointing and removing fiduciaries responsible for the fiduciary conduct in question; and (2) [the] entity charged with this duty to monitor also had knowledge of or participated in fiduciary breaches by the appointees." Id. The responsibility to monitor appointees does not expose the appointing fiduciary to open-ended liability, however. Coyne & Delany Co. v. Selman, 98 F.3d 1457, 1466 n.10 (4th Cir. 1996). Instead, courts generally take "a restrictive view of the scope of this duty and its attendant potential for liability." Id.

In this case, the Complaint alleges that KV – not Kanterman – had the authority to appoint fiduciaries. Comp. ¶ 33. Indeed, the Complaint makes clear that "the Company has made no formal delegations of ERISA fiduciary responsibilities as Plan Administrator." Comp. ¶ 41. Thus, not only is Kanterman not alleged to actually have ERISA fiduciary responsibilities – he is also not alleged to have the authority to appoint Does 1 – 40 to administer the Plan. Count III's "failure to monitor" claim should thus be dismissed against Kanterman.

### B. Count IV, Plaintiffs' "Breach of Co-Fiduciary Duty" Claim, Must be Dismissed Because Kanterman is Not Plausibly Alleged to Have Been Aware of Any Fiduciary Violation By Another Alleged Fiduciary.

Count IV alleges that Kanterman and others, "by failing to comply with their specific fiduciary responsibilities under ERISA § 404(a), 29 U.S.C. § 1104(a), enabled their co-fiduciaries to commit violations of ERISA and, with knowledge of such breaches, failed to make reasonable efforts to remedy the breaches."  Comp. ¶ 185.  This claim fails for two reasons.  First, in order to survive a motion to dismiss, a plaintiff's claim of co-fiduciary liability against a fiduciary "must co-exist with some breach by a fiduciary of their duties under ERISA."  In re Bausch & Lomb Inc. ERISA Litig., 2008 WL 5234281, at *11; see also 29 U.S.C. § 1105(a) ("a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances . . .").  Because no such primary breach is plausibly alleged elsewhere in the Complaint, Kanterman cannot be held liable for failing to prevent or detect it.  Count IV thus fails to state a claim and must be dismissed.

Second, the ERISA statute spells out three specific situations which can lead to ERISA co-fiduciary liability, none of which are met in this case.  An ERISA fiduciary may be held liable under a co-fiduciary theory if the fiduciary (1) "participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach"; (2) "by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach"; or (3) "has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach."  29 U.S.C. § 1105(a).  The Complaint fails to allege one of these statutorily-designated situations because it merely makes the bare allegation that "all Defendants knew that the other

14

Defendants had breached their duties."  Compl. ¶ 186.  Because this allegation fails to differentiate among defendants, it is insufficient to state a claim against Kanterman.  See In re Providian Financial Corp. ERISA Litig., 2002 WL 31785044, at *1 (N.D.Cal. Nov. 14, 2002) (dismissing an ERISA complaint where "plaintiffs have lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the asserted fiduciary duties" because the "resulting cause of action is so general that it fails to put the various defendants on notice of the allegations against them.").  Accordingly, Count IV should be dismissed pursuant to Rule 12(b)(6).

## Conclusion

For the foregoing reasons, Kanterman respectfully requests that the all Counts of Plaintiffs' Complaint be dismissed with prejudice.

Dated: August 25, 2009                                          **DOWD BENNETT LLP**


  /s/ Edward L. Dowd, Jr.
Edward L. Dowd, Jr., # 8341
edowd@dowdbennett.com
John D. Comerford, #1443742
jcomerford@dowdbennett.com
7733 Forsyth Blvd., Suite 1410
St. Louis, MO 63105
(314) 889-7300

*Attorneys for Ronald J. Kanterman*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record on August 25, 2009.

    /s/ Edward L. Dowd, Jr.