**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 4:09-cv-0198-CEJ |
| v. ) ) | Hon. Carol E. Jackson |
| KV PHARMACEUTICAL, MARK S. HERMELIN, RONALD J. KANTERMAN, DAVID S. HERMELIN, MELISSA HUGHES, RICHARD H. CHIBNALL, GERALD R. MITCHELL, MARY ANN TICKNER and THOMAS TOMARO, and DOES 1-20, ) ) ) ) ) ) ) ) | **ORAL ARGUMENT REQUESTED** |
| Defendants. ) | |

**DEFENDANT MARC S. HERMELIN'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO DISMISS
<u>PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT</u>**

Dated: August 25, 2009

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Marc S. Hermelin[1] respectfully submits this Memorandum of Law in support of his motion to dismiss Plaintiffs' Consolidated Amended Complaint (Dkt. 72) (the "Complaint" or "Compl.") in its entirety as against him. Mr. Hermelin also joins in and incorporates by reference the additional grounds for dismissal of the Complaint asserted by co-defendants KV Pharmaceutical Company, Melissa Hughes, Mary Ann Tickner, and Gerald R. Mitchell (collectively "KV Defendants") in their separate motion to dismiss.

## I.   INTRODUCTION

This ERISA[2] breach of fiduciary duty action should be dismissed to the extent that it is asserted against Mr. Hermelin for the fundamental reason that Plaintiffs have failed to plead sufficient facts to support their conclusory allegations that he was a fiduciary of the plan at issue. Therefore, under the standard that the Supreme Court recently articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Complaint does not state a plausible claim that Mr. Hermelin is liable to the plan or its participants for a breach of ERISA's fiduciary standards.

Whether or not a defendant is a fiduciary within the definition set forth in ERISA is a threshold issue in every fiduciary breach case. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) ("[T]he threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."). Here, Plaintiffs' allegations in support of this essential element of their claims against Mr. Hermelin consist of nothing more than conclusory allegations that are precluded by controlling plan documents and settled ERISA principles.

---

[1] The correct spelling of Mr. Hermelin's first name is "Marc."

[2] Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001 *et seq.* (2006).

- 1 -

As set forth below, Plaintiffs' first contention – *i.e.,* that Mr. Hermelin is an ERISA fiduciary merely because he was an officer and director of the company that sponsors the plan – has been rejected by the governing case law and applicable ERISA regulations promulgated by the Department of Labor ("DOL").  Plaintiffs' further contention that Mr. Hermelin is a fiduciary because he signed Securities and Exchange Commission ("SEC") filings that allegedly were incorporated by reference into communications to plan participants is equally wrong.  Apart from the fact that the Complaint does not identify any such communications, SEC filings are made in a corporate, and not a fiduciary, capacity.  Therefore, any alleged misrepresentations in such filings must be addressed under the securities laws and cannot be remedied under ERISA's fiduciary provisions.

The Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. at 1949-50, establishes that allegations that are essentially legal conclusions need not be taken as true and are not sufficient to survive a motion to dismiss.  Even well-pleaded, non-conclusory allegations will suffice only if they "plausibly give rise to an entitlement to relief."  *Id.* at 1950.  To be plausible, there must be sufficient "factual content" to reasonably infer the defendant's liability.  *Id.* at 1949.  Because the Complaint fails to plead sufficient facts to demonstrate that Mr. Hermelin was a fiduciary, there is no plausible claim that he may be held liable as such under ERISA.  Accordingly, Mr. Hermelin respectfully requests his dismissal from this action.

## II.     FACTUAL BACKGROUND

As alleged in the Complaint, Plaintiffs Harold S. Crocker, Jr. and Anna Bodnar ("Plaintiffs") are current or former employees of KV Pharmaceutical Company ("KV" or the "Company") and participants in the KV Pharmaceutical Company Fifth Restated Profit Sharing Plan and Trust (the "Plan").  Compl. at Introduction & ¶¶ 7, 8.  The Plan is a defined

contribution pension plan and an individual account plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), in that separate individual accounts are maintained for each participant in the Plan. Compl. ¶¶ 21, 22. Each participant's account is funded by his or her salary deferrals, a Company match of 50% of the participant's contribution (not to exceed 7% of compensation) and discretionary profit sharing contributions by the Company. Compl. ¶¶ 28-30. Participants choose the investment options into which both their contributions and Company contributions are invested. Compl. ¶¶ 28-30. There are almost 30 investment options from which to choose, including a fund that allows investment in KV Class A common stock and/or KV Class B common stock ("KV Stock" or "Company Stock"). Compl. at Introduction & ¶¶ 31, 188.

The Plan is governed by a Plan document. Compl. ¶ 24. The Plan also produced Summary Plan Descriptions, the latest of which, dated February 4, 2009, is cited in the Complaint (Compl. ¶ 26) and is submitted with the KV Defendants' separate motion to dismiss ("SPD").

Mr. Hermelin was KV's Chief Executive Officer ("CEO") and Chairman of its Board of Directors from before the beginning of the putative class period (*i.e.*, February 2, 2003) until he left the Company in December 2008. Compl. ¶¶ 10, 44, 120; *see also* Compl. at Introduction & ¶ 188. He remains a member of KV's Board of Directors. *See* Compl. ¶ 10. The Complaint does not allege that Mr. Hermelin was ever a named fiduciary of the Plan or a member of any committee that allegedly administers the Plan.

KV is the Plan administrator and named fiduciary of the Plan. Compl. ¶¶ 25, 32. The Company's responsibilities allegedly include the selection and monitoring of investment options in the Plan, the selection and monitoring of Plan fiduciaries, and the dissemination of Plan communications to Plan participants including the SPD and an alleged Plan "prospectus."

Compl. ¶¶ 32, 33, 35-37.  Plaintiffs allege that individual defendants Kanterman, Mitchell, Chibnall, Hughes, Tickner and Tomaro served as members of the committee that administers the Plan on behalf of KV (the "KV Plan Committee ").[3]  Compl. ¶¶ 11, 13, 15-18, 42.  Like KV, the KV Plan Committee is alleged to have been "responsible for selecting, evaluating, monitoring, and altering investment alternatives offered by the Plan."  Compl. ¶ 42.

The Complaint asserts four counts pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Compl. ¶ 1.  Count I alleges that all defendants breached ERISA's duties of prudence and loyalty by allowing the Plan to offer a Company Stock investment option.  Compl. ¶¶ 159-168.  As more fully described in the motion to dismiss filed by the KV Defendants, the Plaintiffs allege that Company Stock was an imprudent investment because its value was artificially inflated by the market's ignorance of, and the defendants' failure to disclose, facts concerning KV's business.  *Id.*; *see also* Compl. at Introduction & ¶ 1.  Count II asserts that all defendants breached their ERISA fiduciary duties by failing to disclose complete and accurate information about KV's business relevant to Plan participants' investment in Company Stock.  Compl. ¶¶ 169-174.  Count III asserts that KV and Company directors, including Mr. Hermelin, breached an ERISA fiduciary duty to monitor so-called "investment fiduciaries," whom Plaintiffs identify only as Does 1-40.  Compl. ¶¶ 175-182.  Plaintiffs allege that said failure to monitor allowed Does 1-40 to violate their duty of prudence, causing losses to the Plan as described in Count I.  Count IV alleges that all defendants are liable for the breaches

---

[3] Like Mr. Hermelin, a seventh individual co-defendant, David S. Hermelin, is alleged to have been a Company director and officer, but not a member of the KV Plan Committee.  *See, e.g.*, Compl. ¶¶ 12, 14, 19.

of duty of the other defendants under ERISA's co-fiduciary liability provision, ERISA § 405, 29 U.S.C. § 1105. Compl. ¶¶ 183-187.[4]

Plaintiffs seek to represent a class of Plan participants and beneficiaries whose individual Plan accounts were invested in Company Stock at any time between February 2, 2003 to the present. Compl. at Introduction & ¶ 188. No motion for class certification has been filed.

### III. STANDARD OF REVIEW

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must present facts stating a claim to relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 129 S. Ct. at 1949-50; *O'Neil v. Simplicity, Inc.*, No. 08-2278, 2009 U.S. App. LEXIS 16072, at *4 (8th Cir. July 22, 2009). *Twombly* rejected the "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957):

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555 (alteration in original) (citations omitted); *see also Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) ("The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief."); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.) (plaintiff must allege "sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level"), *cert. denied*, 129 S. Ct. 222 (2008). *Twombly*'s plausibility standard applies to all civil actions. *Iqbal*, 129 S. Ct. at 1953.

---

[4] Defendant notes that Plaintiffs' suggestions that KV's Code of Ethics was violated are irrelevant to the claims asserted in the Complaint, which allege violation of ERISA § 404 and not of an ethical code.

- 5 -

The Supreme Court's recent *Iqbal* decision explains that scrutiny of a complaint requires a two-pronged analysis. First, a court must identify those allegations that are essentially legal conclusions, which need not be accepted as true. 129 S. Ct. at 1949-50. Second, if well-pleaded, non-conclusory allegations remain, the court should assume their veracity and then determine whether they "plausibly give rise to an entitlement to relief." *Id*. at 1950. This determination of "plausibility" is a "context-specific task" requiring "judicial experience and common sense." *Id*. Allegations that raise only "a sheer possibility that a defendant has acted unlawfully" or that are "merely consistent with a defendant's liability," *id*. at 1949, are not enough to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6); rather, there must be sufficient "factual content" to reasonably infer a defendant's liability. 129 S. Ct. at 1949.[5]

## IV.  ARGUMENT

A person may be subject to fiduciary liability under ERISA only if: (1) he or she was a fiduciary of an ERISA plan who, (2) acting within his or her capacity as plan fiduciary (*i.e.*, not in a corporate or settler capacity), (3) engaged in conduct constituting a breach of an ERISA fiduciary duty. *See Blankenship v. Chamberlain*, No. 4:08CV01168 ERW, 2009 U.S. Dist. LEXIS 43385, at *6-7 (E.D. Mo. May 20, 2009) (dismissing ERISA breach of fiduciary duty

---

[5] On a Rule 12(b)(6) motion, a district court "may consider, in addition to the pleadings, materials 'embraced by the pleadings' and materials that are part of the public record." *In re K-tel Int'l Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002) (citations omitted). *See also Stahl v. United States Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."); *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000) ("matters of public and administrative record referenced in the complaint may also be taken into account"); *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997) (citing *Rosenbaum v. Syntex Corp. (In re Syntex Corp. Secs. Litig.)*, 95 F.3d 922, 926 (9th Cir. 1996) ("When deciding a motion to dismiss, a court may consider the complaint and 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'") (citation omitted)).

action against CEO, president, and board chairman, who also served as a fiduciary trustee, because plaintiffs failed to plead second element of claim). While Plaintiffs here seek to hold Mr. Hermelin responsible for every breach of duty alleged in all Counts of the Complaint, their claims against him all must fail because they offer no facts plausibly showing that he was a fiduciary to the Plan or that any challenged actions he took were performed as a Plan fiduciary.

### A. Mr. Hermelin is Not a Plan Fiduciary Due to His Membership on the KV Board of Directors.

Plaintiffs allege that Mr. Hermelin is a Plan fiduciary because he was an officer of the Company and a member of KV's Board of Directors. Compl. ¶¶ 40, 41. However, it is well established that because an ERISA fiduciary may at the same time wear a corporate hat and a fiduciary hat, a company's directors and officers cannot be regarded as ERISA fiduciaries simply because of their corporate position. *See Pegram v. Herdrich*, 530 U.S. at 225; *Trs. of Graphic Commun. Int'l Union v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008); *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793 F.2d 1456, 1460 (5th Cir. 1986); *see also* DOL Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, at D-4 (2008) ("Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries *only to the extent that they have responsibility for the functions* described in section 3(21)(A)") (emphasis added).

Instead, ERISA permits suits for breach of fiduciary duty only against ERISA-defined fiduciaries[6] and "only with respect to those aspects of the plan over which [they] exercise[]

---

[6] Under ERISA, a person is a fiduciary with respect to a plan:

*to the extent* (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of

- 7 -

authority or control." *Sommers*, 793 F.2d at 1459-60; *see* ERISA § 409(a), 29 U.S.C. § 1109(a); *Bjorkedal*, 516 F.3d at 732; (explaining that the threshold question in every ERISA breach of fiduciary duty case is whether the defendant was performing a fiduciary function when taking the action subject to complaint); *Ruiz v. Cont'l Cas. Co.*, 400 F.3d 986, 990 (7th Cir. 2005) (describing a functional test to determine whether a person or entity is a fiduciary, which asks if the person performs any of the *functions* described in ERISA § 3(21)(A)); *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d 715, 719 (9th Cir. 1997) ("ERISA permits suits for breach of fiduciary duty only against ERISA defined fiduciaries.").

Here, the Complaint does not identify *any* fiduciary responsibilities that Mr. Hermelin held under the Plan. To the contrary, Plaintiffs allege that fiduciary duties with respect to the Plan fell on other parties:

- The Complaint alleges that KV is the Plan's administrator and named fiduciary with responsibility for the selection and monitoring of Plan fiduciaries and investment options, and for the dissemination of Plan communications to participants. Compl. ¶¶ 25, 32, 33, 35-37.

- The Complaint alleges that the individual members of the KV Plan Committee, which did not include Mr. Hermelin, are fiduciaries who administer the Plan and are "responsible for selecting, evaluating, monitoring, and altering investment alternatives offered by the Plan." Compl. ¶¶ 11, 13, 15-18, 42.

Thus, based on Plaintiffs' own factual allegations, all of the fiduciary functions at issue in this case are the responsibility of persons or entities other than Mr. Hermelin.

Plaintiffs nevertheless allege that Mr. Hermelin is a Plan fiduciary because he was an officer and is a member of KV's Board of Directors. This allegation is merely a legal conclusion

---

such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) (emphasis added); *accord Kalda v. Sioux Valley Physician, Inc.*, 481 F.3d 639, 645 (8th Cir. 2007).

that should not be accepted as true and is insufficient to carry Plaintiffs' pleading burden. *See Iqbal*, 129 S. Ct. at 1949-50.[7] Because Plaintiffs have not pleaded *any* facts showing that he had a fiduciary role under the Plan either as an officer or director of the Company, Mr. Hermelin cannot plausibly be subjected to personal liability under ERISA § 409 and the claims against him should be dismissed.

### B. Mr. Hermelin is Not a Plan Fiduciary Due to His Signing of KV's SEC Filings.

Plaintiffs further allege that Mr. Hermelin is a fiduciary because he signed Company SEC filings, such as Forms 10-K, that were allegedly incorporated by reference into Plan communications to participants. Compl. ¶¶ 41, 63-64. In support of this allegation, Plaintiffs identify two documents. First, they cite the 2009 SPD, which does *not* on its face incorporate by reference any of KV's SEC filings. At most, it merely states that a participant may request information about investment alternatives from Fidelity (the Plan recordkeeper), including: "Prospectuses, financial statements and reports, plus any other material available to the Plan which relates to the available investment alternatives." SPD at p. 11.

Second, Plaintiffs refer to a "prospectus" that they state exists "on information and belief." Compl. ¶¶ 26, 36, 37. But the bare allegation *on information and belief* that an unidentified Plan prospectus, "which purported to describe the investment characteristics of the

---

[7] Plaintiffs observe that under the Company's Corporate Governance Guidelines, "the Board is the ultimate decision making body of KV. KV's business is conducted by employees and Officers under the direction of CEO, Defendant Mark [sic] Hermelin, subject to Board oversight." Compl. ¶ 39; *see also* K-V Pharmaceutical Company Corporate Governance Guidelines (adopted June 22, 2008), *available at* http://www.kvpharmaceutical.com/pdf/kvcg.pdf. This merely describes the typical corporate governance structure. To conclude that these routine facts are enough to render directors and officers ERISA fiduciaries would be inconsistent with the DOL regulations and relevant case law holding that they cannot be regarded as ERISA fiduciaries simply because of their corporate positions. *See, e.g.*, DOL Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, at D-4.

Plan's various investment options" and whose contents KV supposedly controlled (Compl. ¶¶ 36-37), incorporated by reference unspecified SEC filings is too speculative to state a claim. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Accordingly, Plaintiffs have failed to allege any facts in support of their allegation that Plan communications incorporated by reference any SEC filing. *See Iqbal*, 129 S. Ct. at 1949 (a complaint must contain sufficient "factual content" to reasonably infer a defendant's liability).

Even if Plan communications did, *arguendo*, incorporate by reference SEC filings, Mr. Hermelin cannot be held liable for the contents of those communications. Significantly, not only was Mr. Hermelin not on the Plan Committee allegedly responsible for administering the Plan, the Complaint does not allege that Mr. Hermelin was involved in any way in the preparation of communications to Plan participants that allegedly contained any misrepresentation or which incorporated any misrepresentation contained in KV's SEC filings.[8] Since the Complaint does not suggest that Mr. Hermelin performed *any* functions at all with regard to such Plan communications, it does not adequately allege his fiduciary status with regard to them.

Finally, the non-fiduciary act of signing SEC reports is not converted into a fiduciary act simply because these public filings allegedly were incorporated by reference into a plan

---

[8] Plaintiffs do *not* allege that signing an SEC filing itself makes Mr. Hermelin a Plan fiduciary, nor could they reasonably do so. In *Varity Corp. v. Howe,* 516 U.S. 489, 493-94, 498-503 (1996), the Supreme Court held that the misrepresentation claim asserted in that case was viable only because Varity "*intentionally connected its statements* about [the subsidiary's] financial health to statements it made about the *future of benefits*." *Id.* at 505 (emphases added). The Court emphasized that "[w]e do not hold, as the dissent suggests, that Varity acted as a fiduciary simply because it made statements about its expected financial condition or because 'an ordinary business decision turned out to have an adverse impact on the plan.'" *Id.* (citation omitted). Similarly, while KV's SEC filings discussed its expected financial condition, they were not directed at Plan participants or intentionally connected to their benefits.

communication. As the court in *In re Bausch & Lomb* observed in dismissing a similar ERISA disclosure claim, "the SPD's incorporation by reference of [the company's] SEC filings does not alter the . . . conclusions" that the "filings and statements were made in a corporate and not ERISA fiduciary capacity." *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-CV-6297, 2008 U.S. Dist. LEXIS 106269, at *25-26 (W.D.N.Y. Dec. 12, 2008).

The Fifth Circuit reached the same conclusion in a case where SEC filings were incorporated by reference into the prospectus for a company's common stock that was distributed to participants in its pension plan. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 (5th Cir. 2008). The Court there held that the defendants were acting in a corporate, not fiduciary, capacity when making the SEC filings, incorporating them into the prospectus, and distributing the prospectus to participants. *Id.* ("When it incorporated its SEC filings into the Forms S-8 and 10a Prospectus, REI was discharging its corporate duties under the securities laws, and was not acting as an ERISA fiduciary."). *See also Mellot v. Choicepoint, Inc.,* 561 F. Supp. 2d 1305, 1318 (N.D. Ga. 2007) ("The preparation of SEC filings, even if misleading and incorporated by reference in required ERISA disclosures, is not a fiduciary act under ERISA."). This Court should hold likewise.

- 12 -

## V. **CONCLUSION**

For all of these reasons, Plaintiffs' claims against Mr. Hermelin fail to meet the basic threshold requirement of establishing his fiduciary status and should be dismissed with prejudice.

Dated: August 25, 2009                                       Respectfully submitted,

s/ Ryan T. Jenny
Paul J. Ondrasik, Jr. (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick F. Linehan (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
pondrasik@steptoe.com

*Counsel for Defendant Marc S. Hermelin*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record on August 25, 2009.

        Respectfully submitted,

        s/ Ryan T. Jenny
        Paul J. Ondrasik, Jr. (*pro hac vice*)
        Ryan T. Jenny (*pro hac vice*)
        Patrick F. Linehan (*pro hac vice*)
        STEPTOE & JOHNSON LLP
        1330 Connecticut Avenue, N.W.
        Washington, D.C.  20036
        Telephone: (202) 429-3000
        Facsimile: (202) 429-3902
        pondrasik@steptoe.com

        *Counsel for Defendant Marc S. Hermelin*