UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated, ) ) ) ) | |
| Plaintiffs,    ) ) | Case No.: 4:09-cv-0198-CEJ |
| v.    ) ) | Judge Carol E. Jackson |
| KV PHARMACEUTICAL et al.,    ) ) | |
| Defendants.    ) | |

**DEFENDANT DAVID HERMELIN'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**

COMES NOW Defendant, David S. Hermelin, and respectfully submits this Reply in Support of His Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Complaint").[1]

**INTRODUCTION**

Stripped to its essence, Plaintiff's Memorandum In Opposition to Defendants' Motions to Dismiss ("Opposition") urges denial of David Hermelin's Motion to Dismiss ("Motion") on the off chance, that, through discovery, Plaintiffs will happen on facts which, if pleaded, might be sufficient to establish David Hermelin's liability in this case. This argument might have passed muster under the "no set of facts" test, but it doesn't any more because, on the facts pleaded in the Complaint, David Hermelin's liability is not plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Contrary to Plaintiffs position in the Opposition, bald allegations which do no more than create a

---

[1] In his Memorandum In Support of Him Motion to Dismiss Plaintiffs' Consolidated Amended Complaint, David Hermelin joined in the Motion to Dismiss Plaintiffs' Consolidated Amended Complaint filed contemporaneously by Defendants KV Pharmaceutical Company, Melissa Hughes, Gerald Mitchell and Mary Ann Tickner.

remote, or hypothetical, possibility of relief do not satisfy Rule 8. *Iqbal*, 129 S.Ct. at 1949. Instead, *Twombly* and *Iqbal* require "factual plausibility," i.e., facts sufficient to draw a reasonable inference of liability. *Id.* The facts pleaded in the Complaint are insufficient.

Critically, Plaintiffs admit that David Hermelin is only "liable as [a] Plan fiduciary[y] to the extent [he] exercised discretionary authority respecting the Plan." (Opp. at 25, 26 n.3.). Plaintiffs readily concede that a director is not automatically an ERISA fiduciary, even if the corporation upon whose board he sits is a named fiduciary of a covered Plan. (Id.) This concession leaves the parties in complete agreement on one crucial point: to plead their claim sufficiently, Plaintiffs must allege facts matching a moment when (i) David Hermelin was clothed with fiduciary status, and (ii) David Hermelin committed an act or failed to act and thereby harmed Plaintiffs. Plaintiffs thus must be able to plead "director status plus" to overcome David Hermelin's Motion to Dismiss. Plaintiffs' allegations regarding David Hermelin as a Director, SEC filings, conflicts of interest, general disclosure obligations under ERISA, and their allegations containing legal conclusions and parroted statutory test do not, for the reasons detailed below, suffice. Accordingly, the Court should grant David Hermelin's Motion to Dismiss.

## ARGUMENT

The best way to illustrate Plaintiffs' complete failure to plead facts demonstrating David Hermelin's potential liability is to compare his situation with those of his current co-defendants and those of five former defendants, who Plaintiffs dismissed when they amended their complaint. In the Amended Complaint, Plaintiffs declined to name former defendants Kevin S. Carlie, Terry B. Hatfield, Norman Schellenger, Jean M. Bellin, and Jonathon E. Kilmer, all five of whom served as directors during the Class Period and were initially named as

Defendants in this matter. Plaintiffs continued to maintain their action against Marc Hermelin, Ronald Kanterman, Gerald Mitchell, Richard Chibnall, and David Hermelin, and named as additional defendants Melissa Hughes, Mary Ann Tichner, and Thomas Tomaro. The defendants that remain in this action and the three new defendants, with the exception of Marc Hermelin, KV's Chief Executive Officer, and David Hermelin, were members of an alleged Plan Committee of KV executives and employees that administered the Plan. (Compl. ¶¶ 11, 13, 15, 16, 17, 18.) David Hermelin is the only remaining individual defendant besides his father who was not on this alleged Plan committee. In other words, he has all the characteristics of the director defendants Plaintiffs previously dismissed save one – his last name is Hermelin.

The cases Plaintiffs cite do not justify the disparate treatment David Hermelin has received in this case. Cases like *Rankin v. Rots*, 578 F. Supp. 2d 853, 865 (E.D. Mich. 2003), one of the distinguishable slew proffered by Plaintiffs, were decided before *Twombly* under *Conley's* "no set of facts test," and are not persuasive when it comes to evaluating post-*Twombly* pleadings. Cases like *In re Diebold ERISA Litigation*, No. 06-0170, 2008 WL 2225712, at *4-5 (N.D. Ohio May 28, 2008), representative of the post-*Twombly* cases cited in the Opposition, also lack persuasive force. These cases do little more than crib bald conclusions from pre-*Twombly* cases, which were decided upon a vast array of distinguishable circumstances. *See id.* (citing *In re Honeywell Int'l ERISA Litig.*, No. 03-1214, 2004 WL 3245931, at *10 n. 13 (D.N.J. Sept. 14, 2004); *In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231, 242 (3d Cir. 2005); *Rankin*, 578 F. Supp. 2d at 879). *Diebold*, for example – with little more than a passing reference to *Twombly* – casually accepted the notion that "[f]iduciary status is a fact sensitive inquiry" that courts "generally" should not decide before summary judgment based on cases decided under the moribund "no set of facts" test. *In re Diebold ERISA Litigation*, 2008 WL

2225712, at *4 (citing *In re Schering-Plough Corp. ERISA Litig.*, No. 03-1204, 2007 WL 2374989, at *7 (D.N.J. Aug. 15, 2007), which drew this conclusion from, *Pietrangelo v. NUI Corp.*, 2005 WL 1703200, at *3 (D.N.J. July 20, 2005), relying on *Conley's* "no set of facts" test). *Diebold* is representative of the cases Plaintiffs cite because of the lack of independent analysis under *Twombly* and *Iqbal*. Whether or not fiduciary status is irresolvable on a motion to dismiss, as *Diebold* holds, is something that should be tested under *Twombly*, not accepted as gospel without analysis.

The Supreme Court has given courts explicit instructions on how to evaluate a motion to dismiss. The first step in the analysis is easy – the Court must disregard all allegations containing legally irrelevant facts and legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1950. The Complaint contains five categories of allegations against David Hermelin: (1) allegations that he was a director; (2) allegations that he signed SEC filings; (3) allegations that his financial and family interests in KV gave rise to a conflict; (4) allegations regarding a general duty to disclose; and (5) allegations parroting statutory text. Applying *Iqbal*, the Court can easily extirpate all five categories of allegations from the Complaint. When viewed without the clutter of these irrelevant allegations, it becomes clear that the Complaint lacks sufficient allegations to establish the "factual plausibility" of Mr. Hermelin's liability in this case.

First, David Hermelin's status as a director alone is meaningless in light of Plaintiffs' concession that ERISA does not impose fiduciary status on an individual simply for serving as member of a board of directors. Second, the Court need not consider allegations that David Hermelin signed SEC filings. As a matter of law, even if he signed SEC documents containing false statements, knowing they were false, such "false statements . . . cannot create

fiduciary status." *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1227 (D. Kan. 2004); *In re Bausch & Lomb Inc. ERISA Litig.*, No. 06-6297, 2008 WL 5234281, at *7 (W.D.N.Y. Dec. 12, 2008) (citing *Varity Corp. v. Howe*, 516 U.S. 489 (1996)).

Third, the allegations in the Complaint directed toward David Hermelin's alleged conflicts of interest merit no consideration whatsoever. Breaches of the duty of loyalty, like breaches of all others duties under ERISA, must be tied to specific acts or omissions taken in a fiduciary capacity to plausibly suggest liability. *See In re Huntington Bancshares Inc. ERISA Litig.*, No. 08-0165, 2009 WL 330308, at *4 (S.D. Ohio Feb. 20, 2009); *Shirk v. Fifth Third Bancorp*, No. 05-049, 2009 WL 692124, at *20 (S.D. Ohio Jan. 29, 2009); *see also Morrison v. MoneyGram Int'l., Inc.*, 607 F. Supp. 2d 1033, 1058 (D. Minn. 2009) ("ERISA fiduciaries are permitted to have interests adverse to those of plan participants."). Thus, allegations that David Hermelin was conflicted because of his financial interests in, and filial connections with KV, are, in and of themselves, irrelevant. Fourth, allegations purporting to clothe David Hermelin with general disclosure obligations are legally irrelevant – ERISA does not recognize a general fiduciary duty to disclose. *Shirk*, 2009 WL 692124, at *18.

Once these four categories of allegations are removed from the Complaint, all that remain are conclusory allegations like those in Paragraph 170. This paragraph baldly alleges that David Hermelin acted as a fiduciary "by exercising authority and control in the management of the Plan and the Plan's assets." (Compl. ¶170.) Allegations like these, which are nothing more than "formulaic recitation[s] of the elements of a cause of action" in the form of parroted statutory text, do not merit consideration in ruling on a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949. Functionally, they are nothing more than assertions that David Hermelin falls into one of ERISA's defined categories of fiduciaries, which should not get Plaintiffs past a motion to

dismiss. *E.g.*, *Stein v. Smith*, 270 F. Supp. 2d 157, 170 (D. Mass. 2003); *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 204 (D. Del. 2000) ("[S]imply alleging fiduciary status is insufficient to conclude that [a defendant] is a fiduciary.").

The Complaint, when read as it must be read – i.e., without legally irrelevant facts and legal conclusions couched as factual allegations – says absolutely nothing about David Hermelin. If his status as a director is enough, which Plaintiffs admit it is not, then all directors of all companies with qualified plans are functional insurers of plan performance until the day they get dismissed at summary judgment. For any number of policy reasons, this cannot be the case.

Two final points merit mention. First, Plaintiffs' derivative claims (i.e., the duty to monitor and the co-fiduciary liability claims) cannot survive, at least with respect to David Hermelin, in light of the concession discussed above. As Plaintiffs have admitted, liability can only be imposed upon a finding of "director status plus," that is, individual discretionary action or individual discretionary authority, coupled with inaction. *See Trs. of the Graphic Commc'ns Int'l. Union Upper Midwest Local 1M Health & Welfare Plan v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008). The Complaint alleges no such "individualized" acts or omissions as to David Hermelin; rather, it simply alleges David Hermelin's status as a director during the Class Period. As a director, however, David Hermelin never acted alone, or individually; he acted as a constituent part of a larger body – the Board. As an individual member of the Board, Mr. Hermelin lacked the individual discretion to take any action as a Plan fiduciary.

Lastly, Plaintiffs' arguments in favor of keeping David Hermelin as a defendant in this case rest on a flawed premise – that they cannot conduct discovery with respect to Mr. Hermelin if he is not a defendant in the case. This, of course, is legally incorrect. Plaintiffs have the

ability to subpoena David Hermelin if they wish, and to seek any information they feel they need, so long as their requests are consistent with the Federal Rules. Dismissing David Hermelin will not prejudice Plaintiffs in anyway. If, through subsequent discovery, Plaintiffs discover facts suggestive of Mr. Hermelin's liability, they have the ability to amend their pleadings and bring him in as a defendant at that time. Currently, however, for all the reasons set forth in this Reply and in David Hermelin's previous Memorandum, Plaintiffs have failed to make allegations sufficient to establish that David Hermelin was a fiduciary so as to make his continued presence as a defendant appropriate.

## CONCLUSION

For the foregoing reasons, David Hermelin respectfully requests that this Court dismiss all claims asserted against him in the Complaint, and grant such other and further relief as this Court deems just and proper.

Dated:  October 19, 2009          Respectfully submitted,

**GREENSFELDER, HEMKER & GALE, P.C.**

By:  ___/s/ Wendy Menghini___
    Richard Greenberg, (E.D. No. 3269)
    reg@greensfelder.com
    Wendy Menghini, (E.D. No. 93686)
    wms@greensfelder.com
    Clark W. Hedger, (E.D. No. 5232379)
    ch1@greensfelder.com
    10 S. Broadway, Suite 2000
    St. Louis, Missouri  63102
    ph: 314-241-9090
    fax: 314-345-5499

*Attorneys for Defendant David S. Hermelin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following party:

**Paul J. D'Agrosa**
Law Offices of Wolff and D'Agrosa
7710 Carondelet Avenue,
Suite 200
Clayton, MO 63105

*Counsel for Plaintiff Bodnar*

**Ellen M. Doyle**
**John Stember**
STEMBER AND FEINSTEIN
729 Forbes Avenue
17th Floor
Pittsburgh, PA 15219

*Counsel for Plaintiff Crocker*

**Robert I. Harwood**
**Peter W. Overs, Jr.**
HARWOOD FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY 10022

*Counsel for Plaintiff Bodnar*

**Mark A. Potashnick**
**Stephen M. Pincus**
**William T. Payne**
**Pamina Ewing**
**S. Sheldon Weinhaus**
WEINHAUS AND POTASHNICK
11500 Olive Boulevard
Suite 133
St. Louis, MO 63141

*Counsel for Plaintiff Crocker*

**Don R. Lolli**
**Patrick J. Kaine**
DYSART AND TAYLOR
4420 Madison Avenue
Suite 200
Kansas City, MO 64111

*Counsel for Plaintiff Knoll*

**Robert P. Berry**
BERRY AND MAXSON, LLC
16150 Main Circle Drive,
Suite 120
St. Louis, MO 63017

*Counsel for KV Pharmaceutical Company, Melissa Hughes, Mary Ann Tichner*

**Thomas J. McKenna**
GAINEY AND MCKENNA
295 Madison Avenue
4th Floor
New York, NY 10017

*Counsel for Plaintiff Knoll*

**Paul Blankenstein**
**William Kilberg**
GIBSON AND DUNN
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

*Counsel for KV Pharmaceutical Company, Gerald R. Mitchell, Mary Ann Tichner*

1159312                            8

| | |
|---|---|
| **Barry A. Short** | **Edward L. Dowd, Jr.** |
| **Evan Z. Reid** | **John D. Comerford** |
| LEWIS AND RICE | DOWD BENNETT, LLP |
| 500 No. Broadway | 7733 Forsyth |
| Suite 2000 | Suite 1410 |
| St. Louis, MO 63102-2147 | Clayton, MO 63105 |
| | |
| *Counsel for Richard H. Chibnail* | *Counsel for Ronald J. Kanterman* |

**Mark J. Hulkower**
**Patrick F. Linehan**
**Ryan T. Jenny**
**Shawn P. Davisson**
STEPTOE AND JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Counsel  for Mark S. Hermelin*

/s/ Wendy Menghini