IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KV PHARMACEUTICAL, MARK S. HERMELIN, RONALD J. KANTERMAN, DAVID S. HERMELIN, MELISSA HUGHES, RICHARD H. CHIBNALL, GERALD R. MITCHELL, MARY ANN TICKNER and THOMAS TOMARO, and DOES 1-20, <br><br> Defendants. | Case No. 4:09-cv-0198-CEJ <br><br> Hon. Carol E. Jackson <br><br> **ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM
OF DEFENDANT MARC S. HERMELIN
IN SUPPORT OF HIS MOTION TO DISMISS
<u>PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT</u>**

Dated: October 19, 2009

Defendant Marc S. Hermelin respectfully submits this Reply Memorandum in further support of his Motion to Dismiss (Dkt. 94-95) Plaintiffs' Consolidated Amended Complaint (the "Complaint" or "Compl.") (Dkt. 72) in its entirety as against him, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I.   INTRODUCTION

Mr. Hermelin should be dismissed from this ERISA[2] breach of fiduciary duty action because Plaintiffs have failed to plead sufficient facts to support their conclusory allegation that he was a fiduciary of the KV Pharmaceutical Company Fifth Restated Profit Sharing Plan and Trust (the "Plan"). While Plaintiffs' opposition brief ("Opposition" or "Opp.") (Dkt. 102) purports to respond to all of the Defendants' Fed. R. Civ. P. 12(b)(6) motions (Opp. at 1), Plaintiffs have ignored most of the essential arguments and authorities presented in Mr. Hermelin's motion to dismiss, misstated other arguments, and erroneously denied that the arguments at Section IV.B of his initial brief were even advanced. Instead, Plaintiffs attack strawmen of their own creation and attribute other Defendants' arguments to Mr. Hermelin. But Mr. Hermelin is not similarly situated to other individual Defendants who allegedly served on a fiduciary committee, and he has made unique arguments for dismissal that cannot be "lost in the shuffle."

The Complaint attempts to hang Mr. Hermelin's fiduciary status on two factual assertions: (1) that he was a director of KV Pharmaceutical Company ("KV" or "the Company")

---

[1] Mr. Hermelin also joins in and incorporates by reference the additional grounds for dismissal of the Complaint asserted by Defendants KV Pharmaceutical Company, Melissa Hughes, Mary Ann Tickner, and Gerald R. Mitchell (collectively "KV Defendants") in their separate motion to dismiss and reply brief.

[2] Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001 *et seq.* (2006).

and (2) that he signed some KV filings with the Securities and Exchange Commission ("SEC"). Plaintiffs' Opposition confirms that these facts do not raise Mr. Hermelin's fiduciary status "above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Indeed, the Opposition supports Mr. Hermelin's argument that his status as a director is an insufficient allegation of fiduciary status. The critical inquiry, as Plaintiffs admit (Opp. at 18, 20), is whether a defendant performed the fiduciary functions described in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Recognizing this, Plaintiffs have voluntarily dismissed those directors who are not alleged to have been members of a committee that administered the Plan since they could not plausibly assert that such directors were fiduciaries. Opp. at 23. But the Complaint does *not* allege that Mr. Hermelin sat on any such committee. He thus stands in *precisely* the same position as other non-committee directors and likewise should be dismissed. Plaintiffs also fail to address authorities that show that KV's purported fiduciary responsibilities cannot be imputed to Mr. Hermelin due to his corporate position.[3]

Plaintiffs' allegation that Mr. Hermelin "sign[ed] SEC filings that were specifically incorporated into Plan documents" (Opp. at 25-26) also fails to meet their burden. First, their allegation lacks the "factual content" required under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), because Plaintiffs do not identify any Plan communication that incorporated SEC filings. The Complaint points to only two documents: the Plan's summary plan description ("SPD") and a "prospectus." Compl. ¶¶ 26, 36, 37. The SPD is before the Court (Ex. A, Dkt. 89) and Plaintiffs do not (and cannot) cite any provision in it that incorporated SEC filings. Nor have Plaintiffs identified a prospectus that does so, which they allege only exists "on information and

---

[3] *See, e.g.*, DOL Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, at D-4 (2008); *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *Trs. of Graphic Commun. Int'l Union v. Bjorkedal*, 516 F.3d 719, 732 (8th Cir. 2008).

belief." Compl. ¶ 36. Second, Plaintiffs ignore substantive authority showing that even if Plan communications incorporate SEC filings, such filings cannot be the basis of ERISA fiduciary liability because they are not issued in a fiduciary capacity.[4] Third, Plaintiffs ignore Mr. Hermelin's argument that he cannot face ERISA liability for the contents of Plan communications to participants because he is not alleged to have had a role in their preparation.

Finally, the standard of review proffered by Plaintiffs does not recognize the Supreme Court's recent clarification of the pleading standard. Plaintiffs' argument that they are required to do nothing more than allege Mr. Hermelin's fiduciary status – a legal conclusion – without presenting sufficient "factual content" upon which the Court may reasonably infer that he was a Plan fiduciary, rests on stale authority and is simply wrong. *Iqbal*, 129 S. Ct. at 1949; *see also Pegram v. Herdrich*, 530 U.S. 211, 226 (2000); *In re Citigroup ERISA Litig.*, 07 Civ. 9790, 2009 U.S. Dist. LEXIS 78288, at *70-76 & n.8 (S.D.N.Y. Aug. 31, 2009).

## II. ARGUMENT

### A. Mr. Hermelin's Status as a Company Director Does Not Make Plausible Plaintiffs' Legal Conclusion that He is a Plan Fiduciary.

Plaintiffs do not dispute that under ERISA a fiduciary is defined by "the actual function served by the individual or entity with respect to the plan" (Opp. at 20),[5] and they concede that to be a fiduciary, a person must have functional control or authority over a plan as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A) (quoted in initial brief, Dkt. 95 at 7 n.6). Opp. at 18. The issue presented, therefore, is whether the Complaint has set forth sufficient factual

---

[4] *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 (5th Cir. 2008); *In re Bausch & Lomb, Inc. ERISA Litig.*, No. 06-CV-6297, 2008 U.S. Dist. LEXIS 106269, at *25-26 (W.D.N.Y. Dec. 12, 2008); *Mellot v. Choicepoint, Inc.,* 561 F. Supp. 2d 1305, 1318 (N.D. Ga. 2007).

[5] *See also Pegram*, 530 U.S. at 226; *Bjorkedal*, 516 F.3d at 732; *Ruiz v. Cont'l Cas. Co.*, 400 F.3d 986, 990 (7th Cir. 2005). Mr. Hermelin cited all of these decisions in his initial brief. Contrary to Plaintiffs' assertion (Opp. at 19), Mr. Hermelin did not argue that only named fiduciaries, and not functional fiduciaries, may be subject to fiduciary liability.

allegations of functional control or authority to plausibly assert Mr. Hermelin's fiduciary status in accordance with *Iqbal*'s articulation of the Rule 12(b)(6) standard. It does not. Rather, the Complaint merely sets forth a legal conclusion that Mr. Hermelin was a fiduciary and a factual allegation that he was a KV director, neither of which is sufficient under *Iqbal*.

### 1. No factual allegation indicates Mr. Hermelin was a fiduciary.

As alleged in the Complaint, the Opposition urges that Mr. Hermelin was a Plan fiduciary because he was a KV director and KV's fiduciary status[6] falls upon its directors.[7] Opp. at 5; Compl. ¶ 41. Plaintiffs have chosen to ignore the numerous authorities previously cited, which demonstrate that this argument fails as a matter of law – directors do not become fiduciaries simply because they are directors of a company that has a fiduciary role; rather, they themselves must be responsible for fiduciary functions.[8] Plaintiffs have set forth no facts showing that as a

---

[6] The Opposition urges that KV is a fiduciary as the named Plan administrator under the Plan SPD and Adoption Agreement. Opp. at 2; *see also* Compl. ¶¶ 25, 32, 33, 35-37.

[7] The Opposition appears to abandon the argument that Mr. Hermelin was a fiduciary because he was a KV officer. In addition, while Plaintiffs continue to make baseless allegations that Mr. Hermelin violated KV's Code of Ethics (s*ee, e.g.*, Opp. at 3, 11, 44), they do not respond to Mr. Hermelin's observation that these suggestions are irrelevant to the claims asserted in the Complaint, which allege violation of ERISA § 404 and not of an ethical code. Dkt. 95 at 5 n.4. And, while perhaps not relevant to this motion, Mr. Hermelin disputes the allegation (Opp. at 3) that he was terminated for cause. He retired from KV. *See* Opp. at 12; Compl. ¶ 120.

[8] *See, e.g.*, DOL Interpretive Bulletin 75-8, 29 C.F.R. § 2509.75-8, at D-4 (2008) ("Members of the board of directors of an employer which maintains an employee benefit plan will be fiduciaries *only to the extent that they have responsibility for the functions* described in section 3(21)(A)") (emphasis added); *see also Trs. of the Graphic Communs. Int'l Union Upper Midwest Local 1-M Health & Welfare Plan v. Bjorkedal*, 2006 U.S. Dist. LEXIS 88351, at *34-35 (D. Minn. Dec. 6, 2006) (finding no authority holding "that an officer of such a corporation becomes a plan fiduciary merely by reason of his corporate status" and holding that "the extent of responsibility and control exercised by the individual with respect to the Plan" is the critical factor), *aff'd*, 516 F.3d 719 (8th Cir. 2008); *Chao v. Linder*, No. 05 C 3812, 2007 U.S. Dist. LEXIS 40425, at *37 n.10 (N.D. Ill. May 31, 2007) ("We agree that . . . *Kayes* [*v. Pacific Lumber Co.*, 51 F.3d 1449, 1459 (9th Cir. 1995) and other decisions] do not stand for the proposition that a corporate officer can be found to be a fiduciary by reason of his officer status alone, with no evidence of discretionary authority over the plans."); *accord Pegram*, 530 U.S. at 223-26 ("Carle [HMO] is not an ERISA fiduciary merely because it administers or exercises

director or officer Mr. Hermelin was delegated any fiduciary function or exercised any fiduciary duty that the Company may have had to the Plan. All they have offered is a legal conclusion parroting the statute (Compl. ¶ 40; Opp. at 4-5, 25), which is insufficient under *Iqbal* (*see* 129 S. Ct. at 1949-50) and violates the principle that "the definition of 'fiduciary' is . . . a matter of the actual function served by the individual or entity with respect to the plan." Opp. at 20.

Strikingly, Plaintiffs acknowledge that they have a plausible claim only against those directors who were allegedly members of an "'*ad hoc*' committee of KV executives and employees that administers the Plan and serves as a Plan fiduciary that exercises authority and control over Plan assets and/or manages and administers the Plan." Opp. at 4, 23 (citations omitted). As a result, Plaintiffs have dropped from this litigation those directors who are not alleged to have been members of such a committee. Opp. at 23. But the Opposition, like the Complaint, does *not* allege that Mr. Hermelin was a member of such a committee.[9] Therefore, he stands in exactly the same position as the other non-committee directors who are not named as defendants and likewise should be dismissed from this action.

Plaintiffs also make the peculiar argument that KV was somehow "obfuscating" (Opp. at 24) by naming itself as the Plan administrator, and was required to name in the Plan document specific employees or directors who would act on behalf of the Company. Plaintiffs urge that because KV did not do so, they may assert a lawsuit against individual Defendants without any factual support that they exercised KV's fiduciary role until Defendants prove the negative on

---

discretionary authority over its own HMO business, [but] it may . . . be a fiduciary if it administers the plan. . . . In every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint.").

[9] Director-Defendants Kanterman and Mitchell are alleged to have been members of the committee, as well as Defendants Chibnall, Hughes and Tickner, who were not directors. Opp. at 3-4; Compl. ¶¶ 11, 13, 15-17, 19. David S. Hermelin is the only other director still named as a defendant who is not alleged to have been a member of the committee. Opp. at 4; Compl. ¶ 19.

summary judgment or at trial (*i.e.,* that they had no discretionary Plan authority).  It is commonplace for a company to be named as plan administrator, however, and the practice is authorized by ERISA § 3(16), 29 U.S.C. § 1002(16).  *See Walker v. National City Bank*, 18 F.3d 630, 632-33 (8th Cir. 1994) (finding that under plan document employer company was named plan administrator, bank was named trustee, and holding that this "allocation of fiduciary duties does not conflict with ERISA").  ERISA only requires that a plan identify *one* named fiduciary (ERISA § 402(a), 29 U.S.C. § 1102(a)), which Plaintiffs admit was done here.

But even if KV had failed to name at least one fiduciary, which it did not, nothing in ERISA or the Federal Rules of Civil Procedure permits Plaintiffs to pursue claims against individual defendants without first meeting the Rule 8's pleading standard as articulated in *Iqbal* and *Twombly*.  It is Plaintiffs' burden to set forth facts showing that Defendants were Plan fiduciaries.  *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 512 (7th Cir. 2009); *see also Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.  Plaintiffs' attempt to shift the burden to Mr. Hermelin and the other Defendants is contrary to the Federal Rules of Civil Procedure, as interpreted in *Iqbal* and *Twombly*, and would expose any director or employee to the costs of a meritless ERISA lawsuit at least through discovery.

### 2. Plaintiffs' Legal Conclusions are Insufficient Under *Iqbal* and *Twombly*.

Plaintiffs urge that the Supreme Court's *Iqbal* and *Twombly* decisions do not affect Plaintiffs' obligation only to "satisfy the notice pleading standard of Rule 8(a)," which they interpret to require only that "the allegations contained in the Complaint amply apprise each Defendant of the nature of the claim against that individual or entity sufficient to allow for a defense."  Opp. at 21.  Certainly they must provide notice of their claims, but what Plaintiffs

ignore is that the Supreme Court has now made clear that conclusory legal statements and implausible or sketchy factual allegations by themselves no longer meet the Rule 8 standard.

*Iqbal* teaches that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)); *Contos v. Anheuser-Busch Cos.*, No. 4:09CV998, 2009 U.S. Dist. LEXIS 88360, at *4-5 (E.D. Mo. Sept. 25, 2009). Accordingly, Plaintiffs cannot simply allege that Mr. Hermelin was a fiduciary and recite the elements of the ERISA statute (*see* Compl. ¶ 40) – they must back up that assertion with "factual content." *Iqbal*, 129 S. Ct. at 1949-50.

While only several months have passed since *Iqbal* was issued, the U.S. Courts of Appeals have already recognized that the Supreme Court now demands greater factual content in a complaint than courts had previously accepted under "notice pleading." The Seventh Circuit observed that "[a]ny doubt that *Twombly* ha[s] repudiated the general notice-pleading regime of Rule 8 [has been] put to rest." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Court further explained:

> We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more. These are the plaintiffs who have not provided the "showing" required by Rule 8.

*Id.*[10]

---

[10] *See also Brooks*, 578 F.3d at 581 (holding, "So, what do we take away from *Twombly* . . . and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so

The Third Circuit similarly observed that following *Iqbal* and *Twombly,* "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir. 2009), the Sixth Circuit affirmed a Rule 12(b)(6) dismissal, holding that under *Twombly* and *Iqbal* it is not enough to allege that "facts *may exist*" to support an allegation because "mere speculation is insufficient; it was [plaintiff's] burden to allege those facts, if they indeed exist, in the first instance." *Id.* at 613 (citations omitted, emphasis in original).  The Ninth Circuit also recently observed that *Twombly* has been characterized as "an abrupt and significant departure from the long-standing tradition of liberal notice pleading in the federal courts," and explained further:

> Under the [Supreme] Court's latest pleadings cases, . . . the facts alleged in a complaint must state a claim that is plausible on its face. . . . this is a significant change, with broad-reaching implications.

*Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).  And this Circuit has held that after *Iqbal* and *Twombly*: "the allegations [in a complaint] *must supply sufficient facts* to state a claim to relief that is *plausible on its face*." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009) (citations and punctuation omitted, emphasis added).[11]

---

sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim.  Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.").

[11] Congress also has recognized the demise of the former "notice pleading" regime, as a bill entitled the "Notice Pleading Restoration Act of 2009" (S. 1504) was recently introduced.  The bill would essentially turn back the clock to before *Iqbal* and *Twombly*, prohibiting dismissal of a civil case unless the complaint fails the "no-set-of-facts" standard established by *Conley v. Gibson*, 355 U.S. 41 (1957).  *See generally* 2-SA8 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE (Special Alert for Ch. 8, 2009).

Against this background, ERISA decisions since *Iqbal* have properly required a complaint to contain well-pleaded factual allegations to support an allegation of fiduciary status. For example, in *Sharp* the Seventh Circuit recently affirmed the Rule 12(b)(6) dismissal of an ERISA fiduciary breach claim under the *Iqbal* standard, holding that the complaint failed because, *inter alia*, it offered only conclusory statements that the defendant was a fiduciary:

> To survive MetLife's motion to dismiss, Sharp had to include allegations that supported . . . MetLife's status as a plan fiduciary [and] MetLife's breach of its fiduciary duties . . . . See *Pegram v. Herdrich*, 530 U.S. 211, 223-26, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000); *Jenkins v. Yager*, 444 F.3d 916, 924 (7th Cir. 2006). Sharp's complaint falls short. Its amended cross-complaint offers only the conclusory statements that MetLife is a fiduciary . . . [and] that MetLife breached its fiduciary duties to Sharp.

*Sharp*, 578 F.3d at 512.

The Southern District of New York recently dismissed under Rule 12(b)(6) an ERISA "stock drop" case much like this one. In *In re Citigroup ERISA Litig.*, No. 07 Civ. 9790, 2009 U.S. Dist. LEXIS 78288 (S.D.N.Y. Aug. 31, 2009), Citibank and Citigroup, sponsors of their respective 401(k) plans, argued that they were not proper defendants because they were not plan fiduciaries. The complaint alleged the companies were *de facto* fiduciaries for these reasons:

- Citigroup controlled the named fiduciaries, *i.e.*, the Administration and Investment Committees, the board of directors, Citibank, and/or any other employee fiduciaries. The complaint also alleged that, because "Citigroup had the authority and discretion to hire and terminate" its "officers and employees," "Citigroup had, at all applicable times, effective control over the activities of its officers and employees, including over their Plan related-activities." *Id.* at *46-47 (citation omitted).

- In light of Citibank's duties, responsibilities, and actions, it was also a *de facto* fiduciary of the Plans. *Id.* at *46.

These allegations are similar to Plaintiffs' suggestions that Mr. Hermelin must have been a fiduciary due to his alleged authority over KV. But *Citigroup* held that such allegations insufficiently alleged fiduciary status:

- 9 -

> Those allegations are insufficient to state a plausible claim that either Citigroup or Citibank was a de facto fiduciary. With respect to Citibank, Plaintiffs' allegations are entirely conclusory. With respect to Citigroup, the only "heft" plaintiffs have added to their claim, *see Twombly*, 550 U.S. at 557, is the allegation that Citigroup had the authority to hire and fire some of the named fiduciaries. That fact alone is insufficient to show that Citigroup exerted control over its employees' fiduciary responsibilities, and thus plaintiffs "have not nudged their claims" regarding Citigroup's de facto fiduciary status "across the line from conceivable to plausible." *Id.* at 570; *Iqbal*, 129 S. Ct. at 1950-51.

*Citigroup*, 2009 U.S. Dist. LEXIS 78288, at *47. This Court should hold likewise.

A decision that preceded *Iqbal* but applied the motion to dismiss standard stated in *Twombly* is also noteworthy. In *McDonald v. Beko Assocs., Inc.*, No. 2:08-CV-328, 2008 U.S. Dist. LEXIS 56891 (D. Utah July 28, 2008), the court dismissed an ERISA fiduciary action as asserted against a corporate officer, holding that although "the same individual may wear 'two hats' and act as both CEO and an ERISA fiduciary, Plaintiffs' complaint simply asserts no facts from which it can be inferred that [the defendant] was acting as a fiduciary." *Id.* at *7 (citation omitted). In so doing, the court rejected the plaintiffs' plea that they had not yet had discovery and the relevant information concerning the defendants' actions was in the defendants' hands: "Plaintiffs should not be allowed to use discovery as a fishing expedition, particularly without first meeting the minimal requirement under the Federal Rules that a plaintiff include the 'operative facts' upon which its complaint is based." *Id.* at *8. Likewise here, Plaintiffs must meet the pleading standards of *Twombly* and *Iqbal*, showing that Mr. Hermelin is plausibly a proper fiduciary defendant before subjecting him to the costs and inconvenience of litigation.[12]

---

[12] As *Twombly* explained, requiring a plaintiff to set forth a plausible basis for his claim prevents "a largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." 550 U.S. at 546 (citations, punctuation omitted). Because "discovery can be expensive," the Supreme Court has made clear that "some specificity in pleading" should be required "before allowing a potentially massive factual controversy to proceed." *Id.* at 558 (citation, punctuation omitted).

*See also Columbia Air Servs. v. Fid. Mgmt. Trust Co.*, No. 07-11344, 2008 U.S. Dist. LEXIS 76999, at *8-9 (D. Mass. Sept. 30, 2008) (dismissing ERISA fiduciary action pursuant to Rule 12(b)(6) and *Twombly* because complaint did not contain facts showing defendant was a fiduciary with respect to the conduct alleged).

While Plaintiffs claim to have a "legion" of post-*Iqbal* decisions denying motions to dismiss advanced on the grounds proffered in this Motion, they cite only one: *In re Merck & Co.*, No. 08-CV-1974, 2009 U.S. Dist. LEXIS 78681 (D.N.J. Aug. 31, 2009). *Merck*, however, is easily distinguishable because there "the Complaint [was] replete with allegations that Defendants had management, oversight, and investment authorities with respect to the Plans that created various fiduciary duties." *Id.* at *11. By contrast, the Complaint in this case does not contain any factual allegations supporting the conclusion that Mr. Hermelin had management, oversight, and investment authorities with respect to the Plan.

The post-*Twombly*, pre-*Iqbal* decisions Plaintiffs cite are not persuasive because the Supreme Court's clarification of the appropriate Rule 8 pleading standard was not fully articulated until *Iqbal*. Thus, in *In re Schering-Plough Corp. ERISA Litig.*, No. 03-1204, 2007 U.S. Dist. LEXIS 59708, at *19 (D.N.J. Aug. 15, 2007), the court believed that "courts generally do not dismiss claims at this early stage where the complaint sufficiently pleads defendants' ERISA fiduciary status." The *Schering* court credited precedent stating that it was sufficient to allege fiduciary status "in very broad terms that essentially follow the appropriate statutory language." *Id.* at *20 (quoting *In re Honeywell Int'l ERISA Litig.*, No. 03-1214, 2004 U.S. Dist. LEXIS 21585, at *34 n.13 (D.N.J. Sept. 14, 2004)). As discussed above, however, the Rule 8 standard now requires more – after *Iqbal*, a plaintiff must do more than "merely parrot the statutory language of the claims." *Brooks*, 578 F.3d at 581.

*In re Diebold ERISA Litig.*, No. 5:06 CV 0170, 2008 U.S. Dist. LEXIS 42746 (N.D. Ohio May 28, 2008), cited by Plaintiffs (Opp. at 24-25), also relied on stale authority. While Plaintiffs note that the decision "was decided well after *Twombly*" (Opp. at 24), it does not cite *Twombly*. Instead, its recitation of the standard for pleading fiduciary status rests on the *Schering* and *Honeywell* decisions addressed above and *In re Elec. Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658 (E.D. Tex. 2004), another pre-*Twombly* decision that has been criticized for requiring too little of plaintiffs. *See In re Mut. Funds Inv. Litig.*, 403 F. Supp. 2d 434, 446 (D. Md. 2005). Like *Schering*, therefore, *Diebold* is not persuasive.

Plaintiffs' other cases are distinguishable on their facts. For example, in *Young v. Principal Fin. Group, Inc.*, 547 F. Supp. 2d 965 (S.D. Iowa 2008), the defendants were a corporation that *administered the plans at issue* and its subsidiary. *Id.* at 969-71. As would be expected, therefore, the plaintiffs were able to assert multiple factual allegations showing that the corporation named as plan administrator was a fiduciary. *Id.* at 980. Plaintiffs in this case have failed to do so with respect to Mr. Hermelin, who is not alleged to be the Plan's administrator. *Young*'s quotation from *Schering* is unpersuasive for the reasons stated above. *Id.*

*Tussey v. ABB, Inc.*, No. 06-04305, 2008 U.S. Dist. LEXIS 9806 (W.D. Mo. Feb. 11, 2008), also is distinguishable because the complaint included far more detailed factual allegations than the Complaint in this case. As in *Young,* the defendants who argued against their fiduciary status were corporations that provided services to a 401(k) plan or its investment options. Among many factual allegations, the court found particularly persuasive that the trust agreement provided discretionary authority to Fidelity Trust, the entity contracted to manage the plan, over aspects of plan investment option selection. *Id.* at *2-3, *18-19, *21. The complaint also included sufficient factual allegations against an affiliated company, Fidelity Management,

concerning its participation in fund selection and setting fees paid by plan assets. *Id.* at *23. The Complaint makes no such allegations against Mr. Hermelin, nor could Plaintiffs do so.

*In re Xerox Corp. ERISA Litig.*, No. 3:02CV01138, 2008 U.S. Dist. LEXIS 24902 (D. Conn. Mar. 31, 2008), is easily distinguished as well. There, the defendant (Kaster) did not dispute the factual allegation that she served as a member of a "Joint Administrative Board" that was designated as plan administrator. *Id.* at *12-13. Unlike Ms. Kaster, Mr. Hermelin is not alleged to have served on the Plan's administrative committee and the board on which he served was not designated as administrator. And, unlike the undisputed allegations in *Xerox*, the allegations here are not sufficient to open the door to discovery.

In short, these cases do not support Plaintiffs' argument that notwithstanding the Supreme Court's *Iqbal* decision, they need only to assert the legal conclusion that Mr. Hermelin was a fiduciary without supporting facts. On the contrary, these decisions highlight the type of factual allegations required, none of which appear in the Complaint against Mr. Hermelin.

### B. Mr. Hermelin was Not Made a Plan Fiduciary By Signing KV's SEC Filings.

Plaintiffs have not responded to Mr. Hermelin's argument (Dkt. 95 at 9-11) that the fact that he signed some KV SEC filings does not plausibly show that he was a fiduciary. Indeed, they affirmatively deny that he made this argument. Opp. at 26 n.3. In doing so, Plaintiffs ignore Mr. Hermelin's now uncontested argument that they have not met the newly clarified pleading standard because they have not identified any Plan communication that incorporated by reference the SEC filings he signed; the Opposition merely repeats the unsupported claim that this occurred. Opp. at 5, 7, 25-26; *see also* Compl. ¶¶ 41, 63-64.

The Complaint alleged that two documents incorporated the filings: the Plan's SPD and a "prospectus." Compl. ¶¶ 26, 36, 37. The SPD was placed before the Court by KV Defendants (Ex. A, Dkt. 89) and is cited in the Opposition. *See, e.g.*, Opp. at 2 & n.1. Plaintiffs have failed

to cite any provision in it that incorporates by reference SEC filings.  Nor have Plaintiffs identified any prospectus that does so.  "'[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.'"  *Oliver v. Resolution Trust Corp.*, 955 F.2d 583, 585 (8th Cir. 1992) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988)) (quoted case omitted).  Therefore, for the reasons previously set forth, Plaintiffs have not met their pleading burden.  *See, e.g.*, *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.[13]

Plaintiffs likewise do not respond to Mr. Hermelin's argument that he cannot face fiduciary liability for the content of Plan communications because he is not alleged to have had a role in their preparation.  Accordingly, Mr. Hermelin also should be dismissed on this ground.[14]

Finally, Plaintiffs ignore previously cited authority demonstrating that even if Plan communications did incorporate SEC filings (which they did not), the contents of such filings cannot be the basis of ERISA fiduciary liability because they are not issued in a fiduciary capacity.  *See Kirschbaum*, 526 F.3d at 257; *Bausch & Lomb*, 2008 U.S. Dist. LEXIS 106269, at

---

[13] *Shanehchian v. Macy's, Inc.*, No. 1:07-CV-00828, 2009 U.S. Dist. LEXIS 71997 (S.D. Ohio Aug. 13, 2009), denied a motion to dismiss on the bare allegation that SEC filings "were incorporated by reference into the Plans' SPD and Prospectuses." *Id.* at *22.  This decision does not comport with *Iqbal*, whose standard the court did apply.  Instead, it relied upon the outdated standard of *Conley v. Gibson*, 355 U.S. 41 (1957).  2009 U.S. Dist. LEXIS 71997, at *6 ("Indeed, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (citation omitted).  *Twombly*, however, abrogated *Conley*, stating that it "has earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." 550 U.S. at 563.

[14] *Morrison v. Moneygram Int'l, Inc.*, 607 F. Supp. 2d 1033 (D. Minn. 2009), which Plaintiffs cite, is distinguishable on this basis.  There, the court allowed a nondisclosure claim to go forward where the defendant who made the SEC filing statements also "incorporated its SEC filings into the SPD and into Plan prospectuses, and then, acting in its capacity as an ERISA fiduciary . . . distributed the SPD and Plan prospectuses to participants." *Id.* at *1054-55.  Here, Plaintiffs allege that KV, *not Mr. Hermelin*, was responsible for the contents and dissemination of Plan communications, including the SPD and alleged prospectus.  Compl. ¶¶ 35-37.  And to the extent *Morrison* set a low threshold for pleading that a plan communication incorporated by reference SEC filings, the decision preceded *Iqbal* and is not good law.

*25-26; *Mellot*, 561 F. Supp. 2d at 1318.  This argument is further supported by the recent *Citigroup* stock drop decision noted earlier.  In *In re Citigroup ERISA Litig.*, the plaintiffs brought an ERISA misrepresentation-nondisclosure claim against Citigroup's CEO and Chairman of the Board ("Prince"), who signed allegedly false and misleading SEC filings that the plan's SPD directed plan participants to for information concerning Citigroup.  *Id.* at *10-11, *61-62, *69-70.  The court found that Prince did not have responsibilities under the plan document for communications with plan participants, and held that his SEC filings were corporate and not fiduciary communications.  *Id.* at *71-72.  As such, he could not be liable under ERISA for their contents.  *Id.* at *72-73.  This Court should reach the same conclusion.

### III.   CONCLUSION

For all of these reasons and those stated in Mr. Hermelin's prior brief, Plaintiffs' claims against him fail to meet the basic threshold requirement of establishing his fiduciary status and should be dismissed with prejudice.

Dated: October 19, 2009

Respectfully submitted,

s/ Ryan T. Jenny
Paul J. Ondrasik, Jr. (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick F. Linehan (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
pondrasik@steptoe.com

*Counsel for Defendant Marc S. Hermelin*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the attorneys of record on October 19, 2009.

Respectfully submitted,

s/ Ryan T. Jenny
Paul J. Ondrasik, Jr. (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick F. Linehan (*pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
pondrasik@steptoe.com

*Counsel for Defendant Marc S. Hermelin*