UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. CROCKER, JR., Individually and on Behalf of Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| HEATHER KNOLL, | ) ) No. 4:09-CV-198 (CEJ) |
| Plaintiff-Intervenor, | ) ) ) |
| vs. | ) ) |
| KV PHARMACEUTICAL COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and 60(b)(2), and to amend pleadings pursuant to Fed.R.Civ.P. 15. Defendants oppose the motion and the issues have been fully briefed.

On March 24, 2010, the Court granted defendants' motions to dismiss and dismissed plaintiffs' consolidated amended complaint.[1] Plaintiffs' imprudent investment claim and nondisclosure claim were each dismissed for failure to plead with particularity under Fed.R.Civ.P. 9(b), while the remainder of plaintiffs' claims were dismissed simply because plaintiffs failed to make sufficient allegations to state a claim.

---

[1]Plaintiffs alleged that defendants breached their duties of loyalty and prudence by failing to prudently and loyally manage the Plan assets. Plaintiffs also alleged that defendants breached fiduciary duties by failing to provide complete and accurate information to the Plan participants and beneficiaries, and that defendants KV Pharmaceutical Company and the "Director Defendants" failed to monitor the other Plan fiduciaries. The factual allegations of the complaint were discussed in depth in the Memorandum and Order entered on March 24, 2010, and will not be discussed in further detail here.

The parties disagree as to the legal standard applicable for reviewing a post-judgment motion to vacate and amend. Defendants assert that the restrictive standards of Rule 59(e) and 60(b) apply, while plaintiffs insist that the more liberal "freely give" standard of Rule 15(a)(2) is applicable.

Although plaintiffs are seeking relief pursuant to Rule 59(e) and 60(b), the customary standards which accompany those rules are not fully applicable "to the task of determining when a plaintiff who has failed to plead fraud with particularity . . . should be permitted, post-judgment, to try again." U.S. *ex rel.* Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009). Instead, in these situations, the Court must apply the standards of Rule 15(a)(2), which "favor affording parties an opportunity to test their claims on the merits." Id. at 824.[2]

Still, "plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . complaint." Id. at 822. "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." Id. Thus, while leave to amend a pleading should be freely granted when the motion is made pre-judgment, "different considerations apply to motions filed after dismissal". Id. at 823. Even where the complaint was dismissed for failure to plead fraud with particularity, the court retains "considerable discretion to deny a post-judgment motion for leave to amend because such motions are disfavored." Id. at 824.

In support of their motion, plaintiffs claim that disclosures in late filings with the SEC show that defendant KV Pharmaceutical Company admits that it was in extreme financial distress as of March 31, 2009. Other newly discovered facts that would be

---

[2]The Court need not decide whether the decision in Hypoguard is applicable to a case where the majority of claims were dismissed for reasons other than failure to plead fraud with particularity. In reviewing plaintiffs' motion, the Court has taken into consideration the Rule 15 policy favoring the adjudication of claims on their merits, as required by Hypoguard.

alleged in the proposed amended complaint include that KV identified eighteen specific material weaknesses in its internal control over financial reporting, and that KV restated its Form 10-Q for the quarter ending June 30, 2008.

The Court does not believe that plaintiffs have met their burden of showing that the proposed second consolidated amended complaint would correct the deficiencies of the first. In dismissing plaintiffs' claims, the Court acknowledged that plaintiffs had sufficiently alleged that KV was in a dire financial situation. The fact that KV has now admitted that the company was, indeed, in extreme financial distress, is merely cumulative of what was already alleged in the consolidated amended complaint. Further, the Court does not believe that the other new allegations establish that the Director Defendants were fiduciaries of the Plan, or that the other defendants breached their fiduciary duties.

The Court is mindful of the Rule 15(a)(2) considerations favoring disposition of claims on their merits. However, post-judgment motions for leave to amend are disfavored and interests of finality dictate that they be granted less freely than if they had been filed pre-judgment. It is relevant that plaintiffs did not ask for leave to amend their consolidated amended complaint prior to the order of dismissal, even though the deficiencies of the complaint were highlighted in defendants' briefing of the motion. See Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550-51 (8th Cir. 1997) (because plaintiffs failed to provide any reason for failing to amend their complaint prior to the grant of summary judgment, district court did not abuse discretion in denying post-judgment motion for leave to amend).

For all of these reasons, plaintiffs' post-judgment request for leave to amend pleadings will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that lead plaintiffs' motion to alter or amend the judgment, and for leave to amend the complaint, [Doc. #130] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.