IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated,<br><br>**Plaintiffs,**<br>v.<br><br>KV PHARMACEUTICAL, MARC S. HERMELIN, RONALD J. KANTERMAN, DAVID S. HERMELIN, MELISSA HUGHES, RICHARD H. CHIBNALL, GERALD R. MITCHELL, MARY ANN TICKNER, and DOES 1-20,<br><br>**Defendants.** | Civil Action No.:  4:09-cv-0198-CEJ |

**PLAINTIFFS' UNOPPOSED MOTION FOR
<u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Plaintiffs hereby move the Court for entry of an Order: (1) preliminarily approving the Class Action Settlement Agreement executed on May 9, 2011; (2) approving the forms and method for providing notice of the settlement to the Class Members; and (3) scheduling a final settlement hearing (the "Preliminary Approval Order") filed herewith as "Exhibit 1."

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to KV Pharmaceutical Company Fifth Restated Profit Sharing Plan and Trust ("Plan").

As detailed in the accompanying memorandum of law, the parties in this litigation have reached a settlement (the "Settlement") as embodied in the Class Action Settlement Agreement ("Settlement Agreement"). Ex.  Accordingly, plaintiffs move for an order:

a. conditionally certifying a class consisting of:

> [A]ll *Persons* who were participants in or beneficiaries of the *Plan,* and whose accounts in the *Plan* were invested in Class A and/or Class B shares of common stock of the *Company* at any time during the period from February 2, 2003 through February 11, 2011. Excluded are any *Defendants* in the *Action* and their *Immediate Family Members,* heirs, successors, or assigns, and the *Company's* officers and directors and their *Immediate Family Members,* heirs, successors, or assigns.

b. preliminarily approving the Settlement;

c. directing that notice of the Settlement be disseminated to the Settlement Class in the proposed forms attached to the Settlement Agreement and Preliminary Approval Order as Exhibits A and B;

d. scheduling a Settlement Fairness Hearing to determine:

   (i) whether final approval should be given to the Settlement as fair, reasonable, and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e);

   (ii) whether the application(s) of Class Counsel for attorneys' fees and expenses should be approved under Federal Rule of Civil Procedure 23(h); and

   (iii) whether the Named Plaintiffs should be paid a case contribution award.

Plaintiffs propose the following proposed schedule for the various events leading up to and including the Settlement Fairness Hearing date:

a. Date of mailing the Class Notice to the Settlement Class: 30 days after entry of the Preliminary Approval Order.

b. Date for publication of the Summary Notice: 30 days after entry of the Preliminary Approval Order.

c. Deadline for filing papers in support of the proposed settlement and the application of Class Counsel for attorneys' fees and expenses and case contribution awards to Named Plaintiffs: 21 days prior to the Settlement Fairness Hearing.

d. Deadline for members of the Settlement Class to object to the Settlement or to the application of Class Counsel for attorneys' fees and expenses and incentive awards to Named Plaintiffs and/or filing Notice of Intention to Appear: 14 days prior to Settlement Fairness Hearing.

  e. Settlement Fairness Hearing:  Subject to the Court's Schedule:  90 days after the entry of the Preliminary Approval Order.

This Court should provisionally certify the Settlement Class because it meets the requirements of Federal Rules of Civil Procedure 23.  The Settlement Agreement provides that, for the sole purpose of effectuating the Settlement, the parties will stipulate to certification of the Settlement Class, comprised of all participants or beneficiaries in the Plan at any time from February 2, 2003 through February 11, 2011, inclusive, whose Plan account(s) held Employer Stock as that term is defined in the Plan but excluding all Defendants, as a class pursuant to Rule 23(b)(1), with Named Plaintiffs Harold S. Crocker, Jr. and Anna Bodnar appointed as representatives of the Class.

For purposed of the settlement, the parties have agreed that numerosity, commonality, typicality and adequacy requirements of Rule 23(a) are satisfied and that Counsel meet the adequacy requirements of Rule 23(g).  Also, for purposes of settlement, the parties have agreed that the requirements of Rule 23(b)(1) are met.  Accordingly, the Court should find that:

  a. the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

  b. there are questions of law or fact common to the Settlement Class;

  c. the claims of the Named Plaintiffs are typical of the claims of the Settlement Class;

  d. Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) Named Plaintiffs' interests and the nature of claims alleged are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions;

  e. prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of

3

    conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests, satisfying the requirement of Rule 23(b)(1); and

  f.  the action is manageable as a class action.

  This Court should preliminarily approve the Settlement because the applicable requirements of Federal Rule of Civil Procedure 23(e) are satisfied. Plaintiffs request this Court to direct notice in a reasonable manner to all class members in accordance with Rule 23(e)(1); and request that this Court hold a Settlement Fairness Hearing in accordance with Rule 23(e)(2). Plaintiffs have filed this motion identifying the Settlement Agreement which embodies the Settlement in accordance with Rule 23(e)(3); and have provided for any class member to object to the Settlement at the Final Settlement Hearing in accordance with Rule 23(e)(5). Finally, the Settlement is well within the range of what might ultimately be found fair, reasonable, and adequate to the Settlement Class.

  The form and content of the proposed notice to the Settlement Class (Exhibit A to Preliminary Approval Order) should be approved because: (a) it identifies the action that has been settled (subject to Court approval) and the parties to each of those actions; (b) describes the Settlement Class; (c) provides a summary of the claims, issues, and defenses in the action, and the terms of the Settlement; (d) states that a class member may enter an appearance through an attorney if the class member so desires; (e) gives notice of the date and location of the Settlement Fairness Hearing and the matters that will be considered at the hearing; (f) identifies where documents relating to the Settlement will be available for review by members by the Settlement Class; and (g) informs members of the Settlement Class of their right to object to the Settlement and/or the granting of any award of fees and expenses to Class Counsel, or an incentive payment to Named Plaintiffs, and the procedures for timely presenting their objections to the Court. This

4

Court should find that the form and content of the proposed notice to the Settlement Class is appropriate under Rule 23(c)(2)(B).

The manner of dissemination of the proposed Class Notice should be approved under Federal Rule of Civil Procedure 23(e)(1). Notice will be provided both by mail and publication on an internet website and through *Business Wire* (*See* Exhibit B to the Preliminary Approval Order). Individual notice will be sent via first class mail to all members of the Settlement Class, as identified by Plan participant transactional data.

Defendants support this Motion to the extent it seeks approval of the Settlement and do not otherwise oppose the Motion.

WHEREFORE, for the reasons set forth above, this Court should enter the [Proposed] Order Granting Preliminary Approval of Settlement, Class Certification, Approval of Settlement Notice and Setting a Date For Final Fairness Hearing.

Dated:  June 21, 2011                    Respectfully submitted,

**WEINHAUS & POTASHNICK**

          /s Mark Potashnick          
Mark Potashnick, E.D. Mo. #35970
S. Sheldon Weinhaus, E.D. Mo. #4670
**Weinhaus & Potashnick**
11500 Olive Blvd., Suite 133
St. Louis, MO 61341
Tel.: (314) 997-9150
Fax: (313) 997-9170

*Interim Co-Liason Counsel*

Ellen M. Doyle
Pamina Ewing
Stephen M. Pincus
**Stember Feinstein Doyle & Payne, LLC**
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
Tel: (412) 281-8400
Fax:(412) 281-1007

5

*Interim Co-Lead Counsel*

Robert I. Harwood
Daniella Quitt
Peter W. Overs, Jr.
**Harwood Feffer LLP**
488 Madison Avenue, 8th Floor
New York, NY 10022
(212) 935-7400
(212) 753-3630

*Interim Co-Lead Counsel*

Paul J. D'Agrosa
**Wolf and D'Agrosa**
7710 Carondelet Avenue, Suite 200
Clayton, MO 63105
Tel. (314) 725-8019
Fax. (314) 725-8443

*Interim Co-Liason Counsel*

Major Khan
Major Khan LLC
20 Bellevue Terrace
Weehawken, NJ 07086
(646) 546-5664
(646) 546-5755 (fax)

*Counsel for Plaintiffs*

Thomas J. McKenna
Gainey & McKenna
295 Madison Avenue
New York, NY 10017
Tel.: (212) 983-1300
Fax.: (212) 983-0383

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

A true copy of the foregoing document was served electronically via the CM/ECF system on the following counsel of record on this _____ day of June, 2011:

Robert Berry
Berry & Maxson, LLC
16150 Main Circle Drive, Suite 120
St. Louis, Missouri  63017
Attorney for Defendants KV Pharmaceutical Co.,
Gerald R. Mitchell, Mary Ann Tichner & Melissa Hughes

Paul Blankenstein
William J. Kilberg
Gibson & Dunn
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Attorney for Defendants KV Pharmaceutical Co.,
Gerald R. Mitchell, Mary Ann Tichner and Melissa Hughes

Edward L. Dowd, Jr.
John D. Comerford
Dowd Bennett, LLP
7733 Forsyth, Suite 1410
Clayton, Missouri  63105
Attorneys for Defendant Ronald J. Kanterman

Shawn P. Davisson
Mark J. Hulkower
Ryan T. Jenny
Patrick F. Linehan
Paul J. Ondrasik
Steptoe & Johnson L.P.
1330 Connecticut Avenue, N.W.
Washington, DC  20036
Attorneys for Defendant Mark S. Hermelin

Wendy M. Menghini
Richard E. Greenberg
Greensfelder & Hemker, P.C.
2000 Equitable Bldg.
10 South Broadway
St. Louis, Missouri  63102
Attorneys for Defendant David S. Hermelin

Bryan D. LeMoine
Christopher Swenson
Polsinelli Shughart PC
7733 Forsyth Blvd., 12th Floor
St. Louis, Missouri  63105-1814
Attorney for Mary Ann Tichner

Barry A. Short
Evan Z. Reid
Lewis & Rice
500 North Broadway, Suite 2000
St. Louis, Missouri  63102-2147
Attorney for Defendant Richard Chibnail

                              Respectfully submitted,

                              /s/ Mark Potashnick
                              Mark Potashnick