IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

---

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

          Plaintiffs,

    v.                                                                    Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

          Defendants.

---

## CLASS ACTION SETTLEMENT AGREEMENT

This CLASS ACTION SETTLEMENT AGREEMENT ("*Settlement Agreement*") is entered into by and among (i) *Named Plaintiffs*[1] individually and on behalf of the *Settlement Class* and the *Plan*, and (ii) *Defendants* in the above-captioned action.

RECITALS

WHEREAS, *Crocker, et al. v. KV Pharmaceutical Co., et al.*, Civil Action No. 4:09-cv-00198, United States District Court for the Eastern District of Missouri (Hon. Carol E. Jackson), was commenced asserting various claims for relief under the Employee Retirement Income Security Act of 1974 ("*ERISA*"), as amended, against *Defendants*, all of which claims are disputed by *Defendants*; and

WHEREAS, the *District Court* entered judgment dismissing the *Complaint*; and

WHEREAS, the *Named Plaintiffs* appealed the judgment of the *District Court* to the United States Court of Appeals for the Eighth Circuit, which appeal was assigned docket number 10-3461;

---

[1] *Italicized* words are defined herein.

WHEREAS, the *Parties* reached an agreement in principle for a settlement in this *Action*, in the course of a mediation with Eighth Circuit Mediator, John S. Martin, held on February 15, 2011;

WHEREAS, the *Parties* desire to promptly and fully resolve and settle with finality the *Action* without further litigation;

NOW, THEREFORE, the *Parties*, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

1.    DEFINITIONS

As used in this *Settlement Agreement*, italicized and capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1.    "*Action*" shall mean *Crocker, et al. vs. KV Pharmaceutical Co., et al.*, Civil Action No. 4:09-cv-00198, United States District Court for the Eastern District of Missouri (Hon. Carol E. Jackson), *appeal docketed*, No. 10-3461, United States Court of Appeals for the Eighth Circuit.

1.2.    "*Affiliate*" shall mean any entity that owns or controls, is owned or controlled by, or is under common ownership or control with, a *Person*.

1.3.    "*Agreed Expenses*" shall have the meaning set forth in Section 9.2.3 hereof.

1.4.    "*Agreement Execution Date*" shall have the meaning set forth in Section 11.13 hereof.

1.5.    "*Case Contribution Award*" shall mean the monetary amount awarded by the *District Court* in recognition of the *Named Plaintiffs'* assistance provided in the prosecution of this *Action*.

1.6.    "*Class Counsel*" shall mean Stember Feinstein Doyle & Payne, LLC, and Harwood Feffer LLP (who together shall be counsel for the *Settlement Class*).

1.7.    "*Class Notice*" shall mean the form of notice appended as *Exhibit A* to the form of *Preliminary Approval Order* attached hereto as *Exhibit 1*.

1.8.    "*Class Period*" shall mean the period from February 2, 2003, through February 11, 2011.

1.9.    "*Class Settlement Amount*" shall mean the aggregate sum of three million dollars in United States currency ($3,000,000.00).

1.10. *"Company"* shall mean K-V Pharmaceutical Company, each of its *Affiliates* and subsidiaries, and each of their predecessors and *Successors-In-Interest*.

1.11. *"Company Stock"* shall mean Class A and Class B shares of common stock of the *Company*.

1.12. *"Complaint"* shall mean the Consolidated Amended Complaint, filed on June 26, 2009, in the *Action*.

1.13. *"Defendants"* shall mean, collectively, the *Company* and the *Individual Defendants*.

1.14. *"Defendants' Claims"* shall mean all claims relating to the institution or prosecution of the *Action*, or the settlement of any *Plaintiffs' Claims*.

1.15. *"District Court"* shall mean the United States District Court for the Eastern District of Missouri.

1.16. *"Effective Date"* shall mean the date on which the *Final Order* becomes *Final*.

1.17. *"ERISA"* shall mean the Employee Retirement Income Security Act of 1974, as amended, including all regulations promulgated and case law thereunder.

1.18. *"Escrow Agent"* shall be Berdon Claims Administration LLC, One Jericho Plaza, Jericho, NY 11753.

1.19. *"Escrow Agreement"* shall mean the agreement with the financial institution regarding operation and administration of the *Settlement Fund*.

1.20. *"Fairness Hearing"* shall have the meaning set forth in Section 2.2.4 hereof.

1.21. *"Final"* shall mean, with respect to any judicial ruling or order, that (i) the time has expired to file an appeal, motion for rehearing, or petition for certiorari with respect to such judicial ruling or order with no timely appeal, motion for rehearing, or petition for writ of certiorari having been made, as the case may be; or (ii) a timely appeal has been taken from the judicial ruling or order and the judicial ruling or order has been affirmed with no further right of appeal or rehearing because the time has expired or a petition for rehearing and/or a writ of certiorari has been denied; or (iii) if, following an appeal, a timely petition for rehearing and/or a writ of certiorari has been granted, the judicial ruling or order has been affirmed.

1.22. *"Final Order"* shall have the meaning set forth in Section 2.2.4 hereof and be substantially in the form attached hereto as *Exhibit 2*.

1.23. *"Immediate Family Members"* shall consist of spouses and minor children.

1.24.   *"Individual Defendants"* shall mean Melissa Hughes, Gerald R. Mitchell, Mary Ann Tickner, Marc S. Hermelin, David S. Hermelin, Ronald J. Kanterman, and Richard H. Chibnall.

1.25.   *"Named Plaintiffs"* or *"Plaintiffs"* shall mean Harold S. Crocker, Jr., and Anna Bodnar.

1.26.   *"Parties"* shall mean *Named Plaintiffs* and *Defendants*.

1.27.   *"Person"* shall mean an individual, partnership, corporation, governmental entity, or any other form of entity or organization.

1.28.   *"Plaintiffs' Claims"* shall mean any and all claims, demands, rights, liabilities, and causes of action of every nature or description whatsoever, fixed or contingent, known or unknown, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, asserted or that might or could have been asserted in any forum (i) by *Named Plaintiffs* individually, (ii) by *Named Plaintiffs* on behalf of the *Plan* or by its participants, fiduciaries, or beneficiaries under *ERISA* § 502, (iii) by the *Settlement Class*, and (iv) by the *Plan* itself or by any participant, fiduciary, or beneficiary in or of the *Plan* on behalf of the *Plan* under *ERISA* § 502, against any or all of the *Released Defendants* arising out of or relating to the subject matter, allegations, transactions, facts, matters, events, acts, disclosures, statements, omissions, failures to act, occurrences, or representations set forth, or referred to, in the *Complaint* filed in the *Action,* including, but not limited to the offering or retaining of *Company Stock* as an investment option, or the investment, acquisition, retention, or disposition of *Company Stock* (or the exercise of any right ancillary or appurtenant to ownership of *Company Stock)* under the *Plan*, or at a participant's or beneficiary's direction by or through the *Plan*, during the *Class Period*, and any claims that would be barred by principles of res judicata had the claims asserted in the *Complaint* filed in the *Action* been fully litigated and resulted in a *Final* judgment or order in favor of *Defendants*. Nothing in this *Settlement Agreement* shall release, bar, waive, or otherwise affect any claim, demand, right, liability or cause of action by the *Plan*, or by the *Named Plaintiffs* or *Settlement Class* members with respect to *Company Stock* held within or outside of the *Plan*, that has been asserted in *Public Pension Fund Group, v. KV Pharmaceutical Company*, Civil Action No. 4:08-cv-001859, United States District Court for the Eastern District of Missouri (Hon. Carol E. Jackson), appeal docketed, No. 10-3402, United States Court of Appeals for the Eighth Circuit, and any and all cases now or hereafter consolidated therewith, and the *Plan*, *Named Plaintiffs* and *Settlement Class* members reserve all rights with respect to that action.

1.29.   *"Plan"* shall mean the KV Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust, and all predecessor and successor plans, individually and collectively, and any trust created under such *Plan*.

1.30.   *"Plan of Allocation"* shall mean the *Plan of Allocation* approved by the *District Court* as contemplated by Article 2 hereof and described in Section 8.2.3 hereof.

1.31.    "*Preliminary Approval Order*" shall have the meaning set forth in Section 2.2.1 hereof and be in the form attached hereto as *Exhibit 1*.

1.32.    "*Preliminary Motion*" shall have the meaning set forth in Section 2.2.1 hereof.

1.33.    "*Released Defendants*" shall mean each of the *Defendants* and each of the *Defendant*'s respective past, present, and future directors, officers, fiduciaries, employees, partners, principals, agents, members, independent contractors, registered representatives, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, investment bankers, advisors, consultants, trustees, investment managers, fiduciaries, committee members, personal representatives, predecessors, service providers, successors, *Successors-in-Interest*, parents, subsidiaries, divisions, assigns, spouses, heirs, executors, administrators, associates, related or *Affiliated* entities, and *Immediate Family Members*.

1.34.    "*Releases*" shall mean the releases and covenants not to sue set forth in Articles 3 and 4 hereof.

1.35.    "*Representatives*" shall mean attorneys, agents, directors, officers, or employees.

1.36.    "*Settlement*" shall mean the settlement to be consummated under this *Settlement Agreement*.

1.37.    "*Settlement Agreement*" shall mean this Class Action Settlement Agreement.

1.38.    "*Settlement Class*" shall mean all *Persons* who were participants in or beneficiaries of the *Plan*, and whose accounts in the *Plan* were invested in Class A and/or Class B shares of common stock of the *Company* at any time during the *Class Period*. Excluded are any *Defendants* in the *Action* and their *Immediate Family Members*, heirs, successors, or assigns, and the *Company*'s officers and directors and their *Immediate Family Members*, heirs, successors, or assigns.

1.39.    "*Settlement Expenses*" shall have the meaning set forth in Section 8.1 hereof.

1.40.    "*Settlement Fund*" shall mean the *Class Settlement Amount* deposited with the *Escrow Agent* and any interest earned thereon.

1.41.    "*Settlement Proceeds*" shall mean the balance of the *Settlement Fund* after satisfaction of attorneys' fees and expenses pursuant to Section 10.1 hereof, *Case Contribution Awards* pursuant to Section 10.2 hereof, and any other *Settlement Expenses* pursuant to Section 8.1 hereof.

1.42.    "*Successor-in-Interest*" shall mean a *Person*'s estate, *Representatives*, heirs, successors, or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.43.   "*Summary Notice*" shall mean the form of notice appended as *Exhibit B* to the form of *Preliminary Approval Order* attached hereto as *Exhibit 1*.

2.   CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE *SETTLEMENT*

The *Parties* shall have the following obligations, and the *Settlement* is contingent on the following conditions in Sections 2.1 through 2.6 hereof, unless waived in writing by the *Parties*.

2.1.   Condition #1: Remand to the *District Court*.  The United States Court of Appeals for the Eighth Circuit will be notified as soon as practicable of the execution of the *Settlement Agreement* and the relevant terms regarding the effectuation of the *Settlement*.  The *Parties* shall ask the Court of Appeals for a limited remand of this *Action* to the *District Court* for the purpose of seeking approval from the *District Court* of the terms of the *Settlement* after notice to the *Settlement Class* and a fairness hearing.  The *Parties* shall at the same time seek a stay from the Eighth Circuit pending the *District Court's* decision on whether to approve the settlement.  If the *District Court* approves the *Settlement*, the *Parties* shall timely file a Stipulation of Dismissal with the Eighth Circuit.  If the *District Court* does not approve the *Settlement*, the *Parties* shall proceed with the appeal in this *Action* without consideration of the *Parties'* efforts to settle the *Action*.

2.2.   Condition #2: District Court Approval.  The *District Court* will be notified as soon as practicable of the execution of the *Settlement Agreement*, of the relevant terms regarding the effectuation of the *Settlement*, and that the *Parties* will request that the Court of Appeals grant a limited remand of the *Action* to the *District Court* for the limited purpose that it may consider whether to approve the *Settlement*.  The *Parties'* rights and obligations under the *Settlement* are contingent upon and subject to prior *Final* approval of the *District Court* and the *Final Order* becoming *Final*.  The *Parties* shall cause appropriate motions to be filed with the *District Court*, as outlined below, promptly after any remand from the Court of Appeals, seeking (i) preliminary approval from the *District Court* of the terms of the *Settlement*, (ii) preliminary certification of the *Settlement Class* pursuant to Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2), (iii) approval of the forms of *Class Notice* of the *Settlement*,[2] and (iv) the scheduling of a hearing date for *Final* approval of the *Settlement* (including the *Plan of Allocation*) as fair, reasonable, and adequate, with appropriate time allowed for objection(s) from the *Settlement Class*.

2.2.1.   Motion for Preliminary Approval of Settlement, Class Certification, and Notices.  The *Parties* will, in good faith, use their best efforts to enable *Named Plaintiffs* to file

---

[2] Notice of the *Settlement* will be effectuated by first-class mail to the last known address of each member of the proposed class (or by electronic mail, if and when the *District Court* determines that it is cost-effective and appropriate under standards substantially the same as 29 C.F.R. § 2520.1 04b-l).  If notice by the foregoing methods is not possible, then notice of the *Settlement* will be effectuated by other reasonable means.

with the *District Court* as soon as practicable after any remand from the Court of Appeals an unopposed motion with exhibits ("*Preliminary Motion*"), seeking an order preliminarily approving the *Settlement* ("*Preliminary Approval Order*"), and the *Parties* shall, in good faith, take reasonable steps to (i) secure expeditious *District Court* entry of the *Preliminary Approval Order*, and (ii) seek the scheduling of the *Fairness Hearing*, described in Section 2.2.4 hereof, sixty (60) calendar days from the mailing of the *Class Notice* in accordance with Section 2.2.3 hereof.

2.2.2.   Class Certification.   In connection with the proceedings on preliminary and *Final* approval of the proposed *Settlement, Named Plaintiffs*, through *Class Counsel*, will seek orders (preliminary and final, respectively) conditionally certifying the *Settlement Class* pursuant to Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2), and *Defendants* shall consent to such certifications of the *Settlement Class* for purposes of this *Settlement* only and for no other purpose.  The *Parties* agree that the *Settlement Class* should be treated as a mandatory or non-opt-out class.  The *Parties* also agree that if the *District Court* does not enter the *Final Order*, no *Settlement Class* will be deemed to have been certified by or as a result of this *Settlement Agreement*, and the *Action* will for all purposes with respect to the *Parties* revert to its status as of February 15, 2011.  In such event, *Defendants* will not be deemed to have consented to the certification of any class, the agreements and stipulations in this *Settlement Agreement* concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and *Defendants* will retain all rights to oppose certification of the *Settlement Class*.

2.2.3.   Issuance of *Class Notice*.   As ordered by the *District Court* in its *Preliminary Approval Order, Class Notice* shall be disseminated to the *Settlement Class*, which shall be provided with the opportunity to object to the certification of the *Settlement Class, the Settlement*, the *Case Contribution Awards*, and the attorneys' fees, costs and expenses sought by *Class Counsel. Class Counsel* shall be responsible for providing notice to the *Settlement Class*, and may hire a third-party vendor to assist it with the dissemination of the notice.  The *Company*, at its expense, shall provide *Class Counsel* with a list of the names and last known addresses of members of the *Settlement Class*.  All other costs relating to the issuance of *Class Notice* shall be paid out of the *Settlement Fund*.  The costs of issuing *Class Notice* shall not exceed $75,000.00. If the *Settlement* is not approved, the actual expended cost of notice shall not be refunded to RLI Insurance Company, although the *Company* and the *Individual Defendants* agree that any such amounts constitute the payment of Loss within the meaning of RLI Insurance Company policy number EPG 0006667.

2.2.4.   The Fairness Hearing.   Upon entry of the *Preliminary Approval Order*, the *Parties* contemplate that the *District Court* will schedule and then conduct a hearing at which it will consider whether the *Settlement* is fair, reasonable, and adequate ("*Fairness Hearing*") pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Specifically, the *Named Plaintiffs* will request that the *District Court* determine, on or after the *Fairness Hearing*: (i) whether to enter judgment finally approving the *Settlement* (which judgment is referred to herein as the "*Final Order*"); (ii) whether the distribution of the *Settlement Proceeds* as provided in the *Plan of Allocation* should be approved or modified; (iii) whether *Class Counsel* are entitled to an award of attorneys' fees, costs, and expenses, and the amount of those fees, costs, and expenses,

as contemplated by Article 10 of this *Settlement Agreement*; and (iv) whether the Named Plaintiffs shall be awarded a *Case Contribution Award*. The *Parties* agree to support entry of a *Final Order* as contemplated by clause (i) of this Section 2.2.4 and as attached hereto as *Exhibit 2*. *Defendants* will not take any position with respect to the matters described in clauses (ii), (iii) or (iv) of this Section 2.2.4, so long as disposition of those matters is in accordance with the provisions of Articles 8 and 10 of this *Settlement Agreement*. The *Parties* covenant and agree that they will reasonably cooperate with one another in obtaining the *Final Order* as contemplated herein at the *Fairness Hearing* and will not do anything inconsistent with this *Settlement Agreement* in seeking to obtain the *Final Order*.

2.3. Condition #3: Dismissal of the *Action*. *Named Plaintiffs* will seek dismissal with prejudice of the *Action* upon occurrence of the *Effective Date* or as soon thereafter as reasonably practicable.

2.4. Condition #4: Finality of *Final Order*. The *Final Order* must be *Final*.

2.5. Condition #5: Independent Fiduciary. The approval of the *Settlement* by an Independent Fiduciary, along with the agreement by the Independent Fiduciary to execute the releases set forth in this *Agreement* on behalf of the *Plan*, is a condition for settlement. The *Company* shall be responsible for any costs related to obtaining approval of the *Settlement* from the Independent Fiduciary up to a cap of $87,500; any excess thereof shall be paid from the *Settlement Fund*. Should the Independent Fiduciary decline to approve the *Settlement*, *Defendants* shall, within ten (10) business days of receiving such notice, advise *Class Counsel* whether they will waive this condition. If *Defendants* decline to do so, the *Settlement Agreement* shall be null and void.

2.6. Condition #6: Funding of *Class Settlement Amount*. The *Company* shall deposit, or cause to have deposited from funds received from its insurer, the *Class Settlement Amount* into the *Settlement Fund* within ten (10) business days after the date of entry of the *Preliminary Approval Order*. The *Parties* understand that this payment will be funded by the *Company*'s insurer, RLI Insurance Company, under policy number EPG 0006667. No other *Defendant* shall have any responsibility for funding the *Settlement*, and any failure by the *Company* or its insurer to fund the *Settlement* shall not give rise to any claims to fund the *Settlement* against any other *Defendants* by the *Named Plaintiffs* or any member of the *Settlement Class*.

3.   RELEASES

3.1.   Releases of *Defendants*. Upon occurrence of the *Effective Date*, the *Named Plaintiffs*, all *Settlement Class* members, the *Plan* and all participants, fiduciaries, and beneficiaries in or of the *Plan*, and all *Successors-in-Interest* of any of the foregoing shall be deemed to have, and by operation of the *Final Order* shall have, fully, finally, and forever released, and are forever barred from the prosecution of, any and all *Plaintiffs' Claims* against any and all of the *Released Defendants*.

3.2.   Reciprocal Releases among *Defendants*. Upon the *Effective Date*, each *Defendant* absolutely and unconditionally releases and forever discharges each and every other *Defendant*

from any and all claims, including claims for contribution, relating to *Defendants' Claims*, but excluding any claims for indemnity that any *Individual Defendant* may have against the *Company*.

   3.3.   Scope of *Releases*.

      3.3.1.   The *Releases* set forth in this Article 3 hereof are not intended to include the release of any rights or duties arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

      3.3.2.   The *Releases* set forth in this *Settlement Agreement*, and as approved by the *District Court* as described herein, shall be effective as a bar to any and all currently unsuspected, unknown, partially known or known claims within the scope of the express terms and provisions of the *Plaintiffs' Claims*.   Accordingly, *Named Plaintiffs* hereby expressly waive, on their own behalf and on behalf of the *Plan* and all participants, fiduciaries, and beneficiaries in or of the *Plan* any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code, or by any similar, comparable, or equivalent law of any state or territory of the United States with regard to *Plaintiffs' Claims*. Section 1542 reads in pertinent part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The *Parties* hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and any similar, comparable, or equivalent law of any state or territory of the United States, was separately bargained for and that neither *Plaintiffs* on the one hand, nor *Defendants* on the other, would enter into this *Settlement Agreement* unless it included a broad release of all unknown claims. The *Parties* each expressly agree that all release provisions in the *Agreement* shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected or future claims, demands, and causes of action.   *Named Plaintiffs* assume for themselves on their own behalf and on behalf of the *Plan* and the participants, fiduciaries, and beneficiaries in or of the *Plan*, the risk of his, her, or its respective subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood, would in any respect have affected his, her, or its entering into this *Settlement Agreement*.

4.   COVENANTS

   Upon the occurrence of the *Effective Date*, the *Parties* covenant and agree as follows:

   4.1.   Covenants Not To Sue.

      4.1.1.   *Named Plaintiffs*, *Settlement Class* members, *Class Counsel*, and their *Successors-in-Interest*, individually and on behalf of all *Settlement Class* members, the *Plan*, and

all participants, fiduciaries, and beneficiaries in or of the *Plan*, covenant and agree (i) not to file or maintain against any *Released Defendants* or the *Plan* any claim released under Article 3 hereof; and (ii) that the covenants and agreements herein shall be a complete defense to any such claims against any of the respective *Released Defendants* and the *Plan*.   Nothing in this Settlement Agreement precludes *Class Members* from receiving any benefits under the terms of the *Plan* to which they are otherwise entitled.

4.1.2.  *Released Defendants* covenant and agree (i) not to file or maintain against any other *Released Defendant* any claim released under Article 3 hereof; and (ii) that the covenants and agreements herein shall be a complete defense to any such claims against any of the respective *Released Defendants*.

4.2.   Cooperation.  The *Company* shall use its reasonable best efforts to provide *Class Counsel* and any noticing agent agreed to by *Defendants* in electronic format, within thirty (30) business days, or such additional time as is required, of the execution of the *Settlement Agreement* the names and last known addresses (or, where the *District Court* determines that it is cost-effective and appropriate under standards substantially the same as 29 C.F.R. § 2520.104b-l, email addresses) of the *Settlement Class* and timely respond to any reasonable written requests for accessible data in the *Company* or the *Plan* trustee's or recordkeeper's (past or present) custody or control necessary to effectuate notice and implement, enforce, or determine the administrability of a *Plan of Allocation.*

4.3.   Taxation of *Class Settlement Amount. Named Plaintiffs* acknowledge on their own behalf, and on behalf of the *Settlement Class*, that the *Released Defendants* have no responsibility for any taxes due on funds once deposited in the *Settlement Fund* or that *Plaintiffs'* counsel receive from the *Settlement Fund*, should any be awarded pursuant to Article 10 hereof. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the *Settlement Fund*.  The *Company* and the *Plan*'s fiduciaries, including, but not limited to the *Plan* trustee, agree to treat the amounts allocated pursuant to the *Plan of Allocation* as restorative payments consistent with Revenue Ruling 2002-45, 2002-2 C. B. 116, 2002 WL 137852.

5.   REPRESENTATIONS AND WARRANTIES

5.1.   *Named Plaintiffs'* Representations and Warranties.

5.1.1. *Named Plaintiffs* represent and warrant that they have not assigned or otherwise transferred any interest in any *Plaintiffs' Claims* against any *Released Defendant*, and further covenant that they will not assign or otherwise transfer any interest in any *Plaintiffs' Claims*; and

5.1.2. Pursuant to Articles 3 and 4 hereof, *Named Plaintiffs* represent and warrant that upon the occurrence of the *Effective Date* they shall have no surviving claim or cause of action against any of the *Released Defendants* or the *Plan* with respect to *Plaintiffs' Claims.*

5.2.    _Parties' Representations and Warranties._   The _Parties_, and each of them, represent and warrant:

5.2.1.   That they are voluntarily entering into this _Settlement Agreement_ as a result of arm's-length negotiations among their counsel, that in agreeing to this _Settlement Agreement_ they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as expressly provided herein, they have not been influenced to any extent whatsoever in executing this _Settlement Agreement_ by any representations, statements, or omissions pertaining to any of the foregoing matters by any _Party_ or by any _Person_ representing any _Party_ to this _Settlement Agreement_.   Each of the _Parties_ assumes the risk of mistake as to facts or law; and

5.2.2.   That they have carefully read the contents of this _Settlement Agreement_, and have freely agreed to the _Settlement_.   The _Parties_ and each of them further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the _Settlement_, this _Settlement Agreement_, and all of the matters pertaining thereto, as he, she, or it deems necessary; and

5.2.3.   That the _Action_ was filed by _Plaintiffs_ and defended by the _Released Defendants_ in good faith, in accordance with Federal Rule of Civil Procedure 11.

5.3.    Signatories' Representations and Warranties.   Each individual executing this _Settlement Agreement_ on behalf of any _Party_ does hereby personally represent and warrant to the other _Parties_ that he or she has the authority to execute this _Settlement Agreement_ on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

6.    NO ADMISSION OF LIABILITY

The _Parties_ understand and agree that this _Settlement Agreement_ embodies a compromise settlement of disputed claims, and that nothing in this _Settlement Agreement_, including the furnishing of consideration for this _Settlement Agreement_, shall be deemed to constitute any finding of fiduciary status under _ERISA_ or wrongdoing by any of the _Released Defendants_, or give rise to any inference of fiduciary status under _ERISA_ or wrongdoing or admission of wrongdoing or liability in this or any other proceeding.   This _Settlement Agreement_ and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.   Moreover, _Defendants_ specifically deny any such liability or wrongdoing.   Neither the fact nor the terms of this _Settlement Agreement_ shall be offered or received in evidence, in any action or proceeding for any purpose, except (i) in an action or proceeding arising under this _Settlement Agreement_ or arising out of or relating to the _Preliminary Approval Order_ or the _Final Order_, or (ii) in an action or proceeding where the _Releases_ provided pursuant to this _Settlement Agreement_ may serve as a bar to the prosecution of such action or proceeding as well as to any recovery in such action or proceeding.

7.    THE *SETTLEMENT FUND* AND DELIVERIES INTO THE *SETTLEMENT FUND*

    7.1.    The *Settlement Fund*.

        7.1.1.    The *Settlement Fund* shall be created as set forth in Section 2.6 hereof.

        7.1.2.    The *Settlement Fund* shall include interest earned thereon, for the benefit of *Named Plaintiffs* and the *Settlement Class*, and, as set forth under the terms of an *Escrow Agreement*, shall be invested only in United States Treasury securities with a maturity period not to exceed ninety (90) days and/or mutual funds or money market accounts that invest exclusively in such securities.    The *Escrow Agent* and *Class Counsel* shall structure and manage the *Settlement Fund* to qualify as a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder.    It is intended that the *Settlement Fund* be structured and administered to preserve, to the maximum degree possible, the tax benefits associated with *ERISA*-qualified plans. The *Parties* agree that the *Settlement Fund* will not make, and *Class Counsel* will not make on the *Settlement Fund*'s behalf, an election under Treasury Regulation § 1.468B-1(k), pursuant to which the *Settlement Fund* would be treated as a grantor trust for federal income tax purposes.    Accordingly, all taxes on the income of the *Settlement Fund* and tax-related expenses incurred in connection with the taxation of the *Settlement Fund* shall be paid out of the *Settlement Fund*.

        7.1.3.    All fees and expenses, including fees and expenses incurred by any third-party vendor mutually agreed upon by the *Parties*, for calculation, allocation, and distribution pursuant to the *Plan of Allocation*, and providing support, such as the hosting of a website and call line, will be paid from the *Settlement Fund*, subject to the provisions of Article 8 hereof, and the *Parties* expressly acknowledge that *Defendants* have no responsibility for any such fees or expenses.

        7.1.4.    The *Escrow Agreement* shall provide for payment from the *Settlement Fund* of the reasonable cost of administering the *Settlement Fund* without further order of the *District Court*, which expenses shall include (i) expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the *Settlement Fund*; (ii) payment of any taxes owed by the *Settlement Fund*; (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the *Settlement Fund*; and (iv) fees charged and expenses incurred by the *Escrow Agent* associated with administration of the *Settlement Fund*.  The *Escrow Agreement* may provide that the *Escrow Agent* is to reserve a portion of the *Settlement Fund* for the purpose of satisfying future or contingent expenses or obligations, including expenses of *Settlement Fund* administration or any disbursement provided in Article 8 of this *Settlement Agreement*.   *Defendants* will take no position, directly or indirectly, with respect to such matters, except that *Defendants* are entitled to seek enforcement of the provisions of this *Settlement Agreement* stating that *Defendants* are, except as specifically provided herein, not obligated to pay any of the fees or expenses incurred in the administration of the *Settlement* or any taxes that may be due on monies in or distributed from the *Settlement Fund*. *Defendants* shall have no liability in the event of any failure of the *Escrow Agent, Plan,* or *Plan* trustee to release funds from the *Settlement Fund* for payment of the reasonable

administration expenses described above, provided that in the event of such failure, *Defendants* shall assist *Class Counsel* in seeking the release of such funds.

7.2.    Sole Monetary Contribution. Except as provided in Section 2.5, the *Class Settlement Amount* shall be the full and sole monetary contribution made by or on behalf of *Defendants* in connection with the *Settlement* effected between *Named Plaintiffs* and *Defendants* under this *Settlement Agreement*. *Defendants* shall not make any other monetary contribution for any costs, expenses, attorneys' fees or other amount associated with or related to the *Action* or *Settlement*. Except as otherwise expressly specified in this *Settlement Agreement*, the *Parties* shall bear their own costs and expenses (including attorneys' fees) in connection with the *Settlement* and securing all necessary court orders and approvals with respect to the same.

7.3.    All funds held by the *Escrow Agent* shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the party or parties paying the same pursuant to this *Agreement* and/or further order(s) of the Court.

8.    PAYMENTS FROM THE *SETTLEMENT FUND*

*Defendants* and their counsel shall not charge any fees or expenses to the *Settlement Fund*. Except as otherwise described or provided for herein, all other costs relating to the *Settlement* shall be borne by the *Party* that incurred them, except to the extent any *Individual Defendant* has indemnity claims for such costs against the *Company*.

8.1.    *Settlement Expenses.* *Settlement Expenses* are (i) any and all costs and expenses charged to the *Settlement Fund* related to the administration of the *Settlement* not otherwise expressly provided for herein; (ii) the costs and expenses regarding administration in carrying out the plan of allocation incident to this *Settlement*; and (iii) any costs relating to the issuance of *Class Notice*, excluding the expenses borne by the *Company* of providing *Class Counsel* with a list of the names and last known addresses of members of the *Settlement Class*. All *Settlement Expenses* (including those described in Section 7.1.3) shall be paid from the *Settlement Fund* prior to the distribution of the *Settlement Proceeds*. With respect to taxes after remittance of the *Settlement Proceeds* to the *Plan* (*i.e.*, when taking distributions from the *Plan*), the *Settlement Class* members are responsible for any and all tax liabilities arising from each of their distributions or withdrawals. *Defendants* make no representation or warranty with respect to the tax treatment of any *Named Plaintiff* or *Settlement Class* member regarding any distribution or withdrawal of the *Settlement Proceeds*. All other fees and costs relating to the *Settlement* shall be borne by the *Party* that incurred them, or his, her, or its insurer or indemnitor, and shall not be paid from the *Settlement Fund*.

8.2.    Disbursements from the *Settlement Fund.* *Class Counsel* shall direct the disbursement of money from the *Settlement Fund*, which shall be the sole source of all awards for the *Settlement Class*, *Named Plaintiffs*, and fees and expenses for *Plaintiffs'* counsel, under the terms of the *Escrow Agreement* as follows:

8.2.1.  For *Case Contribution Award.  Defendants* agree not to object to a *Case Contribution Award* for each of the *Named Plaintiffs* of no more than $10,000, which shall be paid from the *Settlement Fund* to *Named Plaintiffs* after the *Effective Date.*

8.2.2.  For Taxes and Expenses of the *Settlement Fund.*  As provided in Section 7.1.2 hereof.

8.2.3.  For the *Plan of Allocation.   Class Counsel* shall propose to the *District Court* a *Plan of Allocation.  Defendants*, to the extent they were participants or beneficiaries of the *Plan* at any time during the *Class Period*, will be excluded from the *Plan of Allocation.*  The *Plan of Allocation* is a matter separate and apart from the *Settlement* between the *Parties*, and no decision by the *District Court* concerning the *Plan of Allocation* shall affect the validity of the *Settlement Agreement* or finality of the *Settlement* in any manner.  The *Company* will, at the request of *Class Counsel* and without charge, consult with and provide *Class Counsel* with any reasonable information to ascertain the administrability of any *Plan of Allocation* being considered by *Class Counsel.  Defendants* and their *Successors-in-Interest* shall have no liability in the event of any action or failure to act by any entity with respect to the creation, calculation, or implementation of the *Plan of Allocation.*

8.2.4.  For Attorneys' Fees and Expenses.  As provided in Section 10.1 hereof, after the *Effective Date, Class Counsel* may direct payment of any *District Court*-approved award of attorneys' fees and expenses from the *Settlement Fund*, which shall be *Plaintiffs'* counsel's sole source of recourse for payment of its attorneys' fees and expenses.

9.      TERMINATION OF THE *SETTLEMENT AGREEMENT*

9.1.    Termination.   Automatic termination of this *Settlement Agreement*, thereby making the *Settlement Agreement* null and void, will occur under the following circumstances:

9.1.1.  If the *District Court* declines to approve the *Preliminary Motion* or fails to enter the *Final Order*, this *Settlement Agreement* shall automatically terminate and become null and void.

9.1.2.  If the *District Court*, the United States Court of Appeals for the Eighth Circuit, or the Supreme Court of the United States requires that the *Parties* materially modify the *Preliminary Approval Order* or *Final Order*, this *Settlement Agreement* shall automatically terminate and become null and void unless, within ten (10) calendar days after the date when any such modification that could cause the *Settlement Agreement* to terminate becomes *Final*, the *Parties* agree in writing to proceed with all or part of the *Settlement Agreement* as modified by the court or the *Parties.*

9.1.3.  If any of the conditions of Article 2 of this *Settlement Agreement* are not fully satisfied or waived in accordance with their terms and on the timetables set forth in that Article and in Section 7.1.1 hereof, this *Settlement Agreement* shall terminate and become null and void; provided, however, that as provided in Section 8.2.3, no decision by the *District Court*

concerning the *Plan of Allocation* (including under Section 2.2.4) shall affect the validity of the *Settlement Agreement* or finality of the *Settlement* in any manner.

9.2.     Consequences of Termination of the *Settlement Agreement*.     If the *Settlement Agreement* is terminated and rendered null and void for any reason specified in Section 9.1 hereof, the following shall occur:

9.2.1.   The *Action* shall for all purposes with respect to the *Parties* revert to its status as of February 15, 2011.

9.2.2.   All provisions of this *Settlement Agreement* and any subsequently related documents shall be null and void having no effect and no *Settlement Class* will be deemed to have been certified by or as a result of this *Settlement Agreement*, and the *Action* will for all purposes with respect to the *Parties* revert to its status as of February 15, 2011, as provided in Section 2.2.2. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in any action or proceeding for any purpose.

9.2.3.   Upon receipt of written notice from the *Company*, as provided in the *Escrow Agreement*, the *Escrow Agent* will return the *Settlement Fund* to RLI Insurance Company within ten (10) business days, together with interest thereon and less any *Agreed Expenses*. *Agreed Expenses* are any taxes on the *Settlement Fund* as described in Section 7.1.2 and the costs of notice as described in Section 2.2.3 of this *Settlement Agreement* incurred up to and including the date of receipt of written notice from the *Company* by the *Escrow Agent*. It is expressly understood and agreed that *Agreed Expenses* do not include any *Named Plaintiff Case Contribution Awards* or attorneys' fees and expenses under Sections 8.2.1 and 8.2.4, respectively, or anything else other than taxes and costs of notice as described in Sections 7.1.2 and 2.2.3, respectively.

10.     ATTORNEYS' FEES AND EXPENSES

10.1.     Application for Attorneys' Fees and Expenses.     *Plaintiffs* and their counsel may apply to the *District Court* for, and shall be entitled to receive, reimbursement of costs and expenses from the *Settlement Fund* after entry of the *Final Order* and before or simultaneously with any determination or award of attorneys' fees. *Plaintiffs'* counsel shall petition the *District Court* for an award of attorneys' fees, not to exceed 33 1/3% of the *Settlement Fund* remaining after reimbursement of costs and expenses and payment of any *Case Contribution Awards*. *Defendants* agree not to object to *Plaintiffs'* counsel's petition for an award of attorneys' fees. Fees or expenses awarded to *Plaintiffs'* counsel by the *Court* shall be paid to *Class Counsel* within ten (10) calendar days following the *Effective Date*. Each law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the *District Court* for purposes of enforcing the provisions of this paragraph.

10.2.     Application for *Named Plaintiffs'* Compensation.     *Class Counsel* may apply to the *District Court* for a *Case Contribution Award* for each *Named Plaintiff* payable solely from the *Settlement Fund*, and each *Named Plaintiff* shall be entitled to receive such compensation from

the *Settlement Fund* to the extent awarded by the *District Court* (or as modified, if necessary, following any appeal). *Defendants* agree not to object to any such request for a *Case Contribution Award* that does not exceed $10,000 per *Named Plaintiff.*

10.3.   Post-Award Expenses.  *Class Counsel* may make a supplemental application to the *District Court* for an award of expenses with respect to post-*Settlement* proceedings and administration, and any such award shall be payable only from the *Settlement Fund* and not by any *Defendant*. *Class Counsel* shall direct payment of any court-approved expenses with respect to post-*Settlement* proceedings and administration within ten (10) calendar days following the *Effective Date*.

11.   MISCELLANEOUS PROVISIONS

11.1.   Governing Law.  This *Settlement Agreement* shall be governed by the laws of the State of Missouri without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2.   Severability.  The provisions of this *Settlement Agreement* are not severable, except that in the event that any court with original or appellate jurisdiction over this *Action* issues a *Final* determination that any portion of Section 3.1 hereof is not enforceable, the *Parties* may (but shall not be required to) jointly agree in writing to modify Section 3.1 to conform with such determination.  Further, in the event that the *District Court* or any court with appellate jurisdiction over this *Action* fails to award attorneys' fees and expenses pursuant to Section 10.1 hereof, or fails to awards attorneys' fees and expenses in the amount sought by *Class Counsel*, such decision shall not provide cause for *Plaintiffs* to withdraw, void or nullify this Settlement *Agreement.*

11.3.   Amendment.  Before entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties* with notice to be given to the *District Court* of the agreed modification or amendment.  Following entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed on behalf of all *Parties*, and approved by the *District Court*.

11.4.   Waiver.  The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving *Party*.  The waiver by any *Party* of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

11.5.   Construction.  None of the *Parties* hereto shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.6. <u>Principles of Interpretation.</u>  The following principles of interpretation apply to this *Settlement Agreement*:

11.6.1. <u>Headings.</u>  The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement.*

11.6.2. <u>Singular and Plural.</u>  Definitions apply to the singular and plural forms of each term defined.

11.6.3. <u>Gender.</u>  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

11.6.4. <u>References to a *Person.*</u>  References to a *Person* are also to the *Person*'s permitted successors and assigns.

11.6.5. <u>Terms of Inclusion.</u>  Whenever the words "include," "includes," or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.7. <u>Further Assurances.</u>  Each of the *Parties* agrees, without further consideration and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

11.8. <u>Survival.</u>  All representations, warranties, and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the *Effective Date* of this *Settlement Agreement*.

11.9. <u>Notices.</u>  Any notice, demand, or other communication under this *Settlement Agreement* (other than the *Class Notice*, or other notices given at the direction of the *District Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

IF TO *PLAINTIFFS*:

STEMBER FEINSTEIN DOYLE & PAYNE, LLC
Ellen M. Doyle
Pamina Ewing
429 Forbes Avenue
17th Floor
Pittsburgh, PA  15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007

Email: edoyle@stemberfeinstein.com
Email: pewing@stemberfeinstein.com

HARWOOD FEFFER LLP
Robert I. Harwood
Peter W. Overs, Jr.
488 Madison Avenue
Eighth Floor
New York, NY  10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
Email: rharwood@hfesq.com
Email: povers@hfesq.com

WEINHAUS & POTASHNICK
Mark A. Potashnick
S. Sheldon Weinhaus
11500 Olive Boulevard
Suite 133
St. Louis, MO  63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
Email: attorneymp@hotmail.com
Email: weidob@igc.org

WOLFF & D'AGROSA
Paul J. D'Agrosa
7710 Carondelet Avenue
Suite 200
Clayton, MO  63105
Telephone: (314) 725-8019
Facsimile: (314) 725-8443
Email: paul@wolffdagrosa.com


IF TO *DEFENDANTS*:

GIBSON, DUNN & CRUTCHER LLP
William J. Kilberg, P.C.
Paul Blankenstein
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 530-9532
Email: wkilberg@gibsondunn.com
Email: pblankenstein@gibsondunn.com

11.10.  Entire Agreement.   This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*.

11.11.  Counterparts.   This *Settlement Agreement*, and any amendments thereto, and waivers of conditions, may be executed by exchange of faxed or electronically mailed executed signature pages, and any signature transmitted by facsimile or electronic mail for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*.  This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.12.  Binding Effect.   This *Settlement Agreement* binds and inures to the benefit of the *Parties* hereto, their assigns, heirs, administrators, executors, and successors.

11.13.  *Agreement Execution Date.*   The date on which the last signature is affixed below shall be the *Agreement Execution Date*.

11.14.  Communications Regarding Settlement and this *Action.*   The *Parties* agree that they will not hold a press conference, issue a press release, or otherwise take affirmative steps to comment to the press or media or publicize to any *Person* or entity this *Settlement* or the terms thereof other than to indicate that the *Action* was settled pursuant to a *District Court* proceeding. The *Parties* further agree not to engage in disparagement of the *Settlement*.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

[Execution Pages Follow]

ON BEHALF OF THE *NAMED PLAINTIFFS*:

Dated: May 9, 2011

By _Ellen M Doyle_
Ellen M. Doyle
STEMBER FEINSTEIN DOYLE & PAYNE,
   LLC
429 Forbes Avenue
17th Floor
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Email: edoyle@stemberfeinstein.com

Dated: May 9, 2011

By _Robert I. Harwood_
Robert I. Harwood
HARWOOD FEFFER LLP
488 Madison Avenue
Eighth Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
Email: rharwood@hfesq.com

ON BEHALF OF THE DEFENDANTS KV PHARMACEUTICAL CO., MELISSA HUGHES,
GERALD R. MITCHELL, AND MARY ANN TICKNER:

Dated: May 31, 2011

By _Paul Blankenstein_
William J. Kilberg, P.C.
Paul Blankenstein
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 530-9532
Email: wkilberg@gibsondunn.com
Email: pblankenstein@gibsondunn.com

ON BEHALF OF THE DEFENDANT MARC S. HERMELIN:

Dated: _May 13, 2011_      By _____
                           Paul J. Ondrasik
                           Ryan T. Jenny
                           STEPTOE & JOHNSON LLP
                           1330 Connecticut Avenue, N.W.
                           Washington, D.C.  20036
                           Telephone: (202) 429-6221
                           Facsimile: (202) 429-3902
                           Email: pondrasik@steptoe.com
                           Email: rjenny@steptoe.com


ON BEHALF OF THE DEFENDANT DAVID S. HERMELIN:

Dated: _____    By _____
                           Richard E. Greenberg
                           Wendy M. Menghini
                           GREENSFELDER, HEMKER & GALE, P.C.
                           10 South Broadway
                           Suite 2000
                           St. Louis, MO  63102
                           Telephone: (314) 345-4734
                           Facsimile: (314) 345-5467
                           Email: reg@greensfelder.com
                           Email: wms@greensfelder.com

ON BEHALF OF THE DEFENDANT MARC S. HERMELIN:

Dated:_____          By_____
                                         Paul J. Ondrasik
                                         Ryan T. Jenny
                                         STEPTOE & JOHNSON LLP
                                         1330 Connecticut Avenue, N.W.
                                         Washington, D.C.  20036
                                         Telephone: (202) 429-6221
                                         Facsimile: (202) 429-3902
                                         Email: pondrasik@steptoe.com
                                         Email: rjenny@steptoe.com


ON BEHALF OF THE DEFENDANT DAVID S. HERMELIN:

Dated:___5/9/11_____              By_____
                                         Richard E. Greenberg
                                         Wendy M. Menghini
                                         GREENSFELDER, HEMKER & GALE, P.C.
                                         10 South Broadway
                                         Suite 2000
                                         St. Louis, MO  63102
                                         Telephone: (314) 345-4734
                                         Facsimile: (314) 345-5467
                                         Email: reg@greensfelder.com
                                         Email: wms@greensfelder.com

ON BEHALF OF THE DEFENDANT RONALD J. KANTERMAN:

Dated: _May 9, 2011_        By _____
                                        Edward L. Dowd, Jr.
                                        John D. Comerford
                                        DOWD BENNETT LLP
                                        7733 Forsyth

By _____
Edward L. Dowd, Jr.
John D. Comerford
DOWD BENNETT LLP
7733 Forsyth
Suite 1410
Clayton, MO 63105
Telephone: (314) 889-7301
Facsimile: (314) 863-2111
Email: edowd@dowdbennett.com
Email: jcomerford@dowdbennett.com

ON BEHALF OF THE DEFENDANT RICHARD H. CHIBNALL:

Dated: _____

By _____
Barry A. Short
Evan Z. Reid
LEWIS RICE
600 Washington
Suite 2500
St. Louis, MO 63101
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
Email: bshort@lewisrice.com
Email: ereid@lewisrice.com

ON BEHALF OF THE DEFENDANT RONALD J. KANTERMAN:

Dated:_____          By_____
                                       Edward L. Dowd, Jr.
                                       John D. Comerford
                                       DOWD BENNETT LLP
                                       7733 Forsyth
                                       Suite 1410
                                       Clayton, MO  63105
                                       Telephone: (314) 889-7301
                                       Facsimile: (314) 863-2111
                                       Email: edowd@dowdbennett.com
                                       Email: jcomerford@dowdbennett.com


ON BEHALF OF THE DEFENDANT RICHARD H. CHIBNALL:

Dated:_5/16/11_____          By_____
                                       Barry A. Short
                                       Evan Z. Reid
                                       LEWIS RICE
                                       600 Washington
                                       Suite 2500
                                       St. Louis, MO  63101
                                       Telephone: (314) 444-7600
                                       Facsimile: (314) 241-6056
                                       Email: bshort@lewisrice.com
                                       Email: ereid@lewisrice.com

Exhibit 1:            *Preliminary Approval Order*
                      Exhibit A to *Preliminary Approval Order*: *Class Notice*
                      Exhibit B to *Preliminary Approval Order*: *Summary Notice*

Exhibit 2:            *Final Order*

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

---

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

               Plaintiffs,

      v.                                       Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

               Defendants.

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING
DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

       This Action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), with respect to the KV

Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust (the "Plan").

       The terms of the settlement are set out in the Class Action Settlement Agreement

("Settlement Agreement") fully executed as of May __, 2011 (the "Settlement"), executed by

counsel on behalf of the Plaintiffs and the Defendants.[1]

       Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court preliminarily

considered the Settlement to determine, among other things, whether the Settlement is sufficient

---

[1]      Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to
them in the Settlement Agreement.

to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  **Class Findings:** Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

(a)   The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(1), that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)   The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

(c)   The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(3), that the claims of the Plaintiffs are typical of the claims of the Settlement Class.

(d)   The Court preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

2

(e)     The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1), that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions and (iii) have committed the necessary resources to represent the Settlement Class.

2.     **Class Certification** – The Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) (the "Settlement Class"):

> All participants of the Plan who were invested in Class A and/or Class B shares of common stock of KV Pharmaceutical Company ("KV Pharmaceutical") in their individual accounts in the Plans at any time during the period starting on February 2, 2003 and ending on February 3, 2011, and as to each such Person, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

The Court appoints the Plaintiffs as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class. Any certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute,

3

and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

3.    **Preliminary Findings Regarding Proposed _Settlement_** – The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, including mediation, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4.    **_Fairness Hearing_** – A hearing is scheduled for _____ at _____ a.m. (the "Settlement Fairness Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice method provided to the Settlement Class: (i) constituted the best practicable notice, (ii) constituted notice reasonably calculated, under the

4

circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable and should be approved.

5.    ***Class Notice*** – The Plaintiffs have presented to the Court a proposed form of Notice, appended hereto as Exhibit A and Summary Notice appended hereto as Exhibit B.  The Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards up to $10,000 for each of the Named Plaintiffs for their service in such capacity, (c) gives notice to the Settlement Class of the time and place of the Settlement Fairness Hearing, and (d) describes how the recipients of the Notice and Summary Notice may object to any of the relief requested.   The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice practicable under the circumstances, (ii) constitutes notice

5

reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.  Accordingly, the Court directs that Class Counsel shall:

- By no later than _____, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort.  Within seven (7) days of the signing of this Order, Defendants shall confirm that KV Pharmaceutical has provided Class Counsel, in electronic format, the names and last known addresses of the Settlement Class members and timely respond to any reasonable written requests for accessible data in KV Pharmaceutical or the Plan trustee's/record keeper's (past or present) custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).  The names and addresses Class Counsel obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

- By no later than _____, cause the Summary Notice to be published on a national business wire service and the Company's website.

6

6.    **Objections to *Settlement*** – Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Awards for the Named Plaintiffs may file an objection.  An objector must file with the Court Clerk, proof of membership in the Settlement Class, and a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants.  The addresses for filing objections with the Court and service on counsel are as follows:

*For Filing:*

Clerk of the U.S. District Court for the Eastern District of Missouri
**Thomas F. Eagleton Courthouse**
111 South 10th Street, Suite 3.300
St. Louis, MO 63102
Re: *Crocker, et al. v. KV Pharmaceutical Company, et al.*, 4:09-cv-00198

*To Class Counsel:*

| | |
|---|---|
| Ellen M. Doyle, Esq. | Robert I. Harwood, Esq. |
| **STEMBER FEINSTEIN DOYLE** | **HARWOOD FEFFER LLP** |
| **& PAYNE** | 488 Madison Avenue, 8th Fl. |
| 429 Forbes Avenue, 17th Fl. | New York, NY 10022 |
| Pittsburgh, PA 15219 | |

*To Defendants' Counsel:*

Paul Blankenstein, Esq.
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than _____.

7

If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than _____. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

7.     **Appearance at *Fairness Hearing*** – Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than _____. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except by Order of the Court for good cause shown.

8.     ***Notice* Expenses** – The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

9.     **Service of Papers** – Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

8

10.    **Termination of *Settlement*** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties executed the Settlement Agreement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

11.    **Use of Order** – This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12.    **Jurisdiction** – The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13.     **Continuance of Hearing** – The Court reserves the right to continue the Settlement Fairness Hearing without further written notice.

SO ORDERED this _____ day of _____, 2011.

_____
HON. CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

            Plaintiffs,

    v.                                   Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

            Defendants.

# NOTICE OF CLASS ACTION SETTLEMENT

## Your legal rights might be affected
## if you are a member of the following class:

ALL PARTICIPANTS OF THE KV PHARMACEUTICAL CO. ("KV PHARMACEUTICAL") FIFTH RESTATED PROFIT SHARING PLAN AND TRUST (THE "PLAN") WHO WERE INVESTED IN CLASS A AND/OR CLASS B SHARES OF COMMON STOCK OF KV PHARMACEUTICAL IN THEIR INDIVIDUAL ACCOUNTS IN THE PLAN AT ANY TIME DURING THE PERIOD STARTING ON FEBRUARY 2, 2003 AND ENDING ON FEBRUARY 3, 2011, AND AS TO EACH SUCH PERSON, HIS, HER, OR ITS BENEFICIARIES, ALTERNATE PAYEES (INCLUDING SPOUSES OF DECEASED PERSONS WHO WERE PLAN PARTICIPANTS), AND SUCCESSORS-IN-INTEREST, BUT EXCLUDING THE DEFENDANTS.

**A FEDERAL COURT AUTHORIZED THIS NOTICE.**
**THIS IS NOT A SOLICITATION FROM A LAWYER.**
**YOU HAVE NOT BEEN SUED.**

- U.S. District Court Judge Carol E. Jackson of the United States District Court, Eastern District of Missouri (the "Court") has preliminarily approved the proposed settlement of a class action lawsuit brought under the Employee Retirement Income Security Act (often referred to as ERISA) (the "Settlement"), and has directed that this Notice be provided to members of the Settlement Class to explain the terms of the Settlement. The Settlement will provide for payments to the Plan (as defined above) and for allocation of those payments to the accounts of members of the Class who had

1

portions of their Plan accounts invested in KV Pharmaceutical Company common stock.   The Settlement is summarized below.

- The Court has scheduled a hearing on final approval of the Settlement and on Named Plaintiffs' motion for attorneys' fees and expenses and for compensation to the Named Plaintiffs.  That hearing before Judge Jackson has been scheduled for  [DATE], at [Time] in the [Floor] Courtroom of the United States District Court, Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South 10[th]Street,Suite3.300, St. Louis, MO 63102.

- Any objections to the Settlement or the motion for attorneys' fees and expenses and compensation to the Named Plaintiffs must be served in writing on Class Counsel for the Class and Defendants' Counsel identified on page 11 of this Notice.

- This Notice contains summary information with respect to the Settlement.  The terms and conditions of the Settlement are set forth in a Class Action Settlement Agreement governing the Settlement with all Defendants (the "Settlement Agreement").  Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement.  The Settlement Agreement, and additional information with respect to this lawsuit and the Settlement, are available at **www.berdonclaims.com.**

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY.   IF YOU ARE A MEMBER OF THE CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT WILL AFFECT YOUR RIGHTS.   YOU ARE NOT BEING SUED IN THIS MATTER. YOU DO NOT HAVE TO APPEAR IN COURT, AND YOU DO NOT HAVE TO HIRE AN ATTORNEY IN THIS CASE. IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT, YOU NEED NOT DO ANYTHING.   IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT PURSUANT TO THE PROCEDURES DESCRIBED BELOW.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **YOU MAY DO NOTHING.** | If the Settlement is approved by the Court and you are a member of the Class, you will not need to do anything to receive a payment.   The portion, if any, of the Settlement Fund to be allocated to your Plan account will be calculated as part of the implementation of the Settlement. |
| **NO ACTION IS NECESSARY TO RECEIVE PAYMENT.** | If you are currently participating in the Plan and are a member of the Class, any share of the Settlement Fund to which you are entitled will be deposited into your Plan account.  If you no longer are a Plan participant and are a member of the Class, any share of the net Settlement Fund to automatic distribution which you are entitled will be deposited in a Plan account that will be temporarily established for you, if necessary, and you will be notified of such account. |
| **YOU MAY OBJECT TO THE SETTLEMENT BY [DATE].** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel identified on page 11 of this Notice about why you object to the Settlement. |
| **YOU    MAY    ATTEND    A** | If you submit a written objection to the Settlement to the Court and |

2

| | |
|---|---|
| **FAIRNESS HEARING TO BE HELD ON [DATE].** | counsel before the Court-approved deadline, you may (but do not have to) attend the Settlement Fairness Hearing about the Settlement and present your objections to the Court. You may attend the Settlement Fairness Hearing even if you do not file a written objection, but you will only be allowed to speak at the Settlement Fairness Hearing if you file written comments in advance of the Settlement Fairness Hearing and file a Notice of Intention to Appear. |

■     These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

■     The Court still has to decide whether to give final approval to the Settlement.  Payments will be made only if the Court gives such final approval to the Settlement and that approval is upheld in the event of any appeals.

Further information regarding the litigation and this Notice may be obtained by contacting Class Counsel or by calling the toll –free number listed below:

**STEMBER FEINSTEIN DOYLE & PAYNE**
Attn: Ellen M. Doyle, Esq.
429 Forbes Avenue, 17th Fl.
Pittsburgh, PA 15219
edoyle@stemberfeinstein.com

**HARWOOD FEFFER LLP**
Attn: Robert I. Harwood, Esq.
488 Madison Avenue, 8th Fl.
New York, NY 10022
rharwood@hfesq.com

| | | |
|---|---|---|
| SUMMARY OF SETTLEMENT | | 5 |
| BASIC INFORMATION | | 6 |
| 1. | Why did I get this Notice? | 6 |
| 2. | What is the action about? | 6 |
| 3. | Why is this case a class action? | 8 |
| 4. | Why is there a Settlement? | 8 |
| 5. | How do I know whether I am part of the Settlement? | 8 |
| THE SETTLEMENT BENEFITS - WHAT YOU GET | | 9 |
| 6. | What does the Settlement provide? | 9 |
| 7. | How much will my payment be? | 9 |
| 8. | How will I get my payment? | 9 |
| 9. | When would I get my payment? | 10 |
| 10. | What if I do not want to be part of the Settlement? | 10 |
| THE LAWYERS REPRESENTING YOU | | 11 |
| 11. | Do I have a lawyer in the case? | 11 |
| 12. | How will the lawyers be paid? | 11 |
| 13. | How do I tell the Court that I do not like the Settlement? | 11 |
| THE COURT'S FAIRNESS HEARING | | 12 |
| 14. | When and where will the Court decide whether to approve the Settlement? | 12 |
| 15. | Do I have to attend the hearing? | 12 |
| 16. | May I speak at the hearing? | 12 |
| 17. | What happens if I do nothing at all? | 12 |
| 18. | Are there more details about the Settlement? | 12 |

QUESTIONS?  CALL(800) 766-3300TOLL FREE, OR VISIT www.berdonclaims.com
Do not call the Court or KV Pharmaceutical with your questions.

This litigation (the "Action") is a consolidated action in which Plaintiffs allege that Defendants breached fiduciary duties owed to the participants in and beneficiaries of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). A copy of the Consolidated Amended Complaint is available at www.berdonclaims.com. The Defendants have denied that they have violated ERISA or have engaged in any improper conduct.

## SUMMARY OF SETTLEMENT

1. A Settlement Fund consisting of Three Million Dollars ($3,000,000.00) is being paid pursuant to the Settlement Agreement.

2. The net amount in the Settlement Fund, including interest, and after payment of any taxes, expenses, approved attorneys' fees and costs, and compensation to the Named Plaintiffs ("Net Proceeds"), will be paid to the Plan and will then be allocated to Class members according to a Plan of Allocation to be approved by the Court.

### Statement of Potential Outcome of the Action

As with any litigated case, the Named Plaintiffs would face an uncertain outcome if the Action were to continue against the Defendants. Continued litigation could result in a judgment or verdict greater or lesser than the recovery under the Settlement Agreement, or in no recovery at all or a judgment or verdict in favor of the Defendants.

Throughout this Action, the Named Plaintiffs and the Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. The Defendants have denied and continue to deny all claims and contentions alleged by the Named Plaintiffs, that they are liable at all to the Class, and that the Class or the Plan have suffered any damages for which the Defendants could be legally responsible. Nevertheless, the Defendants have taken into account the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and have concluded that it is desirable that the Action be fully and finally settled as to them on the terms and conditions set forth in the Settlement Agreement.

### Statement of Attorneys' Fees and Costs Sought in the Action

Class Counsel in the Action will apply to the Court for an order awarding to counsel for the Named Plaintiffs attorneys' fees not in excess of 33⅓% of the amount recovered in the Settlement, plus reimbursement of out of pocket expenses. Any amount awarded will be paid from the proceeds of the Settlement Fund. Defendants take no position on this application and have no responsibility for payment of such fees and expenses.

### What Will the Named Plaintiffs Get?

The Named Plaintiffs named in the Action will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Class, except that, in addition, the Named Plaintiffs may apply to the Court for a case contribution award of up to $10,000 each, plus reimbursement of the reasonable costs and expenses directly relating to their representation of the Class. Any compensation awarded to Named Plaintiffs by the Court will be paid from the proceeds of the Settlement Fund.

5

**Further Information**

Further information regarding the Action and this Notice may also be obtained at www.berdonclaims.com or by calling (800)766-3300.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family are or may have been a participant in or beneficiary of the Plan and/or one of the Plan's predecessors or Successors.

The Court directed that this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and all of the options available to you regarding the Settlement, before the Court decides whether to give final approval to the Settlement. If the Court approves the Settlement, and if the Settlement is upheld after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among Class members according to a Court-approved Plan of Allocation. This Notice describes the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court presiding over this case is the United States District Court for the Eastern District of Missouri. The people who sued are called "Named Plaintiffs," and the people they sued are called "Defendants." The Named Plaintiffs in the Action are Harold S. Croker, Jr. and Anna Bodnar. The Defendants are: KV Pharmaceutical, Melissa Hughes, Gerald R. Mitchell, Mary Ann Tickner, Marc S. Hermelin, David S. Hermelin, Ronald J. Kanterman and Richard H. Chibnall. This settlement, if approved by the Court, will resolve claims against all Defendants.

The legal action that is the subject of this Notice and the Settlement is known as Crocker, et al. v. KV Pharmaceutical Co., et al., Civil Action No. 4:09-cv-00198, in the United States District Court for the Eastern District of Missouri (the "Action").

### 2. What is the Action about?

The Action claims that the Defendants were fiduciaries of the Plan and violated fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plan regarding the Plan's investment of assets in the stock of KV Pharmaceutical. In the Complaint, Named Plaintiffs asserted causes of action for the losses they allege were suffered by the Plan as the result of the alleged breaches of fiduciary duty by the Defendants.

Participants in the Plan were able to allocate their account balances among various investment funds. The investment funds included a fund primarily invested in KV Pharmaceutical common stock ("Employer Stock Fund").

The Complaint in the Action alleges that KV Pharmaceutical and other alleged fiduciaries of KV Pharmaceutical's 401(k) defined contribution retirement plan violated ERISA by, among other things, (1) failing to prudently manage the assets of the Plan, (2) failing to provide required disclosures to the

6

participants and beneficiaries of the Plan and (3) failing to properly appoint, monitor and inform other fiduciaries of the Plan.  Named Plaintiffs allege that certain Defendants knew or should have known that KV Pharmaceutical stock was not a prudent retirement investment during the Class Period and that the Defendants acted imprudently by not preventing further investment in KV Pharmaceutical stock and not liquidating the Plan's KV Pharmaceutical common stock holdings.  Named Plaintiffs also assert that certain Defendants violated their alleged fiduciary duties by failing to provide Plan participants with complete and accurate information about KV Pharmaceutical.

## The Defenses in the Action

The Defendants deny that they have liability to the Plan or its participants or beneficiaries.  If the litigation were to continue, the Defendants would raise numerous defenses to liability, including the following:

- They were not fiduciaries of the Plan, or, if they were fiduciaries, their fiduciary duties did not extend to the matters at issue in the Action;
- KV Pharmaceutical common stock and the Employer Stock Fund were at all relevant times a prudent investment for the Plan and their participants;
- To the extent they were fiduciaries as to the matters at issue in the Action, Defendants fully and prudently discharged all of their fiduciary duties imposed on them by ERISA;
- Even if they failed to discharge one or more of their ERISA fiduciary duties, any such breach of fiduciary duty did not cause the losses alleged by the Plaintiffs; and
- The relief sought by the Plaintiffs in the Action is not permitted by ERISA.

## The Action Has Been Aggressively Litigated

Counsel for the Named Plaintiffs have conducted an extensive investigation of the allegations in the Action and of the losses suffered by the Plan.  In addition, through that investigation and through discovery of information in the Action, counsel for the Named Plaintiffs have obtained and reviewed thousands of pages of documents, including Plan governing documents and materials, communications with Plan participants, internal KV Pharmaceutical documents regarding the Plan, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying corporate issues that the Named Plaintiffs allege made investment of the Plan's assets in the Employer Stock Fund imprudent.

Named Plaintiffs' counsel opposed a motion by the Defendants to dismiss the Named Plaintiffs' claims.  The Court granted that motion in an order dated March 24, 2010. Named Plaintiffs moved to reconsider such order, which motion was denied on October 20, 2010.  Named Plaintiffs were in the process of appealing these orders when the parties entered into mediation resulting in the Settlement Agreement.

### Settlement Discussions

The proposed Settlement is the product of hard-fought, lengthy negotiations between Class Counsel and the Defendants' counsel. Throughout the negotiations, Class Counsel and Defendants' counsel were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

### 3.      Why is this case a class action?

In a class action, one or more plaintiffs, called "class representatives" or "named plaintiffs" sue on behalf of people who have similar claims.  All of these people who have similar claims collectively make up the "Class" and are referred to individually as "Class Members."  One court resolves the issues for all Class Members together.  Because the wrongful conduct alleged by Named Plaintiffs in this Action may have affected a large group of people in a similar way, the Named Plaintiffs filed this case as a class action.  U.S. District Judge Carol E. Jackson is presiding over this case.

### 4.      Why is there a Settlement?

Although the District Court granted the Defendants' motions to dismiss, the Named Plaintiffs appealed that decision to the Court of Appeals, seeking to have that ruling reversed and the case sent back to the District Court for further proceedings and perhaps trial. However, before the Court of Appeals could decide the appeal, the Named Plaintiffs and the Defendants agreed to settle the case.

Even if they had been successful on appeal and the case was sent back to the District Court, the Named Plaintiffs would still face an uncertain outcome if this case went to trial.  On the one hand, continuation of the case against the Defendants could result in a verdict greater than the Settlement.  On the other hand, continuing the case against them could result in a verdict for less money than Named Plaintiffs have obtained in the Settlement or no recovery at all.  Based on these factors, the Named Plaintiffs and their attorneys in this case believe the Settlement is best for all Class members.

### 5.      How do I know whether I am part of the Settlement?

The proceeds of the Settlement will be allocated only to members of the Class, and then only according to a Court-approved Plan of Allocation.

You are a member of the Class if you fall within the definition of the Class approved by United States District Judge Carol E. Jackson:

> All participants of the KV Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust (the "Plan") who were invested in Class A and/or Class B shares of common stock of KV Pharmaceutical in their individual accounts in the Plans at any time during the period starting on February 2, 2003 and ending on February 3, 2011, and as to each such Person, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

If you are a member of the Class, the amount of money you will receive, if any, will depend upon the Court-approved Plan of Allocation, described below in Section 8.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**6.      What does the Settlement provide?**

A Settlement Fund consisting of three million dollars ($3,000,000.00) is being established in the Action.  The net amount in the Settlement Fund, including interest, and after payment of, and establishment of reserves for, any taxes and Court-approved costs, fees, and expenses, including any Court-approved compensation to be paid to the Named Plaintiffs, will be paid to the Plan and, after payment of implementation expenses, the remaining amount will be allocated to the Plan accounts of members of the Class according to a Plan of Allocation to be approved by the Court.  If necessary, a Plan account will be created for those members of the Class who no longer have Plan accounts.

All Class members and anyone claiming through them are deemed to fully release the "Released Parties" from "Released Claims."  The Released Parties include the Defendants, both individuals and entities, and their related entities, officers, directors, employees, attorneys, and agents.  As a general matter, the Released Claims include all claims arising out of or in any way related to, directly or indirectly, any of the alleged matters during the Class Period that were or could have been asserted in the Action.  This means, among other things, that Class members will not have the right to sue the Released Parties for anything related to the investment of Plan assets in KV Pharmaceutical (or its predecessors' or successors') stock or to other alleged fiduciary misconduct during the Class Period concerning the Plan.

The above description of the operation of the Settlement is only a summary.  The governing provisions are set forth in the Settlement Agreement, which may be viewed at **www.berdonclaims.com**.

**7.      How much will my payment be?**

Each Class member's share of the Net Proceeds will be determined using a Court-approved Plan of Allocation. Because the Net Proceeds are less than the total losses alleged by the Class, each Class member's proportionate recovery will be less than his or her alleged loss.  Please note that a Participant whose recovery is less than or equal to $10.00 would not receive any recovery.  You are not responsible for calculating the amount you may be entitled to receive under the Settlement.  This calculation will be done as part of the implementation of the Settlement.

If you are entitled to a share of the net Settlement Fund, you will receive a statement showing the amount of your share.

**8.      How will I get my payment?**

You do not need to file a claim. If you are a Class member entitled to receive a portion of the Settlement proceeds and you are a current Plan participant (including a former employee with a balance in your account), your portion will be deposited in your Plan account and invested according to the current investment allocation percentages applicable to new contributions. If you are a Class member entitled to receive a share of the Settlement proceeds but are no longer a Plan participant, an account will be temporarily established for you in the Plan, and you will be notified of the account and how to withdraw the proceeds.  In that case, the proceeds will be allocated in accordance with the most recent election that

9

the Plan has on file for you, or to the Qualified Default Investment Alternative, and you will have 90 days to provide instructions for distribution of the proceeds.  If you do not provide instructions, the Plan will attempt to distribute the proceeds in accordance with your last payment instructions.  If you are a former Plan participant and have not provided the Plan with your current address, please contact [the Plan Fiduciary] at _____, or contact (in writing) Class Counsel listed on page 3 above.

**9.     When would I get my payment?**

Payment is conditioned on several matters, including the Court's approval of the Settlement and such approval becoming final and no longer subject to any appeals to any court. Upon satisfaction of various conditions set forth in the Settlement Agreement, the Net Proceeds will be paid to the Plans and allocated to the accounts of Class members pursuant to the Plan of Allocation (described in the Answer to Question No. 8, above) as soon as possible after final approval has been obtained for the Settlement (which, as noted, includes exhaustion of any appeals).  An appeal may take several years.  Any accrued interest on the Settlement Fund will be included in the amount paid to the Plans and allocated to the Plan accounts of Class members.

## THERE WILL BE NO PAYMENTS IF THE SETTLEMENT AGREEMENT IS TERMINATED

The Settlement Agreement may be terminated on several grounds, including if (1) the Court does not approve or materially modifies the Settlement or (2) either as modified by the Court or as a result of reversal or modification on appeal, the Court's Final Order in the case does not satisfy certain terms of the Settlement Agreement.  Should the Settlement Agreement be terminated, the Action will proceed between Named Plaintiffs and the Defendants as if the Settlement Agreement had not been entered into, including the pending appeal on the motion to dismiss.

**10.     What if I do not want to be part of the Settlement?**

**You do not have the right to exclude yourself from the Settlement.**  The Settlement Agreement provides for certification of the Settlement Class as a non-opt-out class action under Federal Rule of Civil Procedure 23(b)(1) and the Court has preliminarily determined that the requirements of that rule have been satisfied. Thus, it is not possible for any Settlement Class member to exclude themselves from the Settlement. As a Settlement Class member, you will be bound by any judgments or orders that are entered in the Action for all claims that were or could have been asserted in the Action or are otherwise released under the Settlement.  Although you cannot opt out of the Settlement, you can object to the Settlement. See the answer to Question 13 below.

## THE LAWYERS REPRESENTING YOU

**11.  Do I have a lawyer in the case?**

The Court has appointed the law firms Stember Feinstein Payne & Doyle LLC and Harwood Feffer LLP as Class Counsel for Named Plaintiffs in the Action.  You will not be charged directly by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**12.  How will the lawyers be paid?**

Class Counsel will file a motion for the award of attorneys' fees and expenses.  This motion will be considered at the Fairness Hearing.  As previously described, Class Counsel have agreed to limit their application for an award of attorneys' fees to not more than 33⅓% of the Settlement Fund, plus reimbursement of expenses incurred in connection with the prosecution of the Action.  This motion will be filed with the Court no later than [two] weeks before any objections by class members are due.

**13.  How do I tell the Court if I do not like the Settlement?**

If you are a Class member, you can object to the Settlement as a whole or any part of it, including the application for attorneys' fee and expenses, and/or the compensation sought by the Named Plaintiffs.  In order to object, you must send a letter or other written filing, providing proof of membership in the Settlement Class saying that you object to the Settlement.  Be sure to also include your name, address, telephone number, signature, and a full explanation of all reasons you object to the Settlement and any evidence or other documentation supporting your objection.  **Your written objection must be served on the following counsel and must be postmarked by no later than [DATE]**:

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Ellen M. Doyle, Esq.<br>**STEMBER FEINSTEIN DOYLE & PAYNE**<br>429 Forbes Avenue, 17th Fl.<br>Pittsburgh, PA 15219<br><br>Robert I. Harwood, Esq<br>**HARWOOD FEFFER LLP**<br>488 Madison Avenue, 8th Fl.<br>New York, NY 10022 | Paul Blankenstein, Esq.<br>**GIBSON, DUNN & CRUTCHER LLP**<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306 |

You must also file your objection with the Clerk of the United States District Court for the Eastern District of Missouri.  The address is:  Clerk of the U.S. District Court for the Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South 10th Street, Suite 3.300, St. Louis, MO 63102.  **Your objection must be postmarked no later than [DATE]**.

**QUESTIONS?  CALL(800) 766-3300TOLL FREE, OR VISIT www.berdonclaims.com**
**Do not call the Court or KV Pharmaceutical with your questions.**

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement as fair, reasonable and adequate (the "Fairness Hearing"). You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend.

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the United States District Court for the Eastern District of Missouri, Thomas F. Eagleton Courthouse, 111 South 10th Street, Suite 3.300, St. Louis, MO 63102 in the Courtroom then occupied by United States District Judge Carol E. Jackson. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses. We do not know how long these decisions will take.

**15. Do I have to attend the hearing?**

No. It is not necessary for you to attend the hearing even if you have filed an objection. If you would like to attend, you may do so at your expense. Class Counsel will answer questions Judge Jackson might have.

**16. May I speak at the hearing?**

If you are a Class member, you may ask the Court for permission to speak at the Fairness Hearing. You may, *but are not required to do so*, pay an attorney to appear on your behalf. To seek permission to speak at the Fairness Hearing, you (or your attorney) must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Crocker, et al. v. KV Pharmaceutical Company*, et al., 4:09-cv-00198. Be sure to include your name, address, telephone number, and your signature. A copy of the Notice of Intention to Appear must be sent to the attorneys listed in the Answer to Question No. 13, above, postmarked no later than [DATE], and the original must be filed with the Clerk of the Court at the address listed in the Answer to Question No. 13, postmarked no later than [DATE].

**17. What happens if I do nothing at all?**

If you do nothing and you are a Class member, you will participate in the Settlement of the Action as described above if the Settlement is approved.

**18. Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement Agreement. Copies may be obtained at **www.berdonclaims.com**. The Settlement Agreements also were filed with the Clerk of the Court and may be obtained from the Clerk's office directly. You

12

**QUESTIONS? CALL(800) 766-3300TOLL FREE, OR VISIT <u>www.berdonclaims.com</u>**
**Do not call the Court or KV Pharmaceutical with your questions.**

may also obtain a copy of the Settlement Agreement by making a written request to the Class Counsel listed at page 3 above.


      Dated:  Date of Mailing_____

                                 BY ORDER OF COURT

**QUESTIONS?  CALL(800) 766-3300TOLL FREE, OR VISIT www.berdonclaims.com**
**Do not call the Court or KV Pharmaceutical with your questions.**

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

---

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

        Plaintiffs,

    v.                                                          Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

        Defendants.

---

### SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

**ALL PARTICIPANTS OF THE KV PHARMACEUTICAL CO. FIFTH RESTATED PROFIT SHARING PLAN AND TRUST (THE "PLAN") WHO WERE INVESTED IN CLASS A AND/OR CLASS B SHARES OF COMMON STOCK OF KV PHARMACEUTICAL COMPANY IN THEIR INDIVIDUAL ACCOUNTS IN THE PLAN AT ANY TIME DURING THE PERIOD STARTING ON FEBRUARY 2, 2003 AND ENDING ON FEBRUARY 3, 2011 (THE "CLASS PERIOD"), AND AS TO EACH SUCH PERSON, HIS, HER, OR ITS BENEFICIARIES, ALTERNATE PAYEES (INCLUDING SPOUSES OF DECEASED PERSONS WHO WERE PLAN PARTICIPANTS), ANDSUCCESSORS-IN-INTEREST, BUT EXCLUDING THE DEFENDANTS (THE "SETTLEMENT CLASS").**

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.
YOU ARE NOT BEING SUED.**

A settlement has been preliminarily approved by a Federal court in a consolidated class action lawsuit against KV Pharmaceutical Company ("KV Pharmaceutical" or the "Company"), and certain of its former officers and directors, alleging breaches of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). This settlement will provide for a payment of $3 million to the Plan (minus Court-approved attorneys' fees and expenses), which will then be allocated to the accounts of participants of the Plan who had portions of their Plan accounts invested in KV Pharmaceutical Class A and/or Class B common stock during the Class Period (the "Settlement"). You do not need to send in a claim or take any other action

to participate in the Settlement. If you qualify, you will receive an allocation.

The Court will hold a hearing  at _____ a.m. on _____, in the Courtroom of Judge Carol E. Jackson of the United States District Court, Eastern District of Missouri, 111 South 10th Street, Suite 3.300, St. Louis, MO 63102, to consider whether to give final approval to  the Settlement, the proposed plan of allocation, and a request by the attorneys  representing all Settlement Class members for an award of attorneys' fees and reimbursement of expenses, as well as for case contribution awards to the named plaintiffs.  If approved, these amounts will be paid from the settlement fund.  You may ask to speak at the hearing by filing a Notice of Intention to Appear, but you are not required to do so.  Although you cannot opt out of the Settlement, you may object to all or any part of the Settlement in accordance with the Notice.

If you are a Settlement Class member and have not received a copy of the long-form Notice of Class Action Settlement that the Court has approved for distribution to Settlement Class Members, and would like to receive additional information or a copy of the long-form Notice, please visit www.berdonclaims.com  or call toll-free (800)766-3330 and identify yourself as a Settlement Class member.

Inquiries should NOT be directed to the Court or the Clerk of the Court or to KV Pharmaceutical.

Dated: [PUBLICATION DATE]

BY ORDER OF THE COURT

EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

---

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

                    Plaintiffs,

      v.                                           Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

                    Defendants.

---

### [PROPOSED] ORDER AND FINAL JUDGMENT

On the ___ day of _____, 2011, this Court held a hearing to determine (1) whether the terms and conditions of the Class Action Settlement Agreement dated May __, 2011 ("the Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by all members of the Settlement Class against Defendants in the class action captioned *Crocker, et al. v. KV Pharmaceutical Company, et al.*, Civ. Action No. 4:09-cv-00198 ("the Class Action"), including the release of all Defendants from the Released Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint against Defendants with prejudice in favor of Defendants and as against all Settlement Class members; (3) whether to approve the proposed Plan of Allocation as a fair and equitable method to allocate the Settlement Fund among all Settlement Class members; (4) whether and in what amount to award Class Counsel fees and expenses; and (5) whether and in what amount to award each of the proposed Named Plaintiffs a Named Plaintiffs' Case Contribution Award in recognition of the time and effort they contributed while representing the members of the Settlement Class.

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable as Settlement Class members and that the Summary Notice approved by the Court was published on the Businesswire and a website maintained by a notice administrator; and the Court having considered and determined the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation, and the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all initial capitalized terms used herein having the meanings set forth in the Settlement Agreement,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     The Court has jurisdiction over the subject matter of the Action and over all parties to it, including all members of the Settlement Class.

2.     The Court finds for the purposes of the Settlement only that the prerequisites for certification of this Action as a class action under Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied in that in this Action:  (a) the number of Settlement Class members herein is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class herein; (c) the claims of the Class Representatives designated herein are typical of the claims of the Settlement Class sought to be represented; (d) the Class Representatives have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class herein. The Court also finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1),that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in

2

this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of Settlement only, the Court hereby finally certifies this Action as a class action, with the Settlement Class being defined as follows:

> All participants of the KV Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust (the "Plan") who were invested in Class A and/or Class B shares of common stock of KV Pharmaceutical Company in their individual accounts in the Plans at any time during the period starting on February 2, 2003 and ending on February 3, 2011, and as to each such Person, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court appoints Harold S. Crocker, Jr. and Anna Bodnar as Class Representatives in this Action.  The Court appoints Stember Feinstein Doyle & Paine LLC and Harwood Feffer LLP as Class Counsel.  The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class.  Class Counsel who seek to represent the Settlement Class in the Action have done sufficient work and are sufficiently experienced in ERISA class action litigation to represent the interests of the Settlement Class.

5.     The Court determines that the Class Notice transmitted to the Settlement Class and the published Summary Notice provided pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein are the best notice practicable

under the circumstances and, in the form of the Class Notice, included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6.      The Court determines that the Settlement Agreement has been negotiated vigorously and at arm's-length by Plaintiffs and their counsel on behalf of the Plans and the Settlement Class and further finds that, at all times, Named Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. If settlement of Named Plaintiffs' claims had not been achieved, both Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court further finds that the settlement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation PTE 2003-39, and is supported by a determination from an independent fiduciary that the settlement is appropriate for the Plans.      Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA §§ 406(a) or (b).

7.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action and in the best interests of the Settlement Class. The Court orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

8.     The Court hereby finds that the Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members.  A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation.  Accordingly, the Court hereby approves the Plan of Allocation.

9.     The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

10.     The Court having certified the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class members shall be bound by the Settlement.

11.     Effective upon the entry of this Order, the Plans, by and through the Independent Fiduciary retained pursuant to Section 2.5 of the Settlement Agreement, and by operation of this Order, both on the behalf of each Plan and on behalf of each Plan's participants who are members of the Settlement Class, have absolutely and unconditionally released and forever discharged each and all of the Releasees from Released Claims that each Plan directly, indirectly, derivatively, or in any other capacity ever had, now has, or hereafter may have.  Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

12.     Effective upon the entry of this Order, Named Plaintiffs and Settlement Class members have absolutely and unconditionally released and forever discharged the Releasees from Released Claims that Named Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have.  Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

13.     Effective upon the entry of this Order, Defendants have absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Plan, the Settlement Class and Class Counsel from any and all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement.  The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Named Plaintiffs, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims.  Accordingly, Named Plaintiffs and Defendants shall not assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Settling Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action.  Except as expressly set forth in the Settlement Agreement, each party shall bear his, her or its own costs and expenses, including attorneys' fees.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed in the manner provided in the Settlement Agreement and the Order of Preliminary Approval.

15.     Effective upon the entry of this Order, Plaintiffs, the Plans, all Settlement Class members, are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims against any of the Releasees, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim,

defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located.

16.     The Settlement Agreement and this Final Order, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Released Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by Named Plaintiffs or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit.  Absent written agreement of the parties, in the event the Settlement is reversed, vacated, or modified in any respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose.  Nothing herein shall be deemed to preclude Defendants from contesting class certification for any other purpose.

17.     The Settlement Agreement and the Final Order shall not be offered or received in evidence by any class member or party to this action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

18.     The attorney fees sought by Class Counsel are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.  Accordingly, attorneys' fees are

awarded in the amount of $_____ to be paid in accordance with the Settlement Agreement.

19.     The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.  Accordingly expenses are awarded in the amount of $_____, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

20.     Plaintiffs Harold S. Croker, Jr. and Anna Bodnar are each awarded $_____ as a Named Plaintiff Case Contribution Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

21.     Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of_____, 2011.


_____
Hon. Carol E. Jackson
U.S. District Court Judge