UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD S. CROCKER, et al., <br> on behalf of themselves and others <br> similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KV PHARMACEUTICAL COMPANY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 4:09-CV-198 (CEJ) <br> ) <br> ) <br> ) <br> ) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONAL CLASS CERTIFICATION

This action involves claims of alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. (ERISA), with respect to the KV Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust (the "Plan").

The terms of the settlement are set out in the Class Action Settlement Agreement ("Settlement Agreement") fully executed as of May 31, 2011 (the "Settlement"), executed by counsel on behalf of the Plaintiffs and the Defendants.[1] Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement,

**IT IS HEREBY ORDERED** that:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1.   **Class Findings**:  Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the "Settlement Class" defined below, in that:

(a) The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(1), that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

(c) The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(3), that the claims of the Plaintiffs are typical of the claims of the Settlement Class.

(d) The Court preliminarily finds, for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class, and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

 (e) The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(b)(1), that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

 (f) The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions and (iii) have committed the necessary resources to represent the Settlement Class.

 2. **Class Certification**:  The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23, certifies solely for purposes of settlement the following class under Fed. R. Civ. P. 23(b)(1) (the "Settlement Class"):

> All participants of the Plan who were invested in Class A and/or Class B shares of common stock of KV Pharmaceutical Company ("KV Pharmaceutical") in their individual accounts in the Plans at any time during the period starting on February 2, 2003 and ending on February 3, 2011, and as to each such Person, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

The Court appoints the Plaintiffs as representatives for the Settlement Class and Class Counsel as counsel for the Settlement Class.  Any certification of a preliminary Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule.

3.     **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, including mediation, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4.     **Fairness Hearing**:  A hearing is scheduled for **Friday, May 4, 2012, at 9:30 a.m.** (the "Settlement Fairness Hearing") to determine, among other things:

(a) Whether the Settlement merits final approval as fair, reasonable and adequate;

(b) Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

(c) Whether the notice method provided to the Settlement Class: (i) constituted the best practicable notice, (ii) constituted notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

(d) Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

(e) Whether the proposed Plan of Allocation should be approved; and

(f) Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Named Plaintiffs are fair and reasonable and should be approved.

5. **Class Notice**: The Plaintiffs have presented to the Court a proposed form of Notice, appended hereto as Exhibit A and Summary Notice appended hereto as Exhibit B.  The Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement and the Plan of Allocation, (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of

expenses from the Settlement Fund, and for Case Contribution Awards up to $10,000 for each of the Named Plaintiffs for their service in such capacity, (c) gives notice to the Settlement Class of the time and place of the Settlement Fairness Hearing, and (d) describes how the recipients of the Notice and Summary Notice may object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice practicable under the circumstances, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law. Accordingly, the Court directs that Class Counsel shall:

>  (a) By no later than **February 28, 2012**, cause the Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by internet notice and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified by reasonable effort. Within seven (7) days of the signing of this Order, Defendants shall confirm that KV Pharmaceutical has provided Class Counsel, in electronic format, the names and last known addresses of the Settlement Class members and timely respond to any reasonable written requests for accessible data in KV Pharmaceutical or the Plan trustee's/record keeper's (past or present)

-6-

custody or control necessary to effectuate notice and implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein).  The names and addresses Class Counsel obtains pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

(b) By no later than **February 28, 2012**, cause the Summary Notice to be published on a national business wire service and the Company's website.

6. **Objections to Settlement**: Any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Awards for the Named Plaintiffs may file an objection. An objector must file with the Court Clerk, proof of membership in the Settlement Class, and a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection.  The objector must also mail copies of the objection and all supporting law and/or evidence to Class Counsel and to counsel for the Defendants.  The addresses for filing objections with the Court and service on counsel are as follows:

**For Filing:**

Clerk of the U.S. District Court for the Eastern District of Missouri
Thomas F. Eagleton Courthouse
111 South 10th Street, Suite 3.300
St. Louis, MO 63102
*Re:  Crocker, et al. v. KV Pharmaceutical Company, et al., 4:09-CV-00198*

**To Class Counsel:**

Ellen M. Doyle, Esq.

STEMBER FEINSTEIN DOYLE & PAYNE
429 Forbes Avenue, 17th Fl.
Pittsburgh, PA 15219

Robert I. Harwood, Esq.
HARWOOD FEFFER LLP
488 Madison Avenue, 8th Fl.
New York, NY  10022

To Defendants' Counsel:

Paul Blankenstein, Esq.
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

The objector or his, her, or its counsel (if any) must effect service of copies of the objection on counsel listed above and file it with the Court by no later than **April 20, 2012**.  If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than **April 20, 2012**.  Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

7.    **Appearance at Fairness Hearing**:  Any objector who files and serves a timely, written objection in accordance with paragraph 6 above may also appear at the Settlement Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Settlement Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the

-8-

objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than **April 20, 2012**.  Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Fairness Hearing, except by Order of the Court for good cause shown.

8. **Notice Expenses:**  The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

9. **Service of Papers:**  Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

10. **Termination of Settlement:**  This Order shall become null and void, ab initio, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties executed the Settlement Agreement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

11. **Use of Order:**  This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.  This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not

be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated.  Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

12. **Jurisdiction:** The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

13. **Continuance of Hearing:**  The Court reserves the right to continue the Settlement Fairness Hearing without further written notice.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January, 2012.