**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| HAROLD S. CROCKER, JR. and ANNA BODNAR, on behalf of themselves and others similarly situated, | Civil Action No.:  4:09-cv-0198-CEJ |
| Plaintiffs, | Judge Carol E. Jackson |
| v. | Class Action |
| KV PHARMACEUTICAL, MARC S. HERMELIN, RONALD J. KANTERMAN, DAVID S. HERMELIN, MELISSA HUGHES, RICHARD H. CHIBNALL, GERALD R. MITCHELL, MARY ANN TICKNER, , and DOES 1-20, | |
| Defendant. | |

**JOINT DECLARATION OF ELLEN M. DOYLE AND ROBERT I. HARWOOD IN
SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND CASE CONTRIBUTION AWARDS**

Ellen M. Doyle and Robert I. Harwood, being duly sworn, declare as follows:

1.    I, Ellen M. Doyle, am a partner in the Pennsylvania law firm of Stember Feinstein Doyle Payne & Kravec, LLP ("SFDPK").

2.    I, Robert I. Harwood, am a member in the New York law firm of Harwood Feffer LLP ("Harwood Feffer").

3.    We were appointed as Interim Co-Lead Counsel in this consolidated ERISA class action against KV Pharmaceutical ("KV") and other defendants on May 7, 2008 (Docket No. 8), and recognized as Class Counsel in the order preliminarily approving the settlement and certifying the Class on January 27, 2012 (Docket No. 161).

4.    We jointly submit this declaration to provide the Court with information regarding plaintiffs' application for an award of attorneys' fees and reimbursement of expenses

as well as the Named Plaintiff Case Contribution Awards.  A final approval hearing at which time this fee application will be considered is scheduled for May 4, 2012.  This declaration is based on our personal knowledge of the facts set forth herein from our active participation in the prosecution and proposed settlement of this Action and we are competent to testify to the matters set forth herein as they relate to this litigation and our firms.

5.      As previously reported to the Court, the Settlement was negotiated at arm's-length by highly experienced ERISA practitioners and defense attorneys from prestigious law firms.  As this Court noted when it appointed our two firms as Interim Co-Lead Counsel, the firms offered "ample evidence" of their "extensive knowledge of ERISA through speaking engagements, writing and serving on the ERISA committees of various bar groups."  (Docket No. 69 at 5.)

6.      This litigation was settled after extensive analysis and discovery conducted by Class Counsel with the realization that continued litigation of the Action would require substantial judicial resources and additional commitment of time and resources.

7.      Class Counsel's vigorous prosecution of the litigation and settlement negotiations with defense counsel led to a settlement that attains a substantial monetary payment for the benefit of the Plan and the Plan's participants.  As discussed in our papers submitted in support of preliminary approval, the Settlement provides for the payment of $3,000,000 by defendants into a settlement fund, which, after payment of all fees, expenses, costs of notice, costs of administration, case contribution awards and taxes, will be allocated to the Plan's participants, pursuant to a Court-approved plan of allocation.

8.      The Settlement was reached after Class Counsel had expended substantial efforts, including, among other things:  (a) review and analysis of KV's public filings, annual reports, and press releases, as well as news articles about KV's operations and financial condition; (b) review and analysis of  plan documents, summary plan descriptions, account statements, 11-Ks,

and other documents to determine who to name as fiduciary defendants as well as to determine other facts related to plan operation; (c) research and drafting of the original February 2009 complaint (Docket No. 1) and March and June 2009 amended complaints (Docket Nos. 46, 72); (d) research and opposition to multiple motions to dismiss filed by Defendants (Docket Nos. 86, 88, 91, 93), and provisions of supplemental authorities in further support of the opposition to the motions (Docket Nos. 115-01; 123); (e) research and briefing of the motion for reconsideration of the granting of the motion to dismiss (Docket Nos. 130-131), and drafting and seeking leave to file a Second Amended Complaint, in part, based on new evidence from KV's March 25, 2010 Form 10-K for the year ending March 31, 2008, and its late quarterly reports for quarters ending June 30, 2008 through December 31, 2008 and KV's issuance of its 10-K for the year ending March 31, 2009 (Docket Nos. 130-01 ¶¶ 207-224); (f) preparation of a mediation statement setting forth the bases for settlement and a proposed term sheet in advance of the mediation held on February 15, 2011; (g) participation in the February 15, 2011 mediation and negotiation of the monetary and other terms for settlement; (h) drafting of the settlement papers and the plan of allocation, which were presented for preliminary approval on June 23, 2011 (Docket No. 154); (i) oversight of the preliminary approval and notice process for the Class related to the Court's preliminarily approval of the settlement and form of notice on January 27, 2012 (Docket No. 61); (j) cooperation with the Independent Fiduciary retained by defendants including, telephone conferences and written requests for information; and (k) otherwise representing the interests of the Class in this matter. We expect our role in this litigation will continue through the fairness hearing and until all funds have been disbursed to the members of the Class.

9.      This litigation, like most ERISA cases, involved complex legal issues. Here, as discussed herein, there were other issues which warranted consideration before entering into any settlement.

3

10.     At the onset, because the conduct of the defendant fiduciaries in this case was to be judged on the basis of the facts and circumstances which faced them related to the KV stock investment, Class Counsel had to become as knowledgeable as possible about the underlying facts related to the problems at KV.   This required investigation into the requirements for production of pharmaceuticals by the Food and Drug Administration ("FDA"), investigation into the significance of certain financial control issues at KV, and other complex matters.

11.     The United States Department of Labor regulations at 29 C.F.R. § 2550.404a-1(b)(1)(i) provide that a fiduciary acts prudently when it gives "appropriate consideration to those facts and circumstances that, given the scope of such fiduciary's investment duties, the fiduciary knows or should know are relevant to the...investment course of action involved." Among other things, there was nothing simple or easy about the pursuit of these ERISA fiduciary breach claims for imprudent investment of Plan assets in KV stock.   The issues related to the standards for proving fiduciary breach related to plan investments in employer securities and the sufficiency of various defenses was an unsettled area of the law at the time this action was filed and continued to be unsettled between and among the courts of appeals up through the date of the mediation of these claims and to the present.   Further, this Court found that Plaintiffs had the burden to overcome the presumption of prudence of investment in employer stock.   (Docket No. 28.)

12.     Numerous courts have granted motions to dismiss and/or motions for summary judgment in cases claiming imprudent investment in employer stock.   *See, e.g., In Re Citigroup ERISA Litigation*, 662 F.3d 128 (2d Cir. 2011); *Quan v. Computer Sci. Corp.*, 623 F.3d 870 (9th Cir. 2010).   These cases are particularly challenging because it is difficult to overcome the presumption of prudence and because there is no established legal path to success through trial and appeal. *See, e.g., DiFelice v.US Airways, Inc.*, 497 F.3d 410 (4th Cir. 2007); *Brieger v.*

4

*Tellabs, Inc.*, 629 F.Supp.2d 848 (N.D.Ill. 2009).  Improper disclosures under ERISA have also been difficult to sustain.  *See Howell v. Motorola, Inc.*, 633 F.3d 552 (7th Cir. 2011).  In addition, participants have encountered difficulties in proving that plan losses were caused by fiduciary action or inaction.  *See Plasterers' Local Union No. 96 Pension Plan*, 663 F.3d 210 (4th Cir. 2011).

13.     In agreeing to the Settlement, the parties weighed the expense and length of the litigation necessary to take this matter through trial <u>assuming</u> we were successful on appeal against the likelihood of obtaining a better result by any judgment obtained after trial and a possible further appeal.  Having vast experience litigating and negotiating settlements in similar ERISA class actions, Class Counsel determined that the Settlement benefits achieved for the Plans and the Plan's participants now constitute an outstanding resolution of the Action and thus warrant not only approval of the settlement itself but the requested fee and expense award.

14.     Annexed hereto as Exhibits 1-4 are declarations from plaintiffs' counsel, which provide time and expense information as well as firm resumes.  These resumes reflect, among other things, that Class Counsel have extensive experience in ERISA and other securities litigation and were well-equipped to evaluate the strengths and weaknesses of this ERISA action in order to make an informed decision about the settlement.

15.     These declarations also show that plaintiffs' counsel have collectively spent more than 1,600 hours on this litigation and incurred nearly $35,000 in unreimbursed costs on behalf of the Class.  None of the counsel have received any compensation for any of their time or reimbursement of their expenses during the pendency of the litigation.  All time was expended on a contingent basis.

16.     Class Counsel submit that the time they expended was appropriate and reasonable in order to effectuate a recovery for the Plan and Class members in this action. Class Counsel

delegated work to paralegals, associates and law students when possible. Class Counsel were able to draw on their substantial experience in pursuing ERISA fiduciary breach class actions in order to reduce the amount of time spent on pleading and briefing certain complicated ERISA and related issues that they had plead and briefed or written about before and avoid duplication of efforts.

17.    Class Counsel recognized early that there was limited insurance coverage in light of the magnitude of potential losses to the Plan and the number of defense lawyers representing the multiple defendants in a case. The fact that the policy was a wasting policy, the serious financial problems at the company, including its receipt of a going concern opinion from its accountants, and the amount of litigation, investigations and administrative proceedings against the company all were factors that needed to be taken into account as risks of going forward in the ERISA litigation. Class Counsel were also aware of the death of Victor Hermelin, the founder of the company, and the absence from the country of alleged wrongdoer Marc Hermelin, who had moved to Israel.

18.    The named plaintiffs in the litigation also played an important role and should receive case contribution awards. Both plaintiffs provided us with necessary information and their time. Mr. Crocker, a long-term employee of KV, was present at and participated in the mediation.

19.    Class Counsel believe that they achieved superior results for the Class in this action given the state of the law, and the procedural posture of this litigation. Accordingly, based on the prevailing precedent in this and other Circuits, we respectfully request that the Court grant the application for fees and expenses.

Pursuant to 28 U.S.C. § 1746, I, Ellen M. Doyle, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Date: April 5, 2012

_____
Ellen M. Doyle

7

Pursuant to 28 U.S.C. § 1746, I, Robert I. Harwood, declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Date: April 5, 2012

_____
Robert I. Harwood