IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

HAROLD S. CROCKER, JR., and
ANNA BODNAR,

          Plaintiffs,

v.                                             Civil Action No. 4:09-cv-00198

KV PHARMACEUTICAL COMPANY,
et. al.,

          Defendants.

## ORDER AND FINAL JUDGMENT

On the 4th day of May, 2012 this Court held a hearing to determine (1) whether the terms and conditions of the Class Action Settlement Agreement (Doc. #154-1) fully executed May 31, 2011 ("the Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by all members of the Settlement Class against Defendants in the class action captioned *Crocker, et al. v. KV Pharmaceutical Company, et al.*, Civ. Action No. 4:09-cv-00198 ("the Class Action"), including the release of all Defendants from the Released Claims, and should be approved; (2) whether judgment should be entered dismissing the Complaint against Defendants with prejudice in favor of Defendants and as against all Settlement Class members; (3) whether to approve the proposed Plan of Allocation as a fair and equitable method to allocate the Settlement Fund among all Settlement Class members; (4) whether and in what amount to award Class Counsel fees and expenses; and (5) whether and in what amount to award each of the proposed Named Plaintiffs a Named Plaintiffs' Case Contribution Award in recognition of the time and effort they contributed while representing the members of the Settlement Class.

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons reasonably identifiable as Settlement Class members and that the Summary Notice approved by the Court was published on the Businesswire and a website maintained by a notice administrator; and the Court having considered and determined the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation, and the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all initial capitalized terms used herein having the meanings set forth in the Settlement Agreement,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to it, including all members of the Settlement Class.

2. The Court finds for the purposes of the Settlement only that the prerequisites for certification of this Action as a class action under Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied in that in this Action: (a) the number of Settlement Class members herein is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class herein; (c) the claims of the Class Representatives designated herein are typical of the claims of the Settlement Class sought to be represented; (d) the Class Representatives have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class herein. The Court also finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1),that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in

this Action or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of Settlement only, the Court hereby finally certifies this Action as a class action, with the Settlement Class being defined as follows:

> All participants of the KV Pharmaceutical Co. Fifth Restated Profit Sharing Plan and Trust (the "Plan") who were invested in Class A and/or Class B shares of common stock of KV Pharmaceutical Company in their individual accounts in the Plans at any time during the period starting on February 2, 2003 and ending on February 3, 2011, and as to each such Person, his, her, or its beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), and Successors-In-Interest, but excluding the Defendants.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court appoints Harold S. Crocker, Jr. and Anna Bodnar as Class Representatives in this Action. The Court appoints Stember Feinstein Doyle & Paine LLC and Harwood Feffer LLP as Class Counsel. The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel who seek to represent the Settlement Class in the Action have done sufficient work and are sufficiently experienced in ERISA class action litigation to represent the interests of the Settlement Class.

5. The Court determines that the Class Notice transmitted to the Settlement Class and the published Summary Notice provided pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein are the best notice practicable

under the circumstances and, in the form of the Class Notice, included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court determines that the Settlement Agreement has been negotiated vigorously and at arm's-length by Plaintiffs and their counsel on behalf of the Plans and the Settlement Class and further finds that, at all times, Named Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. If settlement of Named Plaintiffs' claims had not been achieved, both Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court further finds that the settlement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation PTE 2003-39, and is supported by a determination from an independent fiduciary that the settlement is appropriate for the Plans. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA §§ 406(a) or (b).

7. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action and in the best interests of the Settlement Class. The Court orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

8. The Court hereby finds that the Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members. A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation. Accordingly, the Court hereby approves the Plan of Allocation.

9. The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

10. The Court having certified the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class members shall be bound by the Settlement.

11. Effective upon the entry of this Order, the Plans, by and through the Independent Fiduciary retained pursuant to Section 2.5 of the Settlement Agreement, and by operation of this Order, both on the behalf of each Plan and on behalf of each Plan's participants who are members of the Settlement Class, have absolutely and unconditionally released and forever discharged each and all of the Releasees from Released Claims that each Plan directly, indirectly, derivatively, or in any other capacity ever had, now has, or hereafter may have. Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

12. Effective upon the entry of this Order, Named Plaintiffs and Settlement Class members have absolutely and unconditionally released and forever discharged the Releasees from Released Claims that Named Plaintiffs or the Settlement Class directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have. Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

13. Effective upon the entry of this Order, Defendants have absolutely and unconditionally released and forever discharged the Named Plaintiffs, the Plan, the Settlement Class and Class Counsel from any and all Claims relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that the release shall not include claims relating to the covenants or obligations set forth in the Settlement Agreement. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Named Plaintiffs, the Settlement Class, the Plan, and Class Counsel against the Releasees with respect to the Released Claims. Accordingly, Named Plaintiffs and Defendants shall not assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis. The Settling Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action. Except as expressly set forth in the Settlement Agreement, each party shall bear his, her or its own costs and expenses, including attorneys' fees.

14. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed in the manner provided in the Settlement Agreement and the Order of Preliminary Approval.

15. Effective upon the entry of this Order, Plaintiffs, the Plans, all Settlement Class members, are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims against any of the Releasees, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim,

defense, or otherwise, in any local, state, or federal court, or in any agency or other authority, tribunal, or forum wherever located.

16. The Settlement Agreement and this Final Order, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Released Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by Named Plaintiffs or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit. Absent written agreement of the parties, in the event the Settlement is reversed, vacated, or modified in any respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose. Nothing herein shall be deemed to preclude Defendants from contesting class certification for any other purpose.

17. The Settlement Agreement and the Final Order shall not be offered or received in evidence by any class member or party to this action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

18. The attorney fees sought by Class Counsel are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, attorneys' fees are

awarded in the amount of $825,000.00 (27.5% of the Settlement Fund) to be paid in accordance with the Settlement Agreement.

19.     The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly expenses are awarded in the amount of $34,691.21, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

20.     Plaintiffs Harold S. Crocker, Jr. is awarded $8,000.00 and Anna Bodnar is awarded $4,000.00 as a Named Plaintiff Case Contribution Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

21.     Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this 4th day of May, 2012.

_____
Hon. Carol E. Jackson
U.S. District Court Judge